EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TEAL PEAK CAPITAL, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>ALAN BRAM GOLDMAN,<br><br>  Defendant. | CIVIL NO. 20-1747 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This is a breach-of-contract action related to an option to purchase a property in Dorado, Puerto Rico. In essence, plaintiff alleges that it timely exercised the option to acquire the property but that defendant- the owner -negligently, willfully and in bad faith defaulted on his obligation to transfer title to the property (Docket No. 50, ¶¶ 1, 63). As a result, plaintiff seeks specific performance, damages, and costs and attorney's fees. Id. at p. 18. Defendant counters that the contract is void on account of deceit or *dolus* and that he was not at fault (Docket No. 18, p. 7). Further, he asserts that plaintiff's only remedy if defendant were found to have breached the contract is to recover the Option Fee, and requests that the action be dismissed on that basis (Docket No. 63).

Having carefully reviewed relevant authorities in light of the record, defendant's motion must be denied. As discussed below, plaintiff is entitled to the remedies identified in Clause 15 of the contract. This includes recovery of the Option Fee and specific performance. Nevertheless, because the clause qualifies as a penal clause, at the end of the day the court may adjust the remedy in equity.

I. **DISCUSSION**

Clause 15 of the *Option to Purchase Agreement* reads:

**Default by Seller: Remedies Purchaser**. In the event Seller, after exercise of the Option granted herein, fails to proceed with the closing of the sale of the Property pursuant to the terms and provisions contained herein, Purchase[r] shall be entitled to receive back the Option Fee and pursue any equitable remedies under law (Docket No. 1-1, ¶ 15).

For purposes of this ruling, the court assumes that plaintiff exercised the option and the defendant is in default. This brings the issue of remedy to the forefront. Plaintiff seeks specific performance and damages in the amount of $7,060,000, corresponding to the money it would have earned in rent and/or sale had it acquired title to the property in December 2020; $100,000 for the loss of use of the $800,000 it paid as Option Fee; and $200,000 in connection with the costs it incurred in the hiring of a notary, closing agent, preparation of closing documents and time consumed to bring the transaction to a fruitful conclusion (Docket No. 50, ¶¶ 96-98). Pursuant to Clause 15, however, the cure for the seller's default is recovery of the Option Fee and equitable remedies.

Plaintiff argues that this is not so, for in its view, Clause 15 does not state that those are the only remedies in the event of seller default, and the parties did not express that the purchaser was waiving all other rights under the law, much less stated that the purchaser was exonerating the seller (Docket No. 80, p. 6). Article 1077 of the Puerto Rico Civil Code of 1930 provides that the person prejudiced by a contractual breach may choose between exacting the fulfilment of the obligation or its rescission, "with indemnity for damages and payment of interest in either case." P.R. Laws Ann. tit. 31 P.R. § 3052. This is what plaintiff basically says it is entitled to in the absence of a waiver. But as the Puerto Rico Supreme Court pointed out in <u>Levitt and Sons of</u>

Puerto Rico, Inc. v. D.A.C.O., 105 D.P.R. 184, 5 P.R. Offic. Trans. 248 (1976), no agreement is necessary to rely on the orthodox formula set in the law. Id. at 192, n. 5; Offic. Trans. at 5, n. 5. And here, there is an agreement that explicitly identifies what plaintiff shall be entitled to in case of the seller's default.

This type of clause is known as a penal clause. See, Rochester Capital Leasing Corp. v. Williams Int. Ltd., 103 D.P.R. 163, 3 P.R. Offic. Trans. 226, 232 (1974)(classifying as penal clause contractual option for creditor to recover amount due and repossess property sold or leased). Penal clauses are valid in Puerto Rico. Id. at 233. Their two most important functions are to guarantee the performance of the obligation and to evaluate in advance the damages that may be caused to the creditor in the event of a breach. Id. at 234.

As to damages, the penal clause "substitute[s] indemnity for damages and the payment of interest in case of nonfulfillment, should there be no agreement to the contrary." P.R. Laws Ann. tit. 31, § 3131. That being so, the penal clause "eliminates all controversy" as to the amount to be paid in damages in the event of a contractual breach. F.D.I.C. v. Empresas Cerromonte Corp., 2013 WL 5346725, *13 (D.P.R. Sept. 23, 2013). They set the sum that the creditor may recover in damages under that circumstance. And that is what plaintiff bargained for, limiting the amount it could recover.

Shifting lenses, the defendant argues that Clause 15 does not consider specific performance (Docket no. 63, p. 8). Yet, Clause 15 provides that plaintiff shall be entitled to equitable remedies under law, and specific performance falls under that category. The concept of specific performance shares consanguinity with the permanent injunction, itself a creature of equity. See, Axia Netmedia Corporation v. Massachusetts Technology Park, 889 F.3d 1, 8 (1st Cir. 2018)(equating permanent injunction with order granting request for specific performance);

McDonald's Corp. v. Lebow Realty Tr., 888 F.2d 912, 913 (1st Cir. 1989)(request for permanent injunction ordering specific performance of option agreement); Bolin Farms v. American Cotton Ass'n, 370 F.Supp. 1353, 1369 (W.D. La. 1974)(noting that no bond can be required where specific performance has been ordered in the form of a permanent injunction).

That is why, as the Puerto Rico Supreme Court observed, "[a]n injunction to restrain a breach of a contract often operates to all intents and purposes as a decree for its specific performance." San Juan Racing & Sporting Club v. Foote, 31 P.R.R. 154, 158 (1922). It is true that an injunction cannot be granted to restrain a breach of a contract, compliance with which could not be compelled. Id. That limitation applies to obligations "to do" (in Spanish "hacer") but not to obligations to "give" (in Spanish "dar" or "entregar") or to "abstain" (in Spanish "no hacer"). Felix A. Rodríguez, Inc. v. Bristol-Myers Co., 281 F.Supp. 643, 646 (D.P.R. 1968). The obligation to sell or deliver real property carries an obligation to give. Id. And as such, it may be enforced by way of a permanent injunction mandating specific performance. See, In Re: Medical Educational and Health Services, Inc., 2015 WL 903346, **1, 4-5 (Bkcy. D.P.R. Feb, 27, 2015)(application for permanent injunction evaluated as one for specific performance and damages under Article 1077 of the Puerto Rico Civil Code).

Applying Clause 15 to the scenario under evaluation would entitle plaintiff to specific performance of the sale obligation at the agreed-upon price of $3,150,000, and to recover the $800,000 paid as Option Fee. Even though the result may seem harsh, it comes about with two components. First, penal clauses have a "coercive and punitive purpose." Rochester Capital Leasing Corp., 3 P.R. Offic. Trans. at 234-235. This *in terrorem* function exerts pressure on the debtor to comply with the obligation on the understanding that breach would be costly. Id. at 235. Second, penal clauses are subject to moderation "as a remedy in equity against the strictness or

excessive burden of the penal clause." In re Álvarez, 473 B.R. 853, 861 (BAP 1st Cir. 2012). Courts have broad but not unfettered discretion to moderate or mitigate that burden. Id. at 863. The debtor bears the burden of demonstrating lack of proportion between the breach and the penalty to justify the court's intervention. Id. Be that as it may, though, the case has not reached that point.

## II. CONCLUSION

The remedial aspects of the action are covered by Clause 15 of the *Option to Purchase Agreement*. The relief it provides for is subject to the principles discussed above. But a word of caution is in order. Penal clauses are "accessory" contractual stipulations. Levitt and Sons of Puerto Rico, Inc. 5 P.R. Offic. Trans. at 261. Their validity depends on the principal obligation not being "null and void," and its provisions not contravening public policy. Rochester Capital Leasing Corp., 3 P.R. Offic. Trans. at 235. Clause 15 does not run afoul of public policy. Still, defendant has challenged the principal obligation as being null and void. And that matter will be decided at trial. In light of all these considerations, the defendant's "Motion to Dismiss Plaintiff's Amended Complaint" (Docket No. 63) is DENIED.

SO ORDERED.

In San Juan, Puerto Rico, this 24th day of March, 2022.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE