# EXHIBIT 1

**From:** Alan Goldman
**To:** edgardo.cartagena@mbcdlaw.com
**Subject:** Fw: Talking points in case moving forward
**Date:** Saturday, April 1, 2023 9:20:49 AM
**Attachments:** image745024.png

---

**From:** Antonio A. Arias <Aaa@mcvpr.com>
**Sent:** Tuesday, June 8, 2021 4:47 PM
**To:** Alan Goldman <goldiefun@msn.com>
**Cc:** Patricia George-Iguina <pgi@mcvpr.com>; José Irizarry Castro <jic@mcvpr.com>
**Subject:** Talking points in case moving forward

Team: Patricia and I just briefed Mr. Goldman on the defense strategy moving forward mainly supported by careful review of both the option agreement and the draft escrow agreement attempting to contain the Kleis lawsuit from precluding the closing.

As per the pleadings and the oral presentation given to the court at last week's status conference the plaintiff Teal Peak sued because it allegedly validly exercised its right to purchase under the option agreement, the case was ready to close but the seller refused to close and therefore it seeks specific performance. As per the amended complaint Teal Peak in addition to specific performance seeks damages based on its speculation that had it purchased the property in December 2020 it would have been ready to be exploited as a rental property by April 2021 for at least $35,000 a month or sold for over $8,000,000.

On Thursday June 3rd we offered counsel for Teal Peak the return of the $800,000 deposit plus reimbursement of all true out of pocket expenses to make Teal Peak whole and part ways. On Monday June 7th, 2021 opposing counsel informed that his client rejected the offer but made no counteroffer. He did point out without any further discussion that his client wants the property.

Moving forward our litigation defense and counterclaim will be based on the following talking points:

First, the case was not ready for closing in December 2020.

Second, Mr. Goldman was not at fault for the case not being ready for closing in December.

Third, Mr. Goldman could not deliver clean title because real estate broker Kleis filed a bogus lawsuit for an unearned commission and registered a Lis Pendens lien on the property.

Fourth, even if Mr. Goldman could deliver clean title by the closing he had been deceived by the buyer through dolus vitiating the option agreement.

Fifth, even if the buyer where to show by a preponderance of the evidence that the case was ready to close and it was the seller's fault, the only remedy it is entitled under the option agreement is the return of the deposit AND (not "or") any other equitable remedies

under the law. That is not specific performance. Specific performance is not a remedy available to the buyer. End of discussion.

Furthermore, even if there was seller liability, which we dispute, all damages claims are not only illegal, they are all pure speculation.

The talking points are supported by the evidence in the case:
First, page 3 of the option agreement negotiated by the parties does not afford the buyer the contractual right to seek specific performance if the seller refuses to sell. The lawsuit has been filed under the illegal premise that the buyer can compel the seller to close on the sale. Buyer is wrong, seller can walk away and he need only return the cash deposit and pay real expenses. Patricia has ordered a legal research on how the courts have considered "other equitable remedies" to confirm reimbursement of expenses in addition to the returned deposit satisfies the legal threshold.

Second, the option agreement is silent on assignment of the rights of the buyer. The buyers in the option were JM and his spouse not Teal Peak. Seller never consented to an assignment and was never notified of an assignment. Suddenly, Teal Peak appears as the disgruntled buyer in the complaint. There is a total disconnect here.

Third, the disconnect gets worse. The draft stipulation for the buyer to secure the required title insurance to close is between JM and the title company, not between Teal Peak and the title company. The document was neither timely circulated nor discussed with Mr. Goldman who is an interested party. How so? Because the deal involves withholding from the purchase price the bogus and illicit commission of $31,500 sought by Kleis. Mr. Goldman would have never agreed to such a withholding. As we all know it took Mr. Goldman time and legal fees to have the meritless Kleis lawsuit dismissed and it shall require that dismissal to be final and unappealable for Mr. Goldman through his legal counsel to petition the Registrar to remove the Lis Pendens from the property. All at Mr. Goldman's expense.

Thus, in view of the above the case should develop as follows:

1. Mr. Goldman will answer the amended complaint making aggressive use of the talking points by June 11th.
2. Send the process server to Dorado Beach immediately.
3. Mr. Goldman will consign in court the $800,000 deposit in compliance with the letter of the option agreement.
4. We can petition the court for immediate mediation to settle the remainder of what the buyer is entitled to which is "equitable remedies" in our view, reimbursement of their out-of-pocket expenses and attorney's fees.
5. Should mediation fail, at the earliest available opportunity Mr. Goldman shall file a motion for summary judgment since the only remaining issue to be decided by the court is a legal issue which need not go to a jury.

**Antonio A. Arias** ◾ **Capital Member** ◾
Aaa@mcvpr.com



T (787) 250-5604  ■  M (787) 405-8672
270 Muñoz Rivera Ave. San Juan, Puerto Rico 00918

This e-mail and its attachment(s) may be privileged, confidential, and protected from disclosure. If you received this communication in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Unintended recipient(s) must immediately delete the e-mail and attachment(s), and notify the sender. The information contained in this communication and its attachments, including discussion of U.S. federal income, Puerto Rico income or other tax related matter, is limited to the statements specifically set forth herein, and such statements are intended for the sole use and benefit of our client and are not intended to be relied upon by any other person. The discussion of tax related matters was not intended or written to be used, and it cannot be used, for purposes of avoiding U.S. federal, Puerto Rico or local tax penalties.