## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

ALAN GOLDMAN,

     Plaintiff

        v.                                                                    CIVIL NO.:  24cv01136(SCC)

MCCONNELL VALDES, LLC.;
ANTONIO A. ARIAS-LARCADA, his wife
MRS. ARIAS, and the Conjugal Partnership
composed by them;
JOSE IRIZARRY-CASTRO;
JOHN DOE; MARY DOE
UNKNOWN INSURANCE COMPANY;

     Defendants

**MOTION REQUESTING PHYSICAL AND MENTAL EXAMINATION OF
PLAINTIFF UNDER FED.R.CIV.P. 35**

**TO THE HONORABLE COURT:**

     **NOW APPEAR** co-defendants Antonio Arias Larcada, his wife Maria Beale, and

the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through

their undersigned counsel, and very respectfully state and pray as follows:

     **I.**     **Introduction:**

     The case of caption involves allegations of legal malpractice, breach of contract and

unjust enrichment.  In essence, plaintiff Alan Goldman is suing the attorneys who defended

him in a breach of contract case brought by the buyer of a property he owned which he

refused to sell to despite having signed a sales agreement.  Mr. Goldman claims *inter alia*

that his former lawyers did not competently defend him because they allegedly failed to

assert that certain medical and psychological conditions which he was suffering in 2020 affected his ability to consent, thereby invalidating the contract he signed and subsequently failed to honor.  As a result of the alleged actions of the defendants, Mr. Goldman claims to have suffered damages, which include mental and emotional suffering.

Because Mr. Goldman's Amended Complaint contains allegations which place in controversy his mental and psychological state – both before and after he was represented by the defendants – it is very respectfully requested that the Court issue an Order pursuant to Fed.R.Civ.P. 35 such that he be required to submit to a mental and physical examination by Dr. José A. Franceschini on October 21 and 23, 2024, at 10 AM, at his offices located at Edificio Medico Santa Cruz, Calle Santa Cruz 73, Bayamon, Puerto Rico 00961.   Dr. Franceschini is a Board-Certified Psychiatrist who is evidently qualified to conduct such an examination.  See, Exhibit 1, Curriculum Vitae of Dr. José A. Franceschini.

**II.     The Verified Second Amended Complaint's Allegations:**

Mr. Goldman's Verified Second Amended Complaint contains various allegations concerning his mental and emotional state.  First, he alleges that the defendants herein failed to raise his alleged diminished capacity as a defense to the suit against him.  For example, in paragraph 30 he alleges that the defendants failed to raise his supposedly "declined mental abilities" in the Proposed Pretrial order: "In addition, Mr. Goldman's various medical conditions were alluded to, but no reference was made to Mr. Goldman's possible declined mental abilities, or to his possible mental state of confusion."  See, Dkt. # 27 at par. 30.  "No treating physicians were included in the witness list, no medical experts were announced, and no medical records were marked as exhibits or identifications."  Id.

Similarly, in paragraph 50, Mr. Goldman alleges that "[d]uring the relevant time, Mr. Goldman mentioned to his lawyers from McConnell Valdés, including Mr. Arias, that Mr. Goldman may be suffering some diminished mental capacity, due to Mr. Goldman's repeated transient ischemic attacks ("TIA"), seizures and health conditions, that may have caused Mr. Goldman to be confused, disoriented and with limited cognitive capability." Dkt. #27 at par. 50. He further claims that "[a]lthough McConnell Valdés' lawyers, including Mr. Arias, were informed that Mr. Goldman's ability to make some intelligent decisions may be compromised, McConnell Valdes' lawyers, Mr. Arias, did not make any efforts to obtain or review Mr., Goldman's medical records, including any of Mr. Goldman's psychiatric evaluations." Id., par. 51. There are similar allegations sprinkled throughout the Verified Second Amended Complaint. See, Dkt. # 27 at pars. 52, 53, 56, 81, 87.

In addition, Mr. Goldman's Verified Second Amended Complaint claims that he suffered damages for "mental and emotional suffering", allegedly as a result of the defendants' actions and omissions. See, e.g., Dkt. # 27 at paragraphs 96, 97, 114, 121, 125, 128 and prayer for relief.

In sum, the plaintiff has placed his own mental and physical condition in controversy through the allegations of the Verified Second Amended Complaint, and the defendants are therefore entitled to have him examined by a competent medical professional to attempt to confirm the veracity of his claims.

## III.    Applicable Law:

Rule 35 of the Federal Rules of Civil Procedure provides as follows:

(a) ORDER FOR AN EXAMINATION.

(1) *In General.* The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) *Motion and Notice; Contents of the Order.* The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

(b) EXAMINER'S REPORT.

(1) *Request by the Party or Person Examined.* The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition. The request may be made by the party against whom the examination order was issued or by the person examined.

(2) *Contents.* The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests.

(3) *Request by the Moving Party.* After delivering the reports, the party who moved for the examination may request—and is entitled to receive—from the party against whom the examination order was issued like reports of all earlier or later examinations of the same condition. But those reports need not be delivered by the party with custody or control of the person examined if the party shows that it could not obtain them.

(4) *Waiver of Privilege.* By requesting and obtaining the examiner's report, or by deposing the examiner, the party examined waives any privilege it may have—in that action or any other action involving the same controversy—concerning testimony about all examinations of the same condition.

(5) *Failure to Deliver a Report.* The court on motion may order—on just terms—that a party deliver the report of an examination. If the report is not provided, the court may exclude the examiner's testimony at trial.

(6) *Scope.* This subdivision (b) applies also to an examination made by the parties' agreement, unless the agreement states otherwise. This subdivision does not preclude obtaining an examiner's report or deposing an examiner under other rules.

**WHEREFORE**, it is very respectfully requested that the Honorable Court issue an Order Because pursuant to Fed.R.Civ.P. 35 such that plaintiff Alan Goldman be required to submit to a mental and physical examination by Dr. José A. Franceschini on October 21 and 23, 2024, at 10 AM, at his offices located at Edificio Medico Santa Cruz, Calle Santa Cruz 73, Bayamon, Puerto Rico 00961.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 27th day of August, 2024.

**I HEREBY CERTIFY** that on this 27th day of August, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
USDC-PR No.: 204706
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail:  sanjuanm@microjuris.com