# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>  Plaintiff<br><br>  v.<br><br>MCCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, his wife<br>MRS. ARIAS, and the Conjugal Partnership<br>composed by them;<br>JOSE IRIZARRY-CASTRO;<br>JOHN DOE; MARY DOE<br>UNKNOWN INSURANCE COMPANY;<br><br>  Defendants | CIVIL NO.: 24cv01136(SCC) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION REQUESTING RELIEF (DKT. NO. 47)

**TO THE HONORABLE COURT:**

**NOW APPEAR** co-defendants Antonio Arias Larcada, his wife Maria Beale, and the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through their undersigned counsel, and very respectfully state and pray as follows:

**I.  Introduction:**

The case of caption involves allegations of legal malpractice, breach of contract and unjust enrichment.  In essence, plaintiff Alan Goldman, a resident of Vermont, is suing the attorneys who defended him in a breach of contract case brought by the buyer of a property he owned in Puerto Rico.  Mr. Goldman claims *inter alia* that his former lawyers did not competently defend him because they allegedly failed to assert that certain medical

and psychological conditions which he was suffering in 2020 affected his ability to consent, thereby invalidating the contract he signed and subsequently failed to honor. As a result of the alleged actions of the defendants, Mr. Goldman claims to have suffered damages, which include mental and emotional suffering.

Because Mr. Goldman's Amended Complaint contains allegations which place in controversy his mental and psychological state, on August 27, 2024, the appearing defendants filed a Motion (Dkt. No. 34) pursuant to Fed.R.Civ.P. 35 requesting that he be ordered to submit to a mental and physical examination by Dr. José A. Franceschini, a local psychiatrist. Mr. Goldman did not oppose the defendants' Motion, and on September 18, 2024, the Court granted it, ordering the plaintiff to "submit to a mental and physical examination" at Dr. Franceschini's office on October 21 and 23, 2024. Dkt. No. 45.

Two weeks after the Court granted defendants' Motion, on October 1, 2024, plaintiff's counsel emailed the undersigned advising that his client "will not be able to travel to San Juan for the examination" ordered by the Court. Ten days later, on October 10, 2024, the plaintiff filed a "Motion Requesting Relief" (Dkt. No. 47), wherein he asked the Court to set aside or modify its prior Order, alleging that he was unable to travel to Puerto Rico for the examination due to unspecified medical conditions.

For the reasons set forth below, the appearing defendants respectfully oppose the plaintiff's "Motion Requesting Relief" and request that it be denied.

**II.    Argument:**

The plaintiff's untimely "Motion Requesting Relief" goes against the well-settled rule that a plaintiff whose physical or mental condition is at issue must travel to his chosen forum for a medical examination by the defendant's expert. More importantly,

the plaintiff's Motion is unsupported by sufficient evidence to allow the reasonable conclusion that travel to Puerto Rico for the examination ordered by the Court would be an undue hardship for him. Accordingly, it should be denied.

The plaintiff's Motion is untimely because he did not in any way oppose the appearing defendants' request for a Rule 35 examination when it was originally made a month and a half ago, on August 27, 2024. If the plaintiff felt that travel to Puerto Rico for the requested mental and physical examination would pose an undue hardship for him, he should have said so from the beginning. The Court allowed him more than sufficient time to file any opposition and did not issue its Order until twenty-three (23) days after the original filing, on September 18, 2024. The plaintiff waited an additional two weeks after the Court's Order was issued to file his "Motion Requesting Relief", a mere eleven (11) days before the scheduled examination. Mr. Goldman's Motion makes no attempt to excuse or explain his failure to timely raise the alleged health conditions which supposedly prevent him from complying with the Court's Order.

Moreover, Mr. Goldman's Motion fails to articulate any basis why the Court should disregard the general rule that a plaintiff must undergo examination in the district where he has chosen to file his complaint. Most courts require the plaintiff to submit to an examination by a physician selected by the defendant if it is held in the venue where the plaintiff chose to file the action. See, 71 A.L.R.2d 973, 980; Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 107 (E.D. N.C. 1993); Rainey v. Wal-Mart Stores, Inc., 139 F.R.D. 94, 95 (N.D. Tex. 1991); Landry v. Green Bay & Western R.R. Co., 121 F.R.D. 400, 401 (E.D. Wis. 1988); Baird v. Quality Foods, 47 F.R.D. 212, 213 (E.D. La. 1969); see also, Warren v. Weber & Heidenthaler, Inc., 134 F.Supp. 524 (D.Mass. 1955);

Pierce v. Brovig, 16 F.R.D. 569 (S.D.N.Y. 1954); Gale v. National Transp. Corp., 7 F.R.D. 237 (S.D.N.Y. 1946).  The present case should be no exception to the rule.  Mr. Goldman chose to file his complaint in this district, and he must therefore appear in this district for examination, deposition and trial.

Most significantly, however, the plaintiff's Motion must be denied because he fails to provide any detail whatsoever as to why travel to Puerto Rico would constitute an undue hardship for him.  The electronically signed letter dated October 10, 2024, by Amy E. Renner, NP (not a physician but rather a "Nurse Practitioner") is wholly insufficient.  Ms. Renner provides a "medical opinion" (which, as a Nurse Practitioner, she is arguably not qualified to give) to the effect that Mr. Goldman "should not travel out of the country due to multiple medical concerns."  Yet her letter is utterly devoid of any factual detail regarding such "medical concerns", nor does it contain any description whatsoever of any medical condition suffered by Mr. Goldman or any specific explanation as to how it might affect his ability to travel "out of the country".  Even if Ms. Renner were qualified to opine as to these matters, the Court is not required to accept opinion evidence "that is connected to existing data only by the *ipse dixit* of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).  Because Ms. Renner's letter does not place the Court in a position to determine that Mr. Goldman's medical status would pose an undue hardship for him to travel from Vermont to Puerto Rico, his "Motion Requesting Relief" must be denied.

Mr. Goldman's alternative request for modification of this Court's Order is similarly unacceptable.   In his Motion, Mr. Goldman's counsel states that his client "is willing to pay for any traveling time and travelling expenses if Defendants' expert, Dr.

Franceschini is willing to travel to Vermont and perform Plaintiff, Alan Goldman's physical and mental examination at Mr. Goldman's residence." Respectfully, neither Dr. Franceschini nor the appearing defendants are willing to enter into such an arrangement, particularly given that Mr. Goldman has a history of payment disputes, with his real estate broker, with his contractors, and with co-defendant McConnell Valdés, to which he owes fees and expenses which are the subject of a counterclaim in this case.

In sum, the plaintiff's eleventh-hour "Motion Requesting Relief" is untimely, unsupported by evidence, and contrary to established precedent. For all of these reasons, it should be denied.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 16th day of October, 2024.

**I HEREBY CERTIFY** that on this 16th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
USDC-PR No.: 204706
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail:  sanjuanm@microjuris.com