IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| | * | |
| Plaintiff | * | |
| | * | |
| V | * | |
| | * | |
| McCONNELL VALDES, LLC; | * | |
| ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| | * | |
| Defendants | * | |

PLAINTIFF, ALAN GOLDMAN'S SECOND MOTION REQUESTING RELIEF FROM COURT ORDER REGARDING PLAINTIFF'S PHYSICAL AND MENTAL EXAMINATION (D.E. 45)

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Alan Goldman, by and through his undersigned counsel Francisco M. López-Romo, and respectfully States and Prays as follows:

1. <u>Introduction</u>:

Plaintiff, Alan B. Goldman, is a 66-year-old cancer survivor who has been burdened with significant chronic medical conditions, and who is now facing an unreasonable and wholly unwarranted demand made by Defendants, forcing him to submit to an in-person Rule 35 medical examination in San Juan, Puerto Rico. This demand flagrantly disregards Mr. Goldman's severe health risks and imposes an undue physical and emotional burden while contradicting the intended scope and purpose of F.R.Civ.P. Rule 35. Such a request, unnecessarily invasive and unsupported by relevance, should have been denied outright. Alternatively, since this Honorable Court has already deemed such an examination to be warranted, Plaintiff, Mr. Goldman respectfully requests that said Order be modified, so that

Alan Goldman v. McConnell Valdés, LLC, et al / 24cv01136
Plaintiff, Alan Goldman's Second Motion Requesting Relief from Court Order
Regarding Plaintiff's Physical and Mental Examination (D.E. 45)

Plaintiff's mental and/or physical examination be performed in Vermont, where Plaintiff can retain access to his critical medical support system without exposing his vulnerable immune system to the detrimental effects of extended public travel, as documented in Exhibit A.

2. <u>Health and Safety Concerns</u>:

Plaintiff, Goldman's extensive health history, including consultations with Dr. Benjamin Flinn and several other specialists from June through October 2024, underscores his medically compromised state, marked by immune sensitivity and heightened susceptibility to airborne pathogens (see Exhibit A). Traveling from Vermont to Puerto Rico would expose him to prolonged public transit environments, directly violating medical advisories and jeopardizing his precarious health status. This forced translocation would necessitate multiple flights and involve crowded, confined spaces, thereby contravening Mr. Goldman's medically certified need to avoid exposure to infectious environments. Fed. R.Civ.P. Rule 35 examinations are intended to be minimally intrusive; now forcing Mr. Goldman to embark on this hazardous journey disregards the Rule's spirit and intent, recklessly endangering his well-being.

3. <u>Redundancy of Medical Documentation Already Provided</u>:

Plaintiff, Mr. Goldman has already provided to Defendants with Plaintiff's exhaustive medical records, reflecting numerous encounters and treatments spanning multiple visits (as detailed in Exhibit A). These records encompass all pertinent medical details, from cancer histories and PSA screenings to recent evaluations for cognitive impairments and cardiovascular assessments. Fed. R.Civ.P. Rule 35 does not support duplicative examinations

Alan Goldman v. McConnell Valdés, LLC, et al / 24cv01136
Plaintiff, Alan Goldman's Second Motion Requesting Relief from Court Order
Regarding Plaintiff's Physical and Mental Examination (D.E. 45)

when a party has already furnished extensive, detailed medical records that fully satisfy Defendants' informational needs. As such, any additional examination is patently unnecessary, imposing an undue burden that exceeds Fed. R.Civ.P. Rule's permissible scope.

4. <u>Absence of Controversy Surrounding Physical Condition</u>:

In this litigation, Plaintiff, Mr. Goldman's physical health is not under legitimate dispute. Fed. R.Civ.P. Rule 35 mandates that a party's condition be demonstrably "in controversy" to justify a medical examination. Here, no such controversy exists, rendering the requested examination irrelevant to the case's substantive claims and defenses. Given the voluminous medical records already provided (see Exhibit A), this additional request is devoid of any meaningful purpose and appears designed solely to harass and intimidate, thus overstepping Fed. R.Civ.P. Rule 35's allowable bounds.

5. <u>Severe Psychological and Emotional Distress</u>:

Plaintiff, Mr. Goldman suffers from considerable psychological stress related to extensive travel, especially to Puerto Rico, where he has heightened fears of exposure to infectious diseases. Fed. R.Civ.P. Rule 35 examinations are not intended to expose parties to undue emotional strain when alternative, less intrusive means of examination exist. The potential for exacerbated anxiety and unnecessary psychological trauma is especially unwarranted, particularly, in view of the complete set of medical records already in Defendants' possession (Please see Exhibit A), further undermining the fairness and proportionality Rule 35 requires.

Alan Goldman v. McConnell Valdés, LLC, et al / 24cv01136
Plaintiff, Alan Goldman's Second Motion Requesting Relief from Court Order
Regarding Plaintiff's Physical and Mental Examination (D.E. 45)

6. <u>Venue Concerns</u>:

Requiring Plaintiff, Mr. Goldman to attend an examination over 2,000 miles from his home introduces a hostile environment intended to exploit his vulnerability, contravening both Fed. R.Civ.P. Rule 35's principles of equity and the fundamental tenets of fair judicial process.

7. <u>Potential Health Risks</u>:

Requiring Plaintiff, Mr. Goldman to undergo a medical examination in Puerto Rico, introduces serious and considerable health risks. Sadly, the plausibility exists that Mr. Goldman will have the need for an emergency hospital visit. It is evident that Defendants have spread appointments out over several days, beginning early in the morning on a Monday, necessitating weekend travel and extended stay in Puerto Rico demonstrating a clearly invasive exam, where substantial medical records already exist. Moreover, due to Mr. Goldman's ongoing and complex medical complications, as well as his continuous need for medical appointments, the stress of extensive travel for what should be a straightforward, non-invasive examination raises substantial and immediate health concerns. The proposed week-long stay in Puerto Rico presents a very real risk to Mr. Goldman's life, exacerbating the impact on his already vulnerable health. This requirement imposes an unreasonable and unjustifiable burden, placing Mr. Goldman in a situation where the stress and conditions of travel could trigger a medical crisis, further underscoring the inadequacy and inappropriateness of this demand.

Alan Goldman v. McConnell Valdés, LLC, et al / 24cv01136
Plaintiff, Alan Goldman's Second Motion Requesting Relief from Court Order
Regarding Plaintiff's Physical and Mental Examination (D.E. 45)

8. <u>Disruption to Business Obligations and Financial Burden</u>:

As a high-level executive responsible for substantial real estate operations, Mr. Goldman's absence due to extended travel would significantly disrupt his business. Given his crucial role in managing a multi-million-dollar firm, time-sensitive projects, and government meetings, an extended examination in Puerto Rico threatens considerable financial repercussions, potentially costing his firm significant opportunities. Fed. R. Civ. P. Rule 35 should not be wielded to impair a party's professional commitments, particularly when alternative, less intrusive examination methods exist within close proximity to Plaintiff's home.

9. <u>Evidence of Harassing Intent</u>:

Defendants demand for an out-of-state examination, despite the overwhelming lack of relevance and clear alternatives, signals a punitive intent. The request appears solely as an attempt to harass and inflict distress upon Mr. Goldman. Fed. R. Civ.P. Rule 35 explicitly precludes examinations used for intimidation or harassment purposes; the baseless nature of this request, combined with its geographic barrier, flagrantly violates this standard, exemplifying a misuse of the Rule for hostile ends.

10. <u>Availability of Less Intrusive Alternatives</u>:

Modern medical practice offers telemedicine as a viable, non-intrusive alternative for any remaining examination needs. Alternatively, if a physical examination is necessary, it should be conducted in Vermont, where Plaintiff's extensive network of medical providers

Alan Goldman v. McConnell Valdés, LLC, et al / 24cv01136
Plaintiff, Alan Goldman's Second Motion Requesting Relief from Court Order
Regarding Plaintiff's Physical and Mental Examination (D.E. 45)

(referenced in Exhibit A) can ensure continuity of care and support, minimizing unnecessary health, psychological, and financial risks to Plaintiff, Mr. Goldman.

11. <u>Conclusion</u>:

The demand for Plaintiff, Mr. Goldman's in-person Fed. R.Civ.P. Rule 35 examination in Puerto Rico is an egregious overreach—excessive, unnecessary, and punitive in nature. Given Plaintiff, Mr. Goldman's well-documented health concerns, the extensive documentation provided (see Exhibit A), and the psychological distress associated with this demand, the proposed examination constitutes an unconscionable violation of Mr. Goldman's rights. Subjecting him to the physical, emotional, and financial hardship of distant travel is a fundamentally unjust request, which should be denied by the Court.

WHEREFORE, Plaintiff Alan Goldman respectfully urges this Honorable Court to reconsider its previous Order, since it would enforce an unwarranted demand for an in-person examination in Puerto Rico, without recognizing the extensive medical records already supplied to Defendants, and the court may take into consideration other viable alternative methods for examination that would respect Mr. Goldman's health, rights, and dignity.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on this 4th day of November 2024.

Alan Goldman v. McConnell Valdés, LLC, et al / 24cv01136
Plaintiff, Alan Goldman's Second Motion Requesting Relief from Court Order
Regarding Plaintiff's Physical and Mental Examination (D.E. 45)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of November 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314

PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com