IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| Plaintiff | * | |
| V | * | |
| McCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| Defendants | * | |

PLAINTIFF'S RESPONSE TO "DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION REQUESTING RELIEF (DKT. NO. 47)" (D.E. 49)

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Alan B. Goldman, through his undersigned counsel, and respectfully states and prays as follows, regarding the role and authority of Nurse Practitioners (NPs) in Vermont and the New England States:

1. **Background**: On October 10, 2024, Plaintiff filed a "Motion Requesting Relief" (D.E. 47), seeking partial relief only from the Court's Order (D.E. 45) due to medical advice, that was confirmed in writing on October 10, 2024, against Plaintiff being ordered to travel to Puerto Rico for any examinations, which can otherwise take place anytime at his place of residence or via telemedicine and/or telemetry.

2. **Defendants' Opposition**: In their opposition, Defendants challenged the sufficiency of a medical certification provided by Nurse Practitioner (NP) Amy E. Renner, questioning her qualifications to offer a medical opinion and the lack of detailed medical information in her letter. Defendants alleged that "Mrs. Renner provides a "medical opinion (which as a Nurse Practitioner, she is arguably not qualified to give) …" (Please see: Document 49, at page 4).

Alan Goldman v. McConnell Valdes, LLC, et al
Case No.: 24cv01136
Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief

3. **Authority of Nurse Practitioners in Vermont and New England**:

    a. **Full Practice Authority**: In Vermont and across all six New England states, NPs are granted full practice authority, enabling them to operate independently **without physician supervision**. This includes evaluating patients, diagnosing conditions, interpreting diagnostic tests, and initiating treatment plans autonomously. https://www.aanp.org/advocacy/vermont.

    b. **Primary Care Providers**: This autonomy allows NPs to serve as primary care providers, particularly in underserved areas, enhancing access to comprehensive healthcare services. Their training emphasizes holistic approaches that consider environmental and community factors, especially beneficial in rural New England. https://www.aanp.org/advocacy/state/state-practice-environment.

    c. **Patient Preference and Care Approach**: Residents of New England often prefer consulting with NPs or Physician Assistants (PAs) due to their focus on whole-body care compared to the specialized approach of medical doctors (MDs). Studies have shown high patient satisfaction with NP-provided care, appreciating their thorough and personalized approach. https://www.nursingoutlook.org/article/S0029-6554%2819%2930076-4/fulltext.

    d. **Prescriptive Authority**: In Vermont, NPs hold the same prescriptive authority as physicians, enabling them to prescribe medications, including controlled substances, without additional oversight. This demonstrates clinical trust in NPs, who are considered equal healthcare professionals to doctors.

Alan Goldman v. McConnell Valdes, LLC, et al
Case No.: 24cv01136
Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief

> https://nursejournal.org/articles/nurse-practitioner-prescriptive-authority-by-state/.

e. **Educational Parity**: NPs possess advanced graduate studies and patient-focused experience, similar to the residency programs of MDs. Aside from their professional designation, there is little difference in the education and training between NPs and MDs.  https://nurse.org/education/np-md-difference/.

f. **Enhanced Access to Quality Care**: The integration of NPs within Vermont and New England's healthcare system improves access to quality care, particularly in underserved rural areas, reflecting their vital role in meeting diverse healthcare needs.

4. **National Recognition and Legislative Support**:

    a. **National Academy of Medicine Recommendations**: The National Academy of Medicine has advocated for removing practice barriers for NPs, leading to legislative reforms in various states, including those in New England.  The statement refers to the National Academy of Medicine's (NAM) report titled "The Future of Nursing 2020-2030: Charting a Path to Achieve Health Equity." In this report, NAM recommends that all organizations, including state and federal entities, enable nurses to practice to the full extent of their education and training by removing barriers that prevent them from more fully addressing social needs and social determinants of health, thereby improving healthcare access, quality, and value.   https://nam.edu/publications/the-future-of-nursing-2020-2030/.

Alan Goldman v. McConnell Valdes, LLC, et al
Case No.: 24cv01136
Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief

b. **Massachusetts' Full Practice Authority**: In January 2021, Massachusetts granted NPs full practice authority, underscoring the recognition of their independence and competence, it is not only a Vermont statute, Massachusetts, whose capital Boston, is the seat of the first circuit to which this honorable Court the US District of Puerto Rico is a member, also recognizes the independence of Nurse Practitioners, specifically: "In January 2021, the Commonwealth of Massachusetts granted nurse practitioners (NPs) full practice authority (FPA)." is from the article *"Massachusetts Expands Access to Nurse Practitioner Care" published by the National Nurse-Led Care Consortium on January 5, 2021*.

c. **National Governors Association Statement**: In 2012, the National Governors Association states: *"Some states have successfully adopted portions of the APRN Consensus Model, but to date, only five states—Montana, New Mexico, North Dakota, Utah, and Vermont—have achieved full implementation."* National Council of State Boards of Nursing (NCSBN), "APRN Maps: NCSBN's APRN Campaign for Consensus: State Progress Toward Uniformity Consensus Model Implementation Status," updated June 2012. Available at: (accessed Nov. 29, 2012).

d. **U.S. Department of Veterans Affairs Policy**: Since 2016, the U.S. The Department of Veterans Affairs has granted full practice authority to NPs, reflecting federal recognition of their capabilities. https://news.va.gov/press-room/va-grants-full-practice-authority-to-advance-practice-registered-nurses/.

Alan Goldman v. McConnell Valdes, LLC, et al
Case No.: 24cv01136
Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief

e. American International Group (AIG) recognizes and includes nurse practitioners (NPs) within its network of healthcare providers. Patients seeking medical care can find NPs who accept AIG insurance through platforms like Zocdoc, which lists verified NPs available for appointments. https://www.zocdoc.com/nurse-practitioners/aig-291m This inclusion reflects AIG's acknowledgment of NPs' essential role in delivering comprehensive healthcare services.

f. Insurance providers operating in Vermont, including American International Group (AIG), align their policies with state regulations. Therefore, AIG's insurance products in Vermont are expected to recognize and reimburse NPs as primary care providers, consistent with Vermont's full practice authority for NPs. Since AIG Insurance Company Puerto Rico, is a member company of AIG International, the fact AIG has attorneys deliberately joining motions which are factually inaccurate and defamatory towards the Full Practice Authority of Nurse Practitioners begs the Courts to question the legitimacy of AIG's commitment.

5. The defendant's assertion regarding case precedents involving Nurse Practitioners (NPs) does not align with the substantial body of case law that recognizes NPs as equivalent healthcare providers to medical doctors. Notable precedents include:

a. **Sermchief v. Gonzales**, 660 S.W.2d 683 (Mo. 1983): The Missouri Supreme Court acknowledged NPs' authority to deliver primary care services, establishing a precedent for their integral role in healthcare delivery.

Alan Goldman v. McConnell Valdes, LLC, et al
Case No.: 24cv01136
Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief

  b. <u>Peterson v. Norwalk Hospital</u>, 652 A.2d 806 (Conn. 1994): The Connecticut Supreme Court determined that NPs are subject to the same standard of care as physicians in malpractice cases, affirming their responsibility in providing primary care.

  c. <u>Rogers v. Okin</u>, 478 F. Supp. 1342 (D. Mass. 1979): This case involved NPs delivering care in psychiatric settings. The court recognized the legitimacy of NPs performing duties traditionally associated with physicians, reflecting their expanded role in patient care.

  d. <u>Houghton v. Department of Health</u>, 965 A.2d 128 (Vt. 2008): The Vermont Supreme Court upheld NPs' authority to prescribe medications independently, reinforcing their status as primary care providers.

6. These cases collectively affirm the recognition of Nurse Practitioners as primary care providers, holding them to standards comparable to those of physicians. Plaintiff Goldman has also detailed his current health status by providing the defense with bate-stamped pages 1 – 388 of medical records that confirm Plaintiff's current and quite serious medical issues, which are available to the Court if so ordered.

WHEREFORE, Plaintiff respectfully requests from this Honorable Court to:

1. Take notice of the information presented herein-above regarding the role and authority of Nurse Practitioners.

2. Deny Defendants' assertions concerning Nurse Practitioners.

3. Grant to Plaintiff appropriate relief.

Alan Goldman v. McConnell Valdes, LLC, et al
Case No.: 24cv01136
Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief

page **6** of **7**

Alan Goldman v. McConnell Valdes, LLC, et al
Case No.: 24cv01136
Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief

RESPECTFULLY REQUESTED.

In Miami, Florida, on this 12th day of November 2024.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of November 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

s/Francisco M. López-Romo
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314

PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com