UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| ALAN GOLDMAN, | |
|---|---|
| Plaintiff | Civil No.: 24-1136 (SCC) |
| v. | |
| MCCONNELL VALDES, LLC et al., | |
| Defendants | |

**RESPONSE TO MOTIONS PLAINTIFF'S MOTION UNDER SEAL AT DOCKET 63 AND SECOND MOTION REQUESTING RELIEF AT DOCKET 57**

TO THE HONORABLE COURT:

COME NOW defendants Sompo International Insurance Company and Endurance American Specialty Insurance Company, through their undersigned attorneys, and respectfully respond to plaintiff's second motion at docket 57 (and supplement its response to plaintiff's first motion at docket 47) asking the court to "reconsider its previous order" [at docket 45], for the reasons stated below:

**Introduction**

Plaintiff's motions at dockets 47 and 57 essentially ask the court to revise its Order at docket 45, and in essence amount to motions to reconsider. Indeed, the prayer of the motion at docket 57 specifically asks the court "reconsider its previous order." Both motions should therefore be treated as motions to reconsider.

**The Standard Applicable to a Motion to Reconsider**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in *haec verba*. *TMTV, Corp. v. Mass Productions, Inc.*, 853 F.Supp.2d 208, 211 (D.P.R. 2012), citing *Lavespere v. Niagara Mach. & Tool Works Inc.,* 910 F.2d 167, 173 (5th Cir.1990), cert.

denied 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131, abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 (5th Cir.1994). Motions to reconsider are usually decided under either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). *See In re Spittler*, 831 F.2d 22, 24 (1st Cir.1987); *Fisher v. Kadant, Inc.,* 589 F.3d 505, 512 (1st Cir.2009) (noting that plaintiff's motion for reconsideration implicated either Rule 59(e) or 60(b)). A motion to reconsider is analyzed as a Rule 59(e) or Rule 60(b) motion based upon when it is filed. *Perez–Perez v. Popular Leasing Rental, Inc.,* 993 F.2d 281, 284 (1st Cir.1993). "If a motion is served within [twenty-eight]5 days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e)." *Id*. Motions served after the twenty-eight days are considered under Rule 60(b). *Id.*

Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. Standard *Quimica de Venezuela v. Central Hispano International, Inc.,* 189 F.R.D. 202, n. 4 (D.P.R., 1999). A successful Rule 59(e) motion requires that a party "clearly establish a manifest error of law or [ ] present newly discovered evidence." *TMTV, Corp.,* 853 F.Supp.2d at 211, citing *Markel Am. Ins. Co. v. Diaz–Santiago,* 674 F.3d 21, 32 (1st Cir.2012). **A motion to reconsider must not "raise arguments which could, and should, have been made before judgment [was] issued."** *Villanueva–Mendez v. Nieves Vazquez*, 360 F.Supp.2d 320, 322 (2005), citing *Fed. Deposit Ins. Corp. v. World Univ., Inc.,* 978 F.2d 10, 16 (1st Cir.1992) (internal quotations omitted).

**Argument**

On August 27, 2024, defendants moved for an order to direct plaintiff to appear at a psychiatric evaluation to be conducted by Dr. Jose Franceschini. See docket 44. Per Local Rule

2

7, any opposition was due on September 10, 2024. **Plaintiffs filed no opposition.** On September 11, 2024, defendants asked the motion be granted as unopposed. See docket 44. Another week passed with no response from plaintiff, so on September 18, 2024, the Court granted defendants' motion. See docket 45. On October 10, 2024, **three weeks after the court issued its order**, plaintiffs requested relief from the order, and on November 4, 2024, filed a second motion to reconsider.

Plaintiffs' motions fail under FRCP Rule 59(e). To begin with, none of the motions "clearly establish a manifest error of law or [ ] present newly discovered evidence." Neither motion even addresses the Rule 59(e) standard, and plaintiffs' most recent motion at docket 63 further arguing to set aside the Order fails to put forth any argument that raise arguments which "could, and should, have been made" before the order was issued. Moreover, since defendants their motion at docket 44 over two and a half months ago, plaintiff has failed to substantiate their claims with a physician statement; the only evidence presented was a one sentence statement signed by a nurse practitioner, which does not even bear a medical record number (and therefore does not appear to be a part of a medical record). See docket 47-2. Moreover, the one sentence statement merely references in a vague manner "multiple medical concerns", so even if the Court were to take the statement at face value, it necessarily fails.

On a last note, plaintiff's motion at docket 63, which fails to substantiate in any way plaintiff's allegations of "weakened immune system," "exacerbation of symptoms," or "medical advice," together with plaintiff's motions at docket 47 and 57, seem to argue that plaintiff will never travel to Puerto Rico. In that case then the complaint should be dismissed outright based on plaintiff's anticipated failure to prosecute. Plaintiff willingly filed suit in Puerto Rico, and cannot now purport to evade the forum.

WHEREFORE, codefendants Sompo International Insurance Company and Endurance American Specialty Insurance Company respectfully request that this Honorable Court deny Plaintiff's Motion at Docket 47, 57 and 63, and order plaintiff to appear in Puerto Rico for a deposition and psychiatric IME, or face dismissal of his action.

In San Juan, Puerto Rico, this 15th day of November of 2024.

I HEREBY CERTIFY that on this same date, I uploaded a pdf version of this document to the Court's CM/ECF system, which will send notification of such filing to all parties, through their counsel of record.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 223-2364
Fax: (787) 425-4731