IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN<br><br>    Plaintiff<br><br>v.<br><br>MCCONNELL VALDES, LLC<br>ANTONIO A. ARIAS-LACARDA, his wife<br>MARIA BEALE, and the Conjugal<br>Partnership composed by them; JOHN DOE;<br>MARY DOE; SOMPO INTERNATIONAL<br>INSURANCE COMPANY; ENDURANCE<br>AMERICAN SPECIALTY INSURANCE<br>COMPANY; AIG INSURANCE COMPANY-<br>PUERTO RICO<br><br>    Defendants | Civil Action No.: 24-01136 (SCC) |

**RESPONSE TO PLAINTIFF'S SECOND MOTION REQUESTING RELIEF FROM COURT ORDER (DOCKET 57)**

TO THE HONORABLE COURT:

COMES NOW the co-defendant, AIG Insurance Company – Puerto Rico ("AIG"), through the undersigned attorney, and respectfully opposes Plaintiff's Second Motion Requesting Relief from Court Order (Docket 57).

Pursuant to an Order issued by this Court on September 18th, 2024, the Plaintiff was required to submit to a mental and physical examination to be performed by Dr. José A. Franceschini on October 21 and 23, 2024, at Dr. Franceschini's office in Bayamón, Puerto Rico (Docket 45). Over three weeks after the entry of the Order, Plaintiff filed a Motion Requesting Relief (Docket 47), whereby it sought to evade the Court-ordered examination in Bayamón, Puerto Rico, by submitting a "medical certification" that is dated October 10, 2024, that appears to have

been electronically signed by Nurse Practitioner, Amy E. Renner,[1] and that makes no effort to explain the opinion that Mr. Goldman "should not travel out of the country due to multiple medical concerns." (Docket 47-2). The Defendants opposed said Motion (Dockets 49, 50 and 51), since Plaintiff's request for the order for the medical examination in Bayamón, Puerto Rico to be set aside or modified was devoid of proper basis and support.

Even though his request was unfounded and the order for the medical examination to take place in Bayamón, Puerto Rico, was still in effect, Plaintiff failed to appear at the same (Docket 55). Plaintiff then filed another Motion Requesting Relief (Docket 57), and again, sought to be relieved from the Court-ordered examination in Bayamón, Puerto Rico. This time, the only support provided for his request was a document prepared by Plaintiff titled "Chronological Order of Dates and Notes for Patient Alan B. Goldman" (Docket 57-1). But this document is still insufficient. It does not even reference a "medical advisory" against Mr. Goldman's travel to Puerto Rico or a "medically certified need to avoid exposure to infectious environments."

A week later, and without leave from the Court, Plaintiff filed reply to the Defendants' opposition at docket 49 (Docket 62) that also failed to include any medical evidence to support Plaintiff's request. On that same date, Plaintiff filed a motion under seal to "supplement" the reply (Docket 63) that further fails to include any medical evidence to support Plaintiff's request.

The general rule is that a plaintiff must travel to the forum where the action is brought and has the burden to show that he/she cannot. *Costanza v. Monty*, 50 F.R.D. 75, 76 (E.D. Wis. 1970); *Prado v. County of Siskiyou*, Civil No. 08-1835 (GEB-CMK), 2009 WL 1657537, *2 (E.D. California). Due to the lack of specific evidence, Plaintiff has not made a sufficient showing of his

---

[1] The certification does not state the date and time of the electronic signature, nor does it contain any indication that it is part of a medical record.

inability to travel for the Court-ordered medical examination in Bayamón, Puerto Rico. *See, e.g., Prado* at \*2 (concluding that a doctor's declaration that the plaintiff's travel to California affected her "medical condition" was insufficient because it did "not provide any specifics as to the medical conditions, treatment, or need to remain in Wyoming due to her medical conditions and treatment.) Therefore, Plaintiff's requests for the order to be set aside or modified should be denied.

WHEREFORE, defendant AIG Insurance Company – Puerto Rico respectfully requests that this Honorable Court denies Plaintiff's Motions at Docket 47 and 57, together with such further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 15th day of November of 2024.

IT IS HEREBY CERTIFIED that on this date, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have filed appearances in this case.

**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**
166 Ave. De La Constitución
San Juan, Puerto Rico 00901
Tel.: (787) 289-9250
Fax: (787) 289-9253

**s/** *Xaymara Colón González*
Xaymara Colón-González, Esq.
USDC-PR No.: 231405
E-mail: xcolon@scvrlaw.com