IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| | * | |
| Plaintiff | * | |
| | * | |
| V | * | |
| | * | |
| McCONNELL VALDES, LLC; | * | |
| ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S REPLY TO DEFENDANTS SOMPO INTERNATIONAL INSURANCE COMPANY AND ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S "RESPONSE TO MOTIONS [SIC] PLAINTIFF'S MOTION UNDER SEAL AT DOCKET 63 AND SECOND MOTION REQUESTING RELIEF AT DOCKET 57" [D.E. 65]**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Alan B. Goldman, through his undersigned counsel, and respectfully submits his reply to the Defendants' response to document 65 as follows:

### I. Introduction

Defendants contend that Plaintiff's motions to reconsider the Court's Order at Docket 45 are procedurally improper and lack substantive merit. Plaintiff Goldman asserts that the motions are justified based on significant health concerns, his business affairs which are critical to the Capital of Vermont and the availability of less intrusive alternatives to an in-person psychiatric evaluation in Puerto Rico, especially where more than 250 pages of detailed medical records exist.

## II. Procedural Background

- **August 27, 2024:** Defendants filed a motion requesting Plaintiff Goldman to undergo a psychiatric evaluation by Dr. José Franceschini in Puerto Rico (Docket 44).

- **September 18, 2024:** The Court granted Defendants' unopposed motion (Docket 45).

- **October 10, 2024:** Plaintiff Goldman filed a motion seeking relief from the Court's Order (Docket 47).

- **November 4, 2024:** Plaintiff Goldman filed a second motion requesting reconsideration of the Court's Order (Docket 57).

- **November 15, 2024:** Defendant Sompo International (an Insurance Company) filed an opposition to Plaintiff's motions (Docket 65).

## III. Legal Standard for Motions to Reconsider

While the Federal Rules of Civil Procedure do not explicitly provide for motions to reconsider, courts typically evaluate such motions under Rule 59(e) or Rule 60(b), depending on the timing and nature of the request. A Rule 59(e) motion is appropriate when filed within 28 days of the judgment and requires the movant to demonstrate a manifest error of law or present newly discovered evidence. Rule 60(b) provides relief from a judgment or order for reasons including mistakes, inadvertence, surprise, excusable neglect, or any other reason justifying relief.

## IV. Argument

1. **Plaintiff has previously exhaustively provided detailed medical records, providing evidence of serious Health Concerns and Medical Evidence**

    Plaintiff has provided medical documentation indicating severe health conditions that contraindicate travel to Puerto Rico for an in-person psychiatric evaluation. These conditions include:

    - **Severe Immune Sensitivity:** Plaintiff's compromised immune system increases susceptibility to infections, making travel hazardous.
    - **Recurrent Transient Ischemic Attacks (TIAs):** These episodes pose significant health risks, particularly during travel.
    - **Type 2 Diabetes:** Management of this condition requires consistent medical oversight, which could be disrupted by travel.
    - **Cervical Stenosis and Spondylosis:** These spinal conditions could be exacerbated by the physical demands of travel.
    - **History of Bladder Cancer and Elevated PSA Levels:** Ongoing medical monitoring is essential, and travel could impede necessary care.
    - **Single Kidney Function:** With only one functioning kidney, Plaintiff is at increased risk during travel due to limited physiological reserves.

2. The medical evidence provided substantiates that travel poses a significant health risk to Plaintiff, justifying reconsideration of the Court's Order.

3. **Availability of Less Intrusive Alternatives -** The American Psychiatric Association acknowledges that telepsychiatry is a viable tool for evaluations when in-person meetings are impractical or hazardous. Given Plaintiff's health conditions, a remote psychiatric evaluation would mitigate health risks while allowing Defendants to obtain the information they seek.

4. **Plaintiff's Willingness to Participate –** Plaintiff Goldman is not refusing to undergo a psychiatric evaluation but requests that it be conducted remotely to avoid life-threatening travel. This approach balances the need for discovery with Plaintiff's health and safety.

5. <u>**Plaintiffs business interests affect a US Capital City**</u> - Plaintiff Goldman is a sole proprietor owning the largest single land holdings in a US Capital City, the Capital of Vermont, his holdings also place him as the largest developer of housing in the Capital City of Montpelier, which faces one of the most severe acute housing shortages in the Nation. The Plaintiff is currently in the throes of the once in 7-year review and readoption with edits of the Capital's Master Plan, the fate of the Capital's budget and bylaws rests upon completion of this Master Plan timely by December 23rd, 2024. Historically the number of daily and weekly meetings require the City and developers like Mr. Goldman to work right up to the day it is due, sometimes down to the very hour before the deadline. Plaintiff Goldman has been involved in every Master Plan since its beginning, in 1990. Plaintiff Goldman is one of the primary authors of the controlling 2010 Master Plan which includes the

growth center designation accepted by the US Federal Government. Both of Mr. Goldman's major land holdings in the Capital City are the primary private developable lands to meet the acute housing crisis. In fact, the Governor is involved in the removal of the Act 250 regulations in the City's downtown growth center, encompassing all of Plaintiff's holdings, this removal of regulations is the first time since 1970, as this a State Emergency to address the acute housing shortage, in fact allowing for virtually unlimited development for low-income housing defined by HUD.

6. **Defendants' Allegations of Non-Compliance -** Defendants' assertion that Plaintiff's current inability to travel to Puerto Rico—due to immune sensitivity, medical advice, and pressing governmental obligations—equates to an unwillingness to prosecute this case is both unfounded and patently false. Plaintiff Goldman has consistently demonstrated a commitment to the litigation process and seeks only to modify the method of evaluation to safeguard his health and business interests, which are crucial to the welfare of Montpelier, Vermont, the U.S. capital city he serves. Plaintiff Goldman's dedication to public service mirrors his family's longstanding commitment to the people of Puerto Rico since 1962. For decades, the Plaintiff's family was one of the largest employers in the "corazón" (heart) of Puerto Rico, providing employment to well over a thousand Puerto Rican citizens. The Goldman family has been instrumental in building a library in Dorado, which was used as a model to build libraries throughout Puerto Rico and the

Caribbean. The Goldman family has made substantial contributions of time and resources to benefit the citizens of Puerto Rico. Plaintiff personally maintains close family and professional ties with officials in Puerto Rico.

7. Plaintiff Goldman is eager to prosecute this legal malpractice case, which has adversely affected him personally, his business interests, his family, and the people of Puerto Rico. While the venue for filing this legal malpractice complaint against the defendants was not of his choice, Plaintiff Goldman asserts his right to justice and upholds the right of the people of Puerto Rico to public justice as well.

## V. Conclusion

Plaintiff Alan Goldman respectfully requests that the Court reconsider its Order at Docket 45 considering the substantial health risks associated with travel and the availability of less intrusive alternatives. Conducting the psychiatric evaluation remotely would protect Plaintiff Goldman's health while preserving Defendants' right to discovery.

**WHEREFORE**, Plaintiff Alan Goldman prays that this Honorable Court grant the relief requested and permit the psychiatric evaluation to be conducted remotely. And for all other relief the Court warrants given the repeated patently false claims by the defendants, especially in the filing by Sompo International who unfairly against the interests of substantial justice seeks to deny Plaintiff Goldman and the people of Puerto Rico access to justice in a matter of grave public concern, regarding the legal malpractice committed by the defendants. To clear and set the record, Plaintiff Goldman asserts he is willing and

plans to be in Puerto Rico for an indefinite stay, as the Court deems necessary for trial and to resolve this legal malpractice case.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 15th day of November 2024.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of November 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314

PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com