# IN THE UNITED STATES COURT
# FOR THE DISTRICT OF PUERTO RICO

<u>MINUTE OF PROCEEDINGS:</u>

SILVIA L. CARRENO-COLL, U.S. DISTRICT JUDGE

| | |
|---|---|
| COURTROOM DEPUTY: María Elena Pintado-Espiet | Date: November 15, 2024 |
| COURT REPORTER: Tracy Binder | **Civil Case: 24-1136 (SCC)** |

===========================================================================

| | Attorneys |
|---|---|
| Alan Goldman | Francisco M. López-Romo |
| v. | |
| McConnell Valdes, LLC<br>Antonio Arias-Larcada<br>Maria Beale | Manuel San Juan-DeMartino |
| Endurance American Specialty Insurance Company<br>Sompo International | Francisco E. Colón-Ramírez |
| AIG Insurance Company Puerto Rico | Xaymara Colón-González |

---

## CASE CALLED FOR A MOTION HEARING

A Hearing on Motion was held on November 15, 2024, by Video Tele-Conference. The following attorneys were present: Atty. Francisco M. López Romo on behalf of Plaintiff Alan Godman; on behalf of Co-defendants Antonio A. Arias-Larcada and Maria Beale

was Atty. Manuel San-Juan DeMartino; on behalf of Co-defendant Sompo International was Atty. Francisco E. Colón-Ramírez and on behalf of Co-defendant AIG Insurance Company Puerto Rico was Atty. Xaymara Colón González.

The Court explained that the Motion Hearing was scheduled to address the pending motions concerning the Court ordered physical and mental examination of the Plaintiff.

Atty. López Romo began by stating that he did not foresee the need to file a change of venue motion at this time because he understands that Plaintiff's medical conditions, including a recent Lyme disease diagnosis, will improve. However, he maintained that the Plaintiff was currently precluded from traveling to Puerto Rico to undergo the Court ordered examination and so Dr. José Franceschini should either travel to Vermont to perform the examination or do so via the telemedicine platform.

Atty. San Juan reiterated that the examination should be performed in Puerto Rico, as ordered by the Court, because (1) Plaintiff has a history of noncompliance with his payment obligations so even if he is offering to cover Dr. Franceschini's travel fees and expenses, there is no real assurance that he will do so; (2) Dr. Franceschini is not authorized to practice medicine in the state of Vermont and (3) Plaintiff, at Docket No. 68, ultimately concedes that he will be able to travel to Puerto Rico for trial. At bottom, Atty. San Juan understands that Plaintiff has prioritized certain business ventures in Vermont over his compliance with the Court ordered examination.

Atty. Colon-Ramirez agreed that Dr. Franceschini should not perform the medical examination in Vermont. He also noted that none of the conditions that Plaintiff claims he is currently suffering from are permanent or untreatable.

Time set: 2:00 PM
Start time: 2:27 PM
End time: 3:13 PM

After hearing the parties' arguments, the Court determined that the medical examination will not be performed in Vermont. Accordingly, the Court will stay this case for **sixty (60) days**. The Court understands that at that point, the parties will be in a better position to move forward with this case. Once the **sixty (60) days** elapse, the case will be referred to a Magistrate Judge for an Initial Scheduling Conference, at which point, the Magistrate Judge will set all relevant deadlines, including the deadline for Dr. Franceschini to conduct the medical examination. Further, the Court granted Plaintiff's request to answer interrogatories at Docket No. 58. However, since this case will be stayed for **sixty (60) days**, Plaintiff may opt to either submit his answers by **December 4, 2024,** or do so once the stay is lifted.

In San Juan, Puerto Rico, this 15th day of November 2024.

s/ María Elena Pintado Espiet
COURTROOM DEPUTY