IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| | * | |
| Plaintiff | * | |
| | * | |
| V | * | |
| | * | |
| McCONNELL VALDES, LLC; | * | |
| ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S MOTION TO REQUEST AN ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS' COUNTERCLAIM'S SECOND AND THIRD CAUSES OF ACTION, ALLEGING "DEFAMATION" & "ABUSE OF PROCESS" [DOCUMENT 14]**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Alan B. Goldman, through his undersigned counsel, and respectfully submits his motion to request an order of dismissal with prejudice of Defendants McConnell Valdés, LLC, Antonio A. Arias Larcada and María Beale's Counterclaim's Second and Third Causes of Action [Document 14] as follows:

**I. Introduction**

Plaintiff and counter-defendant Goldman respectfully moves this Honorable Court to enter an order of dismissal with prejudice of Defendants and counter-plaintiffs Arias' and Beale's and McConnell's allegations and claims of "defamation" and "abuse of

process". These claims arise from Goldman's written statement that <u>*"He is lying"*</u> in response to Arias' assertion of having verbally communicated a critical court order to Goldman, despite Arias not been able to provide any document to Goldman of said critical court order. This claim for defamation is asserted only on Goldman's Verified Amended Complaint's Exhibit 5, that consists of a photocopy of an email transmission that was sent by Goldman to Goldman's undersigned legal counsel, as the result of attorney-client communications.

## II. Factual Background

Goldman alleges **legal malpractice** against Arias and McConnell & Valdés, asserting that they failed to provide Goldman with a copy of Court's Order dated March 24, 2022, denying a motion to dismiss. Goldman also alleged a series of wholly inadequate legal representations that resulted in the loss of Goldman's family home in Dorado Beach, Puerto Rico. Arias has admitted the absence of any email transmission attaching to that court's Order, by acknowledging in writing that: *"We have not been able to locate an email attaching March 24th, 2022's order denying the motion to dismiss", although* Arias claims that court order was discussed during *"frequent and extended telephone conferences"* that were held by Arias and Goldman. During his attorney-client privileged communications, Goldman forwarded Arias'

email transmission and Goldman stated to his undersigned counsel: *"He is lying,",* as if to challenge the veracity of Arias' assertion of any such verbal communication. This email was included in the Verified Complaint as its "Exhibit 5" and consists of a photocopy of said email communication. Yet, it is matter of fact, that said "Exhibit 5" is not searchable and cannot be indexed either, by any search engines or by any legal research sites, such as "Court Listener". This email transmission was sent and was received by and between this client and his attorney, and its inclusion as an exhibit is covered under an absolute privilege, more so since this same email transmission was never published to any third party.

### III. Legal Standard

To establish defamation under Puerto Rico law, a plaintiff must demonstrate:

1. A false and defamatory statement concerning another;

2. An unprivileged publication to a third party;

3. Fault amounting to at least negligence on the part of the publisher; and

4. Either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

See Villanueva v. Hernández Class, 128 D.P.R. 618 (1991).

Alan Goldman v. McConnell Valdés, LLC, et al / Case No.: 24cv01136
Plaintiff's Motion Requesting an Order of Dismissal with Prejudice Counterclaim [Document 14]

## IV. Argument

A. <u>The Statement Constitutes Non-Actionable Opinion</u>

Goldman's statement, "*He is lying,*" reflects his subjective belief regarding Arias' claim of Arias' alleged verbal communication regarding said court order. This statement was made by Goldman using the English word "LYING" as a verb, "in action". Notwithstanding the parsing of its use as a verb, it was uttered by Goldman to demonstrate the writer's opinion of an action by Arias. Presumably, Arias is claiming that "lying" is in some incongruous way, acting as if a noun (gerund) referring to the act of Arias telling falsehoods. This subjective communication from Goldman was sent to Goldman's current legal counsel, Francisco M. López-Romo, ahead of the forwarded communication that Goldman had received from Arias, that was addressed to Goldman and to his brother Mark. This email transmission was made by Goldman to demonstrate that Goldman's opinion is that Arias "was lying", that being one of the reasons why Goldman is now seeking legal recourse against Arias. Expressions of an opinion, particularly those concerning a party's credibility in the context of ongoing litigation, are generally not actionable as defamation. <u>Torres Silva v. El Mundo, Inc.</u>, 106 D.P.R. 415 (1977).

B. <u>The Statement Is Protected by the Doctrines of Qualified and Absolute Privileges</u>

Communications that are made during any judicial proceedings are afforded certain qualified privileges, provided these communications are pertinent and are made in good faith. Goldman's statement was made within the context of a legal malpractice claim, directly addressing Arias' conduct. As such, it falls within the scope of privileged communications. <u>Segarra Jiménez v. Banco Popular, Inc.</u>, *421 F. Supp. 2d 452 (D.P.R. 2006)*.

On the other hand, the doctrine of absolute privilege serves as a fundamental safeguard in any legal proceedings, ensuring that participants can communicate freely without fear of defamation claims. This absolute privilege is rooted in the necessity for open discourse within the judicial system and to promote adequate administration of justice.

**Judicial Interpretations of Absolute Privilege**

Courts have consistently upheld and, in some instances, expanded the scope of absolute privilege to reinforce their public policy objectives:

- In <u>Johnson v. Johnson & Bell, Ltd.</u>, 2014 IL App (1st) 122677, the Illinois Appellate Court applied absolute privilege to claims of negligent infliction of emotional

distress and of breach of contract, recognizing the need for unrestrained communication in legal contexts.

- In <u>Atkinson v. Affronti</u>, 369 Ill. App. 3d 828, 833 (1st Dist. 2006) that court extended this privilege to pre-litigation communications with any potential adversaries, acknowledging that such interactions are integral to the litigation process.

- In <u>Golden v. Mullen</u>, 295 Ill. App. 3d 865, 872 (1st Dist. 1997), the court protected statements that formed the basis of a false light claim, as they were factually identical to defamation claims and occurred within the scope of that judicial proceeding.

- The Seventh Circuit, in <u>Scheib v. Grant</u>, 22 F.3d 149 (7th Cir. 1994), recognized an absolute privilege as a defense against claims of eavesdropping violations emphasizing the importance of uninhibited communication during litigation.

- In <u>Loigman v. Township Committee of the Township of Middletown</u>, 889 A.2d 426, 439 (N.J. 2006), the New Jersey Supreme Court applied the privilege to defenses against sequestration motions in administrative proceedings, underscoring its applicability beyond traditional courtrooms.

- The Indiana Court of Appeals, in <u>Miller v. Reinert</u>, 839 N.E.2d 731 (Ind. Ct. App. 2005), held that statements made in appellate briefs are protected by absolute privilege, as they are essential to the appellate process.

- The First Circuit, in <u>Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP</u>, 175 F.3d 14 (1st Cir. 1999), affirmed that statements in a complaint that allegedly defamed a nonparty **<u>were protected, provided they were not "palpably irrelevant" to the litigation.</u>**

**Ethical Foundations in the Rules of Professional Conduct**

The American Bar Association's (ABA) Model Rules of Professional Conduct delineate the ethical boundaries within which attorneys must operate, balancing zealous advocacy with fairness and integrity:

- **Zealous Advocacy:** The Preamble to the ABA Model Rules emphasizes that, as advocates, lawyers must "zealously assert the client's position under the rules of the adversary system."

- **Diligence:** ABA Model Rule 1.3 mandates that a lawyer "shall act with reasonable diligence and promptness in representing a client," with Comment 1 highlighting the necessity for "commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf."

- **Fairness to Opposing Parties:** ABA Model Rule 3.4 outlines the requirement for fairness to opposing parties and counsel, prohibiting actions that obstruct another party's access to evidence or that violate legal rules.

- **Truthfulness in Statements:** ABA Model Rule 4.1 requires lawyers to be truthful in statements to others, forbidding false statements of material fact or law.

- **Respect for Rights of Third Persons:** ABA Model Rule 4.4 directs lawyers to respect the rights of third persons, avoiding actions that have no substantial purpose other than to embarrass, delay, or burden a third person.

These ethical guidelines delineate the scope of absolute privilege, ensuring that while attorneys advocate zealously for their clients, they do so within the bounds of fairness, truthfulness, and respect for the rights of others.  Absolute privilege is a cornerstone of the legal system, facilitating candid communication, essential for justice. Judicial interpretations and ethical standards collectively define and uphold this privilege, ensuring that it serves its intended purpose without overreach.

### C. Lack of Publication to a Third Party

For a defamation claim to succeed, there must be an un-privileged publication to a third party. Goldman's statement was made within the confines of the attorney-client relationship and as part of this judicial process, without dissemination to any unrelated

third parties.  An exhibit that is buried amongst thirteen additional exhibits that consist of a total of twenty-eight pages of exhibits, and that was referenced in a complaint alleging legal malpractice, that is forty-two pages long, does not constitute "publication" to any third party as defined by law.  In fact, the "Exhibit 5" in question was submitted as a scanned representation of the email communication, even further obscuring any potential dissemination of the subjective opinion rendered by Goldman to his attorney, that was covered under Goldman's rights to communicate Goldman's opinion regarding Arias' behavior and actions.  Absent such publication to a third party, this defamation claim cannot stand as a matter of law.

### D.  The litigation is devoid of any evidence of Abuse of Process

In the case of Adams v. Whitman, 62 Mass. App. Ct. 850 (2005), the court emphasized that to establish an abuse of process claim, **there must be evidence of an ulterior motive and a misuse of the process for a purpose other than that for which it was designed**. Similarly, in Kodsi v. Branch Banking & Trust Co., No. 15-CV-81053, 2017 WL 10434489 (S.D. Fla. May 31, 2017), the court held that merely filing a complaint, even if alleged to be based on false statements, does not constitute any abuse of process without evidence of an improper purpose beyond the litigation itself.

In the case before us, Arias' counterclaim alleges that Goldman filed the Second Verified Amended Complaint with the single and allegedly false and defamatory statement of "He's Lying" to harass and intimidate Arias. However, Arias fails to provide specific facts demonstrating that Goldman was using this legal process for any ulterior purpose outside the scope of this litigation. That mere assertion, and that filing of the complaint with alleged falsehood, without more, is insufficient to sustain an abuse of process claim.

Based on the lack of any specific factual allegations supporting the essential elements of an abuse of process claim, and in line with the cases and precedents set forth in *Adams* and *Kodsi*, the Third Cause of Action for Abuse of Process should also be dismissed. Please see: https://casetext.com/case/kodsi-v-branch-banking-trust-co]

### V. Conclusion

Goldman's statement, *"He is lying,"* constitutes a non-actionable opinion that was made by Goldman within the context of Goldman's privileged communications.

Exhibit 5 was filed with this court and is a photocopy of an email communication that was sent by Goldman during these judicial proceedings and without any unprivileged publication to any third party. Accordingly, Goldman respectfully requests from this Honorable Court to order the dismissal with prejudice of Arias' and Beale's

and McConnell's Second Cause of Action-defamation claims and of Arias' and Beale's and McConnell's Third Cause of Action-abuse of process claims.

**WHEREFORE**, Plaintiff Alan Goldman respectfully requests from this Honorable Court to take notice of this motion and enter an order dismissing with prejudice Defendants McConnell, Arias and Beale's counterclaim, with any other remedy that this Court deems to be just and proper.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 15th day of January 2025.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of January 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314

PO Box 331823
Coconut Grove, Florida  33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com