# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>    Plaintiff<br><br>v.<br><br>MCCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, his wife<br>MRS. ARIAS, and the Conjugal Partnership<br>composed by them;<br>JOSE IRIZARRY-CASTRO;<br>JOHN DOE; MARY DOE<br>UNKNOWN INSURANCE COMPANY;<br><br>    Defendants | CIVIL NO.: 24cv01136(SCC) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**TO THE HONORABLE COURT:**

**NOW APPEAR** co-defendants Antonio Arias Larcada, his wife Maria Beale, and the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through their undersigned counsel, and very respectfully state and pray as follows:

**I.    Introduction:**

In the present case, Plaintiff Alan Goldman is suing the attorneys who previously defended him in a breach of contract case (Teal Peak Capital, LLC v. Alan Bram Goldman, Civil No. 3:20-cv-1747 (PAD), hereinafter the "Teal Peak lawsuit") brought by the buyer of a property he owned in Puerto Rico, which Mr. Goldman refused to sell for the contractually agreed upon price. Mr. Goldman claims that when he signed the sales

contract he was suffering from some diminished mental capacity, and that, had the defendants made this the lynchpin of his defense, the outcome of the case would have somehow changed. Although his Verified Amended Complaint conveniently omits any mention of it, after dismissing his former attorneys (the defendants herein), Mr. Goldman settled the Teal Peak lawsuit by selling the property for $650,000 more than he had originally agreed to. In an attempt to avoid paying fees he owed to McConnell Valdés, Mr. Goldman then turned around and filed the present case, claiming that his former lawyers had committed legal malpractice and overcharged him.

The defendants have denied liability and have filed a counterclaim for the fees owed, which also includes a cause of action for defamation and another for abuse of process. Defendant Antonio Arias, the McConnell Valdés partner who represented Mr. Goldman in the Teal Peak lawsuit, alleges that Plaintiff defamed him by publicly submitting a document to the Court wherein he flatly states that Arias "is lying" about having discussed with him a certain court order. The Counterclaim also alleges that Mr. Goldman's lawsuit contains a number of additional false and defamatory allegations, and that it was filed without a legitimate legal and/or factual basis, for an improper purpose, that is, to harass, intimidate, and oppress the defendants and/or to avoid payment of the legal fees owed. As such, the defendants allege that the filing of the Verified Amended Complaint "manifestly exceeded the normal limits of the exercise of legal rights and therefore constituted an abuse of the legal process" as defined by Article 18 of the Civil Code of Puerto Rico of 2020 (31 L.P.R.A. Sec. 5337).

Mr. Goldman has now filed a Motion to Dismiss the counterclaim's causes of action for defamation and abuse of process (Dkt. No. 74), claiming that they fail to state an

actionable claim. As more fully set forth below, the Plaintiff's Motion to Dismiss should be denied as to the cause of action for abuse of process. Because the Plaintiff's defamatory statement is arguably protected by some sort of immunity, however, the appearing parties acquiesce to its dismissal, without prejudice.

**II.     Standard for Motion to Dismiss:**

In evaluating a Motion to Dismiss under Fed.R.Civ.P. 12(6)(b), courts employ a two-pronged approach based on the "plausible" standard articulated by the U.S. Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under this approach, a court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause of action elements." Schatz v. Republican State Leadership Committee, 669 F.3d 55 (1st Cir. 2012). Next, the Court must take the Complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief. Id. Gauging a pleaded situation's plausibility is a "context-specific job" that compels a court to "draw upon [its] judicial experience and common sense." Id. (quoting Iqbal, 129 S.Ct. at 1949, 1950).

Further, in considering a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), the complaint "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Ocasio Hernández v. Fortuño Burset, 640 F.3d 1, 14-15 (1st Cir. 2011) (quoting Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). The First Circuit explained in Ocasio that the "make or break standard" for determining whether a complaint states a claim is whether "the combined allegations, taken as true … state a plausible, not merely conceivable, case for relief." Id. at 12 (internal

quotations omitted). Thus, a plaintiff need not allege every single fact that supports her claim in her complaint. Id. at 13. "In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Id. at 12.

**III. Argument:**

**A. Defamation:**

The plaintiff claims that the defamation allegations should be dismissed as a matter of law because his statement that defendant Arias "is lying" was a statement of opinion made within a judicial proceeding, and thus non-actionable. Although the statement is, in the defendants' view, a factual statement rather than opinion, and was arguably made outside this judicial proceeding, out of an abundance of caution, defendant Antonio Arias concedes that it may be protected by some sort of immunity and therefore acquiesces to the dismissal of his defamation claim, without prejudice.[1]

**B. Abuse of Process:**

The plaintiff seeks dismissal of the counterclaim's cause of action for abuse of process, which seeks damages pursuant to Article 18 of the Civil Code of Puerto Rico of 2020. At the outset, it should be noted that Article 18 is relatively new and has not yet been interpreted by the Supreme Court of Puerto Rico. Citing caselaw from other jurisdictions, however, the Plaintiff claims that the abuse of process pleadings in the counterclaim are inadequate because there is supposedly no allegation of an "ulterior motive and a misuse of the process for a purpose other than that for which it was designed." See, Motion to Dismiss at p. 9. The Plaintiff is wrong.

---

[1] The dismissal should be **without prejudice** because of the possibility that the Plaintiff's defamatory statement may have also been disseminated outside of these proceedings, in which case, it would not be protected by any privilege.

The Counterclaim specifically alleges that the Plaintiff has abused the legal process by filing his Verified Amended Complaint "based in whole or in part on false and defamatory allegations, without a legitimate legal and/or factual basis, and **for an improper purpose**, that is, to harass, intimidate, and oppress the defendants and/or to avoid payment of fees and expenses owed to McConnell Valdés." Counterclaim at par. 78 (emphasis added). As such, it is alleged that the filing of the Verified Amended Complaint "manifestly exceeded the normal limits of the exercise of legal rights" and therefore constitutes an abuse of the legal process, under Article 18 of the Civil Code of Puerto Rico (31 L.P.R.A. Sec. 5337). Id. Thus, the Counterclaim for abuse of process makes clear that the Plaintiff has not only sued the defendants based on false and misleading allegations, but with an ulterior, illegitimate motive, i.e., to harass and intimidate them and to avoid paying their legal fees.

These general allegations are supplemented by specific, factual allegations as to the false and misleading statements contained in the Verified Amended Complaint and the Plaintiff's collateral purpose in making them. An explanation ensues.

Mr. Goldman's lawsuit claims that he has been damaged because codefendants Antonio Arias and McConnell Valdés failed to adequately represent him in the underlying Teal Peak lawsuit, wherein he was sued for breach of contract by the buyer of one of his properties. Although Mr. Goldman signed a contract to sell the property for $3,150,000, and received an $800,000 deposit from the buyer, he then disappeared and refused to close the deal, resulting in the filing of the Teal Peak lawsuit against him. Mr. Arias and McConnell Valdés represented him zealously until they were abruptly fired by Mr. Goldman in March of 2023, shortly before the scheduled trial of the case.

Mr. Goldman claims in his lawsuit that Mr. Arias and McConnel Valdés committed legal malpractice by failing to defend him based on the notion that he was suffering from a diminished mental capacity when he signed the sales contract, thereby vitiating his consent. But according to the counterclaim, Mr. Goldman repeatedly indicated to his counsel, Mr. Arias, that he was of sound mind at the time he agreed to sell his property in Puerto Rico, and that he freely agreed to the purchase price of $3,150,000 because he needed to liquidate his only available and unencumbered property quickly (and use the $800,000 deposit paid directly to him by Teal Peak) to avoid a default on a separate business venture in Vermont that he was involved in. Counterclaim at par. 15. Thus, the defendants contend in their counterclaim that the factual basis for Mr. Goldman's claim of "legal malpractice" is false, and intentionally so.

Further, Mr. Goldman knowingly and conveniently omits any mention in his Verified Amended Complaint of the fact that he failed to fully pay McConnell for its services, and that a few months after firing them he settled the Teal Peak litigation by selling the property for $650,000 more than he had originally agreed to. He claims, falsely, that the fees and expenses charged by McConnell Valdés were "unnecessary" and accuses the firm of "unjust enrichment". He also alleges falsely that Mr. Arias lied about having verbally discussed the denial of a Motion to Dismiss with him, and that he was induced by Mr. Arias to spend $242,900 on totally unnecessary repairs and maintenance of the Property.

More importantly, the Counterclaim specifically alleges that Mr. Goldman has made these false and misleading claims for an illegitimate, ulterior purpose, that is to

"harass, intimidate, and oppress the defendants and/or to avoid payment of fees and expenses owed to McConnell Valdés." This is classic abuse of process.

Courts in this district have previously examined abuse of process claims brought under Article 1802 of the former Puerto Rico Civil Code, the general tort statute. They have proclaimed that the two basic elements of an abuse of process claim under Puerto Rico law are a "bad motive" and "use of the legal process for an improper, collateral objective." See, e.g., González Rucci v. U.S.I.N.S., 405 F.3d 45, 49 (1st Cir. 2005); Dish Network LLC v. Llinás, 310 F.Supp.3d 310, 312 (D.P.R. 2018). The cause of action for abuse of process is now codified in Article 18 of the new P.R. Civil Code of 2020, which states that "the law does not protect the abuse of process nor its exercise contrary to the social order" and that "every act or omission that manifestly exceeds the normal limits of the exercise of a right, which causes damages to a third party, be it by the intention of its author, by its object, or by the circumstances in which its undertaken, will give rise to the corresponding compensation and the adoption of cautionary measures." 31 Puerto Rico Laws Annotated, Sec. 5337 (translation ours).

In this case, the allegations of abuse of process state a plausible claim for relief. The defendants specifically allege in their counterclaim that Mr. Goldman is lying to the Court in his complaint about his so-called diminished capacity, about the advice given to him by Mr. Arias, about Mr. Arias's zealous and responsible defense of his interests, about his alleged damages, and about the $650,000 windfall he obtained from the sale of his property. It is further alleged that Mr. Goldman had filed this falsehood-filled lawsuit for an illegitimate, collateral purpose: to harass the defendants and avoid payment of fees owed to them. There can be little doubt that making false and misleading allegations in order to

harass a creditor and avoid paying them "manifestly exceeds the normal limits of the exercise of legal rights" and therefore constitutes an abuse of the legal process, under Article 18 of the Civil Code of Puerto Rico (31 L.P.R.A. Sec. 5337). As such, the counterclaim plausibly states a cause of action under Puerto Rico law.

**WHEREFORE**, it is respectfully requested that the Honorable Court deny the Plaintiff's Motion to Dismiss with respect to the "abuse of process" cause of action contained in the counterclaim. As to the counterclaim's cause of action for defamation, defendant Antonio Arias hereby consents to its dismissal, without prejudice.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 14th day of February, 2025.

**I HEREBY CERTIFY** that on this 14th day of February, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
USDC-PR No.: 204706
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail: sanjuanm@microjuris.com