# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>    Plaintiff<br><br>    v.<br><br>MCCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, his wife<br>MRS. ARIAS, and the Conjugal Partnership<br>composed by them;<br>JOSE IRIZARRY-CASTRO;<br>JOHN DOE; MARY DOE<br>UNKNOWN INSURANCE COMPANY;<br><br>    Defendants | CIVIL NO.: 24cv01136(SCC) |

## DEFENDANTS' MOTION TO COMPEL PHYSICAL AND MENTAL EXAMINATION OF PLAINTIFF

**TO THE HONORABLE COURT:**

**NOW APPEAR** co-defendants Antonio Arias Larcada, his wife Maria Beale, and the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through their undersigned counsel, and very respectfully state and pray as follows:

### I. Introduction:

Yet again, the defendants are compelled to come before the Court regarding the physical and mental examination ordered last year, which the plaintiff stubbornly refuses to attend, despite a clear and unambiguous directive. Anticipating plaintiff's continued resistance, the defendants hereby request that the Court order him to appear on a date certain, or face dismissal of his complaint.

**II.     Background and Need for Additional Court Order:**

Plaintiff Alan Goldman is suing the appearing defendants, his former attorneys, for allegedly failing to competently defend him in a lawsuit filed against him by the buyer of a property he owned in Puerto Rico, which he refused to sell despite signing a purchase agreement. Because Mr. Goldman's Amended Complaint claims that his former lawyers failed to raise his alleged "cognitive impairment" as a defense to the suit, both his physical and mental state are at issue in this case. Accordingly, on August 27, 2024, the appearing defendants filed a Motion (Dkt. No. 34) pursuant to Fed.R.Civ.P. 35 requesting that he be ordered to submit to a mental and physical examination by Dr. José A. Franceschini, a local psychiatrist. Mr. Goldman did not oppose the defendants' Motion, and on September 18, 2024, the Court granted it, ordering the plaintiff to "submit to a mental and physical examination" at Dr. Franceschini's office on October 21 and 23, 2024. Dkt. No. 45.

Two weeks after the Court granted defendants' Motion, on October 1, 2024, plaintiff's counsel emailed the undersigned, unilaterally advising that his client "will not be able to travel to San Juan for the examination" ordered by the Court. Ten days later, on October 10, 2024, the plaintiff filed a "Motion Requesting Relief" (Dkt. No. 47), wherein he asked the Court to set aside or modify its prior Order, alleging that he was unable to travel to Puerto Rico for the examination due to unspecified medical conditions. On October 16, 2024, the appearing defendants filed their Opposition (Dkt. No. 49), which was subsequently joined by the co-defendants (Dkts. No. 50, 51). Despite the existence of the Court's Order at Dkt. No. 45, the plaintiff did not appear for the mental and physical examination on October 20, 2024. See, "Informative Motion", Dkt. No 55.

On November 4, 2024, the plaintiff filed a "Second Motion Requesting Relief from Court Order Regarding Physical and Mental Examination".  In it, the plaintiff reiterated his prior request to be relieved from the Court's Order at Dkt. No. 45.  Subsequently, on November 12, 2024, and without requesting leave of Court, the plaintiff filed two additional motions:  (1) a "Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief (Dkt. No. 62); and (2) a "Motion under Seal in Support of Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief (Dkt. No. 63).  Additional motions on the subject were filed at docket numbers 65, 66, 67 and 68.

On November 15, 2024, the Court held a hearing to address the plaintiff's claims.  After extensive argument from the parties, the Court "determined that the medical examination will not be performed in Vermont" as requested by the plaintiff.  See, Dkt. No. 69.  The Court stayed the case for sixty (60) days to allow Mr. Goldman to deal with certain pressing business matters involving the State of Vermont which he alleged prevented him from traveling.  Upon expiration of this term, the matter would be referred to a Magistrate Judge for a Scheduling Conference, "including the deadline for Dr. Franceschini to conduct the medical examination."  Id.  The Court reiterated this ruling at Docket Number 81.

The stay has now expired and on February 12, 2025, the undersigned wrote to plaintiff's counsel advising that "Dr. Franceschini is available to conduct the evaluation of Mr. Goldman on either March 27 and 31, 2025, or April 3 and 4, 2025."  "The evaluation will take place at Dr. Franceschini's office at 10 AM."  "Please advise ASAP which dates work best for him."  See, Exhibit 1.

In response, rather than agree to any of the proposed dates, the plaintiff's counsel emailed the undersigned (Exhibit 2), attaching a letter from Dr. James Stone. Exhibit 3. Dr. Stone's letter discusses Mr. Goldman's medical history and states that Mr. Goldman "experiences intense Agoraphobia and frequent panic attacks especially in crowded settings making it nearly impossible for him to leave his home without significant emotional and physical distress." Id. According to Dr. Stone, Mr. Goldman reports "avoiding public transportation, airplanes, buses, churches, temples, restaurants, and all public gathering places since the onset of the pandemic." Id. On this basis, Dr. Stone "recommend[s] that all legal proceedings occur in Vermont." Id.

To date, the physical and mental examination of the plaintiff has not been scheduled, although Magistrate Judge Marshall Morgan did hold a scheduling conference yesterday and established deadlines for the completion of discovery. Given the importance of this matter, and its potential disruptive effect upon the schedule, the defendants are compelled to bring it to the attention of the Court for immediate action.

**III.    Argument:**

It is apparent that Mr. Goldman intends to attempt to relitigate what has already been clearly and unambiguously decided by the Court, thereby further delaying, disrupting and derailing these proceedings. Rather than agree to the dates proposed for Dr. Franceschini's examination, the plaintiff's counsel has responded by further insisting, now with a new physician's letter, that "all legal proceedings occur in Vermont". The Court needs to preemptively nip this matter in the bud; otherwise, we will spend another six months relitigating the issue. Mr. Goldman must be ordered to attend Dr.

Franceschini's evaluation on April 3 and 4, 2025, or face sanctions, including the dismissal of his complaint.

It bears noting that Mr. Goldman has in the past given a litany of excuses for avoiding the medical and psychiatric examination ordered by the Court. These include that the examination is "unnecessary" and "irrelevant", that he has "a heightened susceptibility to airborne pathogens", as well as Lyme Disease, "cervical stenosis and spondylosis", "single kidney function", Type 2 Diabetes, "a history of bladder cancer", "recurrent transient ischemic attacks", a "continuous need for medical appointments", and "business affairs which are critical to the capital of Vermont". Now, he supplements this list with "Agoraphobia and intense panic attacks".

The defendants do not wish to expend valuable time and resources engaging in further debate or motion practice regarding this matter. Whether or not any or all of these circumstances provide adequate justification for the plaintiff to avoid coming to Puerto Rico, as ordered twice by the Court, the continued uncertainty needs to end once and for all. The defendants have been attempting for the last six months to schedule the plaintiff's mental and physical examination and are no closer to it today than they were then. Mr. Goldman chose to file his lawsuit in this forum, and he cannot expect to litigate his case remotely. The Court has already made clear to him that the medical examination will not take place in Vermont, in accordance with the general rule.[1] Unquestionably, the trial will take place in Puerto Rico. If the plaintiff does not expect his medical situation

---

[1] See, 71 A.L.R.2d 973, 980; Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 107 (E.D. N.C. 1993); Rainey v. Wal-Mart Stores, Inc., 139 F.R.D. 94, 95 (N.D. Tex. 1991); Landry v. Green Bay & Western R.R. Co., 121 F.R.D. 400, 401 (E.D. Wis. 1988); Baird v. Quality Foods, 47 F.R.D. 212, 213 (E.D. La. 1969); see also, Warren v. Weber & Heidenthaler, Inc., 134 F.Supp. 524 (D.Mass. 1955); Pierce v. Brovig, 16 F.R.D. 569 (S.D.N.Y. 1954); Gale v. National Tranp. Corp., 7 F.R.D. 237 (S.D.N.Y. 1946).

to improve and is therefore unable or unwilling to come to his chosen forum to pursue his case, then he must voluntarily dismiss his complaint or face dismissal for failure to abide by the Court's orders. The defendants have a right to conduct discovery and to try this case in Puerto Rico and cannot be held hostage to the plaintiff's medical limitations.

For all these reasons, the plaintiff should be once again commanded to appear in person for the medical examination previously ordered by the Court, on April 3 and 4, 2025, at 10 AM, at the offices of Dr. José Franceschini, or face dismissal of the complaint.

WHEREFORE, it is respectfully requested that the Honorable Court order the plaintiff Alan Goldman to appear in person for the medical and psychiatric examination previously ordered by the Court, on April 3 and 4, 2025, at 10 AM, at the offices of Dr. José Franceschini, or face dismissal of the complaint.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 28th day of February, 2025.

**I HEREBY CERTIFY** that on this 28th day of February, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

<u>S/MANUEL SAN JUAN</u>
MANUEL SAN JUAN
USDC-PR No.: 204706
Attorney for Defendants
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail: sanjuanm@microjuris.com