IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| | * | |
|    Plaintiff | * | |
| | * | |
| V | * | |
| | * | |
| McCONNELL VALDES, LLC; | * | |
| ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| | * | |
|    Defendants | * | |

_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PHYSICAL AND MENTAL EXAMINATION (DOCKET ENTRY 92)

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Alan B. Goldman, by and through undersigned counsel, and respectfully submits his Opposition to Defendants' Motion to Compel Physical and Mental Examination and in support thereof, Plaintiff states as follows:

### I. INTRODUCTION

1. Defendants persist in attempting to compel Plaintiff Alan Goldman to undergo physical and mental examination despite overwhelming and well-documented medical evidence demonstrating his inability to travel. This continued insistence not only disregards Plaintiff's severe medical conditions but also amounts to an unjust attempt to subject Plaintiff to undue burden and potential medical harm. The motion should be denied,

or in the alternative, any examination should be conducted remotely or in Vermont, where Plaintiff resides and receives ongoing medical care.

## II. PLAINTIFF'S MEDICAL CONDITION AND INABILITY TO TRAVEL

2. Plaintiff Alan Goldman suffers from severe and chronic medical conditions that make travel to Puerto Rico infeasible and dangerous. As attested by his treating physicians, including Dr. James Stone, a licensed medical doctor and psychiatrist, Plaintiff experiences:

   • **Severe Agoraphobia** leads to frequent panic attacks, exacerbated by travel and unfamiliar environments.

   • **Multiple Chronic Medical Conditions** including Type 2 Diabetes, cervical stenosis, spondylosis, and a history of transient ischemic attacks, which require close medical supervision.

   • **High Risk of Medical Deterioration Due to Travel** as advised by both his primary care physician and psychiatrist, who have determined that Plaintiff is medically unfit for long-distance travel, particularly to Puerto Rico.

3. Dr. Stone's letter (Exhibit A) explicitly states that Plaintiff's condition prevents him from traveling without serious risks to his physical and mental well-being. "Mister Goldman's medical conditions including his compromised immune system, severe PTSD, and debilitating

Agoraphobia render travel beyond his medical support system inadvisable and potentially life-threatening." This is not an attempt to evade litigation but rather a medically mandated necessity. See, **<u>Exhibit A</u>**.

4. Also, on January 6th, 2025, the University of Vermont Health Network-Central Vermont Medical Center Berlin, Vermont, issued a certified copy of plaintiff Alan Goldman's medical file, consisting of 123 pages, which was served on February 13, 2025, to the defendants through their respective legal representatives. See, **<u>Exhibit B</u>**.

5. On January 7, 2025, on page 122 of said medical file, Dr. Benjamin Arthur Flinn, MD, issued a medical certification which literally reads as follows: "It is my medical opinion that Alan Goldman has multiple severe, chronic medical problems that significantly limit his ability to travel long distances. He is able to travel to Mass General for specialty care but otherwise should not travel long distances for reasons other than absolutely necessary to receive care." See, **<u>Exhibit C</u>**.

6. On February 26th, 2025, Plaintiff Goldman executed a declaration under penalty of perjury regarding his health conditions which makes it impossible to travel. See, **<u>Exhibit D</u>**.

## III. DEFENDANTS' ATTEMPT TO RELITIGATE A SETTLED ISSUE

7. The Defendants motion is a thinly veiled attempt to reargue an issue that has already been extensively litigated. The Court has previously granted Plaintiff temporary relief based on his medical condition, and Defendants fail to present any new facts or legal grounds to justify overturning prior considerations. The repeated insistence on compelling Plaintiff to travel, despite multiple documented medical attestations, is unwarranted and borders on bad faith litigation tactics.

## IV. LEGAL STANDARD AND APPLICATION

8. Pursuant to **Rule 35 of the Federal Rules of Civil Procedure (FRCP)**, courts may order a party to submit to a medical examination only when the party's mental or physical condition is in controversy and only upon a showing of good cause.  Here, Defendants fail to establish good cause, as Plaintiff's health is already extensively documented through medical records and physician attestations. Courts have consistently held that an order compelling a medical examination must balance the necessity of discovery with the protection of a party from undue burden and potential harm. See, **Schlagenhauf v. Holder**, 379 U.S. 104, 118 (1964) (requiring "discriminating application" of Rule 35 to avoid undue burden on the examined party).

9. Furthermore, courts recognize that where a plaintiff's medical condition prevents travel, reasonable accommodation should be made. See, **Gale v. National Transport Corp.**, 7 F.R.D. 237 (S.D.N.Y. 1946) (denying motion to compel examination where plaintiff's medical condition precluded travel); **Warren v. Weber & Heidenthaler, Inc.**, 134 F. Supp. 524 (D. Mass. 1955) (holding that an examination should occur at a location convenient to the plaintiff where travel was a medical hardship). Given these precedents, Plaintiff's medical inability to travel should weigh heavily in favor of denying Defendants' motion.

## V. ALTERNATIVE RELIEF REQUESTED

10. Should the Court find that a medical examination is necessary, Plaintiff respectfully requests that:

   (a)   The examination be conducted remotely via video conferencing, allowing Dr. Franceschini to conduct a psychiatric evaluation without requiring Plaintiff to travel.

   (b)   In the alternative, the examination be conducted in Vermont, or in Boston, Massachusetts where Plaintiff resides and has access to his primary medical team.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Compel Physical and Mental Examination. In the alternative, Plaintiff requests that the Court order the examination to be conducted remotely or in Vermont or in Boston, Massachusetts to accommodate his severe medical conditions.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alan Goldman respectfully prays that this Honorable Court Deny Defendants' Motion to Compel Physical and Mental Examination (Docket Entry 92). In the alternative, Plaintiff Goldman requests that this Honorable Court order the examination to be conducted remotely or in Vermont or in Boston, Massachusetts to accommodate his severe medical conditions, and grant such further relief as justice requires, with any other remedy that this Court deems to be just and proper.

RESPECTFULLY SUBMITTED.

In Coral Gables, Florida, on the 4th day of March 2025.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO.  118314

PO Box 331823
Coconut Grove, Florida  33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com