IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN<br><br>   Plaintiff<br><br>v.<br><br>MCCONNELL VALDES LLC<br>ANTONIO A. ARIAS-LACARDA, his wife MARIA BEALE, and the Conjugal Partnership composed by them; JOHN DOE; MARY DOE; SOMPO INTERNATIONAL INSURANCE COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; AIG INSURANCE COMPANY-PUERTO RICO<br><br>   Defendants | Civil Action No.: 24-01136 (SCC) |

**MOTION TO JOIN "DEFENDANTS' OPPOSITION TO PLAINTIFF's MOTION TO CHANGE VENUE" AT DOCKET 108**

TO THE HONORABLE COURT:

     COMES NOW the co-defendant, AIG Insurance Company – Puerto Rico ("AIG"), through the undersigned attorney, and respectfully opposes "Plaintiff's Motion to Transfer the Venue to the District of Vermont" (Dkt. 102) for the reasons set forth in "Defendants' Opposition to Plaintiff's Motion to Change Venue" (Dkt. 108), which are hereby incorporated by reference as if fully set forth herein.

     In addition to the arguments set forth in "Defendants' Opposition to Plaintiff's Motion to Change Venue" (Dkt. 108), transfer of this case to Vermont would be improper because the action against AIG could not have been brought in Vermont in the first place, either under Puerto Rico Law or Vermont Law, as required by 28 U.S.C. Sec. 1404(a).

The statutory provision pursuant to which Plaintiff brought the action against AIG is Article 20.030 of the Puerto Rico Insurance Code, P.R. Laws Ann. Tit. 26 § 2003. That Article provides that any individual sustaining damages and losses shall have at its option a direct action against the insurer under the terms and limitations of the policy, and that said direct action may only be exercised in Puerto Rico. Id. Thus, no action against AIG would be available to Plaintiff under Puerto Rico Law before a Court in Vermont.

Moreover, no direct action against AIG would be available to Plaintiff under Vermont Law, specifically, under 8 V.S.A. § 4203(1)-(6).[1] Subsection 4203(3) provides, in relevant part, that "in case of [] insolvency or bankruptcy [of the insured] an action may be maintained by the injured person or claimant against the [insurance] company under the terms of the policy, for the amount of any judgment obtained against the insured not exceeding the limits of the policy." The Plaintiff here has not alleged nor shown that AIG's insured is insolvent or bankrupt (because it is not), nor that any judgment has been obtained against it (because it has not). Thus, the statutory requirements for a direct action to be available to Plaintiff under Vermont Law are not met.[2]

WHEREFORE, defendant AIG Insurance Company – Puerto Rico respectfully requests that this Honorable Court denies Plaintiff's Motion at Docket 102.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 19th day of March of 2025.

---

[1] *See, also, Copeland & Sons, Inc. v. Kansa General Insurance Company*, 171 Vt. 189 (2000) (discussing action by injured person against insurer under subsections 4203(2) and 4203(3)).

[2] It also bears noting that the lead-in language to the six conditions set forth in Section 4203 also provides that "[e]ach policy issued and delivered under this chapter shall contain in substance the following conditions," but Plaintiff has not alleged nor shown that AIG's policy was issued and delivered pursuant to Vermont Law; because it was not. As admitted in the operative Complaint at Dkt. 27, AIG is a Puerto Rico insurer that issued an insurance policy to a Puerto Rico limited liability company.

IT IS HEREBY CERTIFIED that on this date, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have filed appearances in this case.

**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**
166 Ave. De La Constitución
San Juan, Puerto Rico 00901
Tel.: (787) 289-9250
Fax: (787) 289-9253

**s/** *Xaymara Colón González*
Xaymara Colón-González, Esq.
USDC-PR No.: 231405
E-mail: xcolon@scvrlaw.com