# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>    Plaintiff<br><br>    v.<br><br>MCCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, his wife<br>MRS. ARIAS, and the Conjugal Partnership<br>composed by them;<br>JOSE IRIZARRY-CASTRO;<br>JOHN DOE; MARY DOE<br>UNKNOWN INSURANCE COMPANY;<br><br>    Defendants | CIVIL NO.: 24cv01136(SCC) |

## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "VERIFIED THIRD AMENDED COMPLAINT"

**TO THE HONORABLE COURT:**

**NOW APPEAR** co-defendants Antonio Arias Larcada, his wife Maria Beale, and the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through their undersigned counsel, and very respectfully state and pray as follows:

    I.    **Introduction:**

Nearly a year after his original filing, the plaintiff now seeks leave to amend his complaint for the third time, by adding two causes of action against defendant Antonio Arias which he could have filed at least nine (9) months ago. The timing of plaintiff's request to amend – and the context within which it is being made – strongly suggests an

improper motive and greatly prejudices the appearing defendants. Accordingly, the request for leave to amend should be denied.

II. **Background:**

On March 20, 2024, the plaintiff filed his original complaint before this Court (Dkt. No. 1). On March 25, 2024, he filed a Verified Amended Complaint (Dkt. No. 4). The appearing defendants filed their Answer on June 13, 2024 (Dkt. No. 14), including *inter alia* a Counterclaim for Defamation. An Initial Scheduling Conference was held on July 30, 2024, and Plaintiff was granted a period of time to amend his pleadings. Accordingly, on August 13, 2024, the plaintiff filed a "Verified Second Amended Complaint" (Dkt. No. 29). The appearing defendants filed their Answer thereto on August 16, 2024 (Dkt. No. 31).

Since then, the case has taken a tortuous path. Some limited discovery has taken place, including an exchange of interrogatories and requests for production of documents and two depositions. However, the discovery schedule was derailed by Plaintiff's resistance and refusal to comply with the Court's Order at Dkt. No. 45, requiring him to come to Puerto Rico for a physical and mental examination pursuant to Fed.R.Civ.P. 35. After copious briefing and motion practice, on November 15, 2024, the Court held a hearing, determining that the plaintiff would have to come to Puerto Rico for the examination, but staying proceedings for sixty (60) days to allow the plaintiff to attend to certain pressing business in his home state of Vermont. See Dkt. No. 69.

On January 15, 2025, the stay expired, and a Second Scheduling Conference was held before Magistrate Judge Marshall Morgan on February 27, 2025 (Dkt. No. 91). Thereafter, despite the Court's clear and unambiguous directives, the plaintiff has

continued to resist the Court's Order for a medical examination (See Dkts. No. 92 and 96) and has filed a Motion for Change of Venue (Dkt. No. 102) which was opposed by the defendants (Dkts. No. 108 and 109).

On March 21, 2025, the plaintiff filed a Motion for Leave to file a "Verified Third Amended Complaint" (Dkt. No. 110). In it, he claims that "there were new causes of action due to the filing of the Counterclaim" and that "the new allegations could not have been made before." Solely on this basis, nearly a year after the original filing, the plaintiff requests leave to file what would now be his fourth Complaint in this case.

The Plaintiff's proffered "Verified Third Amended Complaint" is 79 pages long and contains two "new" causes of action for "abuse of process" and "malicious prosecution". Plaintiff essentially claims that by filing a Counterclaim for defamation the appearing defendants abused the legal process and incurred in malicious prosecution; this despite the fact that the defendants have acquiesced in the dismissal without prejudice of their defamation claim, given that the defamatory statement was publicized as part of a judicial proceeding. See Dkt. No. 89.

For the reasons set forth below, the appearing defendants respectfully oppose the plaintiff's attempt to once again amend his pleadings in order to add causes of action which he could have asserted long ago, and which will further delay and complicate this case.

III. **Applicable Law:**

Under Fed.R.Civ.P. 15(a)(2), a plaintiff may only amend his pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.

15(a)(1)(A)-(B).  Thus, the plaintiff herein may only amend his pleadings with the "written consent [of the Defendants] or [with] the court's leave" or permission. Id. Absent a substantial reason to deny leave, the court should freely grant leave to amend "when justice so requires." Id. See also Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'")  "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman, 371 U.S. at 182.

IV. **Argument:**

Taking as true the new allegations in the "Verified Third Amended Complaint" that the defamation claim constitutes an "abuse of process" and "malicious prosecution", the plaintiff clearly could have filed it more than nine (9) months ago, when the appearing defendants submitted their Counterclaim, on June 13, 2024.  Two weeks later, during the first Initial Scheduling Conference held before Magistrate Judge Marcos López on July 30, 2024, the plaintiff was *specifically granted leave to amend his pleadings*, and he did so by filing his "Verified Second Amended Complaint" on August 13, 2024.  At that time, the Counterclaim had already been filed, and the plaintiff could have included his allegations of "abuse of process" and malicious prosecution" but chose not to.  The plaintiff's claim that "the new allegations could not have been made before" is therefore patently false and belies the bad faith that underlies the current request for leave to amend nine months after it should have been done.

The belated timing of the plaintiff's request for leave to amend must be viewed in the context of the events that have led to it. Discovery in this case has been repeatedly derailed by the plaintiff's numerous attempts to avoid coming to Puerto Rico for the medical exam ordered by the Court. The plaintiff has vehemently resisted the Court's order, originally issued on September 18, 2024 (Dkt. No. 45) and reiterated during the hearing held on November 15, 2024, and continues to do so to this day, even asking the Court to transfer this case to Vermont (Dkt. No. 102). In this context, it is apparent that the plaintiff's untimely request for leave to further amend his complaint is no more than a smokescreen, meant to further convolute, complicate and delay the resolution of the issues in this case in order to avoid compliance with the Court's orders. Allowing the amendment at this stage of proceedings will indubitably alter the discovery schedule, delay the proceedings, increase the cost of litigation and therefore prejudice both the defendants as well as the Court.

Moreover, the plaintiff's allegation of "abuse of process" and "malicious prosecution" are plainly frivolous, given that the defendants have acquiesced in the dismissal without prejudice of their defamation claim. The plaintiff moved to dismiss this cause of action (Dkt. No. 74) alleging that the defamation allegations were nonactionable as a matter of law because the plaintiff's statement that defendant Arias "is lying" was a statement of opinion made within a judicial proceeding. As Arias conceded at Dkt. No. 89, although the statement is, in his view, a factual statement rather than opinion, and was arguably made outside this judicial proceeding, it may nevertheless be protected by some sort of immunity. Therefore, out of an abundance of caution, Arias acquiesced to the

dismissal of his defamation claim, without prejudice.[1]  Given such acquiescence, it is hard to see how the filing of such claim could conceivably have damaged the plaintiff, as he claims in his "Verified Third Amended Complaint".

V.      **Conclusion:**

The plaintiff was specifically given leave to amend his pleadings back in July of 2024 and did so.  At the time, he clearly could have included his allegations of "abuse of process" and "malicious prosecution" but chose not to.  Nine months later, the timing of his Motion for Leave to amend to add these causes of action evinces an improper, dilatory purpose.  Because this case has been on the docket for a year, with scant progress, despite two scheduling conferences, a motion hearing, and two amendments to the pleadings, allowing the dubious "Verified Third Amended Complaint" at this late stage would prejudice the defendants and the Court by unnecessarily delaying and increasing the cost of these proceedings.  Accordingly, the plaintiff's untimely request for leave to amend should be denied.

**WHEREFORE**, for all of the above stated reasons, it is respectfully requested that the Honorable Court deny the Plaintiff's Motion for Leave to file his "Verified Third Amended Complaint".

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 25th day of March, 2025.

**I HEREBY CERTIFY** that on this 25th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

---

[1] Arias requested that the dismissal be **without prejudice** because of the possibility that the Plaintiff's defamatory statement may have also been disseminated outside of these proceedings, in which case, it would not be protected by any privilege.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
USDC-PR No.: 204706
Attorney for Defendants
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail:  sanjuanm@microjuris.com