IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| Plaintiff | * | |
| V | * | |
| McCONNELL VALDES, LLC; ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| Defendants | * | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CHANGE VENUE (DOCUMENT NUMBER 108)

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Alan Goldman, through his undersigned counsel and respectfully submits his Response to Defendants Arias-Larcada, Beale and McConnell Valdes LLC's Opposition (Document Number 108) to Plaintiff's Motion for Change of Venue (Document Number 102), and this response must address newly discovered evidence and certain incorrect factual assertions being made by Defendants while apparently acting in bad faith:

1. Defendants' opposition to Plaintiff's Motion for Change of Venue misinterprets both the applicable legal standard under 28 U.S.C. § 1404(a) and the clear factual basis warranting transfer of this case to the U.S. District Court for the District of Vermont. Contrary to Defendants' contentions, the transfer of venue being requested is legally and factually appropriate given Plaintiff's severe medical, physical and mental conditions and limitations. Plaintiff's petition is predicated under the most fundamental principles of fairness and judicial economy.

2. Defendants incorrectly argue that venue cannot be transferred under 28 U.S.C. § 1404(a) because this action could not have been originally filed in Vermont. However, this assertion is legally flawed. The United States Supreme Court has clarified that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness'". <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).

3. The U.S. Court of Appeals for the First Circuit has consistently held that a transfer under §1404(a) is appropriate when it serves the interests of justice and convenience, even if the transferee venue was not an initial permissible forum. See <u>Albany Ins. Co. v. Almacenadora Somex, S.A.</u>, 5 F.3d 907, 909 (5th Cir. 1993) ("Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it might have been brought or to any district to which all parties have consented.").

4. As this Court is aware of, Plaintiff, Goldman suffers several severe medical conditions, notably from debilitating agoraphobia, accompanied by multiple travel restrictions that are substantiated by his treating physicians' attestations.

5. Any compulsion for Plaintiff, Goldman to prosecute this legal malpractice action only in the jurisdiction of Puerto Rico, would raise substantial concerns pertaining fundamental principles enshrined in the Constitution of the United States of America.

6. The due process clause, as articulated in the Fourteenth Amendment, mandates that no state shall "deprive any person of life, liberty, or property, without due process of law." This constitutional safeguard ensures that legal proceedings are conducted in a

manner that does not arbitrarily or unjustly impinge upon an individual's fundamental rights.

7. Requiring Plaintiff, Goldman to engage in litigation in a forum that poses a significant risk to his health and to well-being, may constitute a deprivation of his liberty and potentially to his life.

8. The United States Supreme Court has consistently <u>held that due process necessitates the fair and equitable administration of justice, free from arbitrary impositions</u>. In <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945), the Court emphasized that jurisdictional rules must be reasonable and just, considering the litigant's circumstances. Similarly, in <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985), the Court underscored that the exercise of jurisdiction must align with fair play and substantial justice.

9. Defendants, although possessing intimate knowledge of Plaintiff, Goldman's medical vulnerabilities, are endeavoring to compel him to litigate in a <u>forum that may pose some life-threatening risks</u>. Such conduct is antithetical to the ethical obligation incumbent upon the members of our legal profession.

10. Notably, Defendants' counsel Mr. Manuel San-Juan has conceded before the U.S. Magistrate Judge <u>that requiring Mr. Goldman to travel to Puerto Rico **could "kill him."**</u>

11. Pursuant to 28 U.S.C. §1404(a), the U.S. District Court is vested with the discretion to transfer a civil action to any other district where it might have been brought, for the convenience of the parties and the witnesses, and in the interest of justice. This statutory provision is designed to prevent the infliction of undue hardship upon the

litigants and to promote the efficient administration of justice. In *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955), the United States Supreme Court acknowledged that §1404(a) accords courts broader discretion to grant transfers upon a lesser showing of inconvenience.

12. Defendants claim that the State of Vermont lacks personal jurisdiction over them. However, courts have long recognized that when a case is transferred under § 1404(a), the transferee court may properly assert personal jurisdiction if <u>the transfer serves the interests of justice</u>. See *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (holding that a transferor court may transfer a case even where it lacks personal jurisdiction over the defendants, if such transfer serves the interests of justice).

13. Moreover, Defendants fail to acknowledge that they <u>purposefully availed themselves of interstate commerce</u>, **including communications and conducting commercial transactions affecting Plaintiff in Vermont**, thereby subjecting themselves to Vermont's jurisdiction.

14. Defendant McConnell Valdés sent its invoices to a mail address in Vermont, solicited payments from a resident of Vermont, and received wire transfers from banks operating in Vermont. Defendant McConnell Valdés received payments from Vermont Citizens, communicated with Vermont Citizens, and Arias-Larcada and McConnell Valdés rendered their legal advice and provided their services and consultation, while Plaintiff Goldman was present at those times in Vermont.

15. The underlying legal matter consists of a contract for providing their legal and professional services that was signed by Plaintiff while in Vermont. Alleging that Vermont laws and Vermont interactions are lacking, is to lack candor with the Court.

16. Courts have consistently held that where a defendant knowingly enters into <u>legal and/or financial relationships that impacts a forum state, that state may exercise personal jurisdiction.</u> See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("[W]here a defendant has deliberately engaged in significant activities within a State or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there.").

17. Here, through their legal consultations, for which they have sent invoices into Vermont, and having received wire transfers from Vermont regarding a contract for professional services that Plaintiff, Goldman signed while in Vermont, demonstrates that the minimum standards required under Vermont's long-arm statute may have caused Vermont to be able to exercise its personal jurisdiction over Defendants.

18. In conclusion, Plaintiff, Goldman's medical documentation, including two letters from Plaintiff, Goldman's two treating physicians, establishes that Plaintiff, Goldman being ordered to travel to Puerto Rico, could potentially result in extreme medical hardship. Courts have routinely considered health-related impediments when ruling on motions requesting change of venue. In *Schmid Labs., Inc. v. Hartford Acc. & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986), the court granted a motion to transfer venue in consideration of the plaintiff's significant health impairments. Similarly, in *Laitram Corp. v. Morehouse Indus., Inc.*, 31 F. Supp. 2d 578, 583 (E.D. La. 1998), the court

found that plaintiff's physical and mental health conditions weighed heavily in favor of transfer of venue.

19. Defendants' attempt to undermine Plaintiff, Goldman's documented medical limitations by implying that his ability to travel short distances within Vermont negates his inability to travel to Puerto Rico, is legally and factually unsupported. Courts have recognized that short local travel for necessary medical care is not equivalent to long-distance interstate travel that would require significant physical and psychological endurance. See <u>Ayers v. Arabian Am. Oil Co.</u>, 571 F. Supp. 707, 709 (S.D.N.Y. 1983) that held that health-related travel limitations warrant transfer of venue.

20. And the core purpose of §1404(a) is to ensure efficiency and fairness in legal proceedings. Courts weigh factors such as the convenience of the parties, the witnesses and the interests of justice. See <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) ("Section 1404(a) is designed to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience."). Here, Vermont is the best choice of forum, this being the place where the Plaintiff can effectively prosecute his claims without suffering any undue physical and/or psychological distress.

21. Defendants have failed to articulate any compelling reason why they cannot litigate this case in Vermont, particularly when they are being represented by large law firms with national reach. Their claim of any inconvenience pales in comparison to the medical implications of forcing Plaintiff, Goldman to travel to Puerto Rico.

22. For the foregoing reasons, Plaintiff, Goldman respectfully requests from this Court to grant Plaintiff, Goldman's Motion for Change of Venue, to the U.S. District Court for the District of Vermont, pursuant to 28 U.S.C. §1404(a). Such an Order shall be proper in terms of its fairness and shall serve to preserve our U.S. citizen's right to substantial justice and the prevention of any manifest injustice, and will insure judicial economy.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 27th day of March 2025.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO.  118314

PO Box 331823
Coconut Grove, Florida  33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com