IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| Plaintiff | * | |
| V | * | |
| McCONNELL VALDÉS, LLC; ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| Defendants | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' "OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE "VERIFIED THIRD AMENDED COMPLAINT"" (DOCUMENT NUMBER 111)**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Alan Goldman, through his undersigned counsel and respectfully submits this Response to Defendants Arias-Larcada, Beale and McConnell Valdés, LLC's Opposition (Document Number 111) to Plaintiff's Motion for Leave to File "Verified Third Amended Complaint" (Document Number 110), to reply to Defendants' misleading arguments in their filing dated March 25, 2025. In support thereof, Plaintiff states as follows:

## I. DEFENDANTS' ADMISSION OF BAD FAITH SUPPORTS CLAIMS FOR ABUSE OF PROCESS AND MALICIOUS PROSECUTION

1. Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC, contend that Plaintiff, Goldman's tendered third amended complaint is untimely and prejudicial. However, this third amended complaint arose directly from Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC's recent conduct, specifically by their filing of the defamation counterclaim, (which still has not been voluntarily dismissed by Defendant, Beale)

knowing, or should have known that is barred by the doctrine of absolute immunity, followed by their own admission of its impropriety.

2. In their February 14, 2025, filing (Document No. 89), said Defendants concede: "... it may be protected by some sort of immunity and therefore acquiesces to the dismissal of his defamation claim." But in said pleading, Defendant, Beale did not move for the dismissal without prejudice of said claim.

3. This admission underscores Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC's awareness that their defamation claim lacked any legal foundation, indicating their misuse of this legal proceeding for an improper purpose.

4. Under Puerto Rico law, an abuse of process claim requires demonstrating: (1) a bad motive; and (2) the use of legal process for an improper, collateral objective. *González-Rucci v. U.S. I.N.S.*, 405 F.3d 45, 49 (1st Cir. 2005).

## II. TIMELINESS OF PLAINTIFF'S CLAIMS

5. Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC argue that Plaintiff, Goldman could have raised his abuse of process claim and his malicious prosecution claim earlier. However, these causes of action are contingent upon Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC's conduct and own admissions, which occurred on February 14, 2025. Prior to this, Plaintiff, Goldman lacked the necessary evidence to assert these two claims.

6. Notably, an abuse of process claim does not require that the underlying action be terminated in favor of the plaintiff, distinguishing it from malicious prosecution claims.

*General Motors Corp. v. Alberic Colon Auto Sales, Inc.*, No. 03-1743 (D.P.R. May 29, 2007).

7. To suggest that Plaintiff, Goldman should have anticipated Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC would **knowingly file a barred claim** for the purpose of retaliation and obstruction, and then later Arias-Larcada and McConnell Valdés, LLC admit via acquiescence that they did not have any viable cause of action, is not only unreasonable, it also defies basic procedural fairness.

### III. DEFENDANTS' CONCESSION AS EVIDENCE OF MALICIOUS INTENT & DE FACTO ADMISSION OF GUILT ACTING WITH THE REQUISITE *MENS REA*

8. The <u>**repeated use of the term "acquiesces"**</u> in Defendants, Arias-Larcada and McConnell Valdés, LLC's filing reflects their recognition that the defamation counterclaim was legally untenable. Filing such a claim, followed by its withdrawal upon challenge, demonstrates the elements of malicious prosecution under Puerto Rico law: (1) initiation of a civil action; (2) termination in favor of the plaintiff; (3) malice and lack of probable cause; and (4) damage suffered by the plaintiff. *Microsoft Corp. v. Computer Warehouse*, 83 F. Supp. 2d 256, 261 (D.P.R. 1999).

9. Defendants, Arias-Larcada and McConnell Valdés, LLC filing such a claim—only to later concede its impropriety—demonstrates the **mens rea** required to support a claim of **malicious prosecution and abuse of process**.

10. This was not a misunderstanding. It was a deliberate act of legal harassment intended to silence and retaliate against Plaintiff, Goldman for pursuing his lawful legal malpractice claim against Defendants Arias-Larcada and McConnell Valdés, LLC.

## IV. JUDICIAL ECONOMY AND FAIRNESS FAVOR AMENDMENT

11. Allowing the Third Amended Complaint promotes judicial economy and fairness by consolidating all related claims into a single proceeding, thereby avoiding the need for Plaintiff, Goldman to initiate a separate action. The United States Supreme Court has emphasized that leave to amend should be "freely given when justice so requires," absent reasons such as undue delay, bad faith, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

12. This principle underscores the importance of resolving all related claims within one litigation framework to ensure efficiency and fairness.

13. Furthermore, the U.S. District Court for the District of Puerto Rico has recognized that considerations of judicial economy, convenience, and fairness to the litigants support allowing amendments that enable the resolution of all related issues within a single case. *Flores Cruz v. Avon Products, Inc.*, 668 F. Supp. 70, 72 (D.P.R. 1987).

14. In this case, the issue of Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC's bad faith conduct was discussed with U.S. Magistrate-Judge Morgan during the February 27, 2025, conference, leading to the inclusion of a deadline in the Court's Scheduling Order for the filing of this third amended complaint. Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC's claim of surprise is therefore unsubstantiated.

15. The issue of Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC' bad faith conduct, and retaliatory use of the defamation counterclaim was raised during the February 27, 2025, settlement conference. This discussion led to the inclusion of a

deadline in the Court's Scheduling Order for the filing of the very third amended complaint now under attack.

16. Defendants Arias-Larcada, Beale and McConnell Valdés, LLC's claim that this is a surprise to them, or that this may be a delay tactic, is directly contradicted by the record.

## V. CONCLUSION

17. Defendants Arias-Larcada, Beale and McConnell Valdés, LLC's opposition in Document Number 111, lacks any merit and is contradicted by their own admissions. The facts giving rise to these new two causes of action which only recently occurred, were amplified by Defendants Arias-Larcada, Beale and McConnell Valdés, LLC's own concessions or admissions. Denying this this third amended would effectively endorse Defendants, Arias-Larcada, Beale and McConnell Valdés, LLC's misuse of the legal process.

WHEREFORE, Plaintiff Goldman respectfully requests from this Honorable Court take notice of this response and to grant leave allowing Plaintiff Goldman to file his Verified Third Amended Complaint, taking in consideration the interest of substantial justice, judicial economy and fairness, and to grant any other remedy this Honorable Court deems to be just and proper.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 27th day of March 2025.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314

PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com