IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| | * | |
| Plaintiff | * | |
| | * | |
| V | * | |
| | * | |
| McCONNELL VALDÉS, LLC; | * | |
| ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| | * | |
| Defendants | * | |

**PLAINTIFF'S MOTION REQUESTING EXTENSION OF TIME TO SERVE
ADDITIONAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Alan Goldman, through his undersigned counsel and respectfully States and Prays as follows:

1. Plaintiff Goldman moves this Honorable Court for an Order granting an extension of time to serve additional interrogatories and requests for production upon Defendants Antonio Arias Larcada, María Beale, McConnell Valdés, LLC, AIG International Company and Endurance American Specialty Insurance Company / Sompo international Insurance Company.

2. This motion is predicated upon Defendants Antonio Arias Larcada, María Beale, McConnell Valdés, LLC's persistent, willful and unjustifiable failure to comply with their baseline obligations under the Federal Rules of Civil Procedure (FRCP) governing discovery, as well as upon exigent and worsening medical circumstances presently afflicting Plaintiff, Goldman —circumstances directly exacerbated by Defendants

Antonio Arias Larcada, María Beale, McConnell Valdés, LLC's calculated litigation strategy, which has become tantamount to procedural harassment in the guise of adversarial practice.

3. On this date, March 28th, 2025, Plaintiff, Goldman was compelled to seek emergent medical intervention at Central Vermont Hospital as a direct consequence of acute psychological, emotional, and physiological distress—arising from, and materially aggravated by, Defendants Antonio Arias Larcada, María Beale, McConnell Valdés, LLC's deliberately oppressive and retaliatory tactics, which include, inter alia, scorched-earth litigation practices, procedural obstructionism, and an intentional campaign of extrajudicial harassment.

4. Said conduct, particularly egregious when viewed through the lens of the fiduciary and professional duties formerly due by Defendants, Antonio Arias-Larcada, and McConnell Valdés, LLC, as Plaintiff's former lawyers, but also by Defendant, María Beale as Plaintiff's former real estate broker/agent, in that they possess intimate play-book knowledge of Plaintiff, Goldman's underlying health and financial condition.

5. This has compounded Plaintiff, Goldman's underlying autoimmune and health-related conditions.

6. What began as a straightforward and legally cognizable action for redress of legal malpractice—arising from Defendants, Antonio Arias-Larcada, and McConnell Valdés, LLC's professional failures—has metastasized into a systematic campaign of attrition warfare, a form of "lawfare" for which the President of the United States has had the need to issue a Presidential Memorandum, addressing the abuses in the Federal

Courts by the attorneys who weaponize the courts rather than seek judicial adjudication under which the courts were established. Such "lawfare" is unconscionable, unethical, immoral and without integrity or honor for which attorneys have taken a solemn oath before the courts.

7. The President of the United States of America, Donald J. Trump issued a presidential memorandum entitled "Preventing Abuses of the Legal System and the Federal Court." This directive instructed Attorney General Pam Bondi to take measures against attorneys and law firms engaging in what the administration deemed "frivolous, unreasonable, or vexatious litigation".

8. In our case, Defendants' collective actions have obstructed Plaintiff, Goldman's constitutionally protected access to the U.S. courts, and have also culminated in their intent in causing Plaintiff, Goldman's displacement from his family residence and his financial destabilization.

9. The interests of justice and the constitutional guarantee of due process of law necessitate the granting of this motion.

FACTUAL BACKGROUND

10. Initial Discovery Requests: On October 2nd, 2024, Plaintiff, Goldman, through counsel, propounded his First Set of interrogatories and request for production of Documents upon Defendants, Antonio Arias Larcada, María Beale, McConnell Valdés, LLC. To date, almost six (6) months later, no responses have been received.

11. Subsequent Discovery Efforts: On January 23, 2025, the second request for production of documents was served upon Defendant, McConnel Valdes LLC. Said Defendant has failed to produce any documents.

12. Defendants' counsel Mr. Manuel San-Juan cited illness and other reasons for non-compliance.

13. Unfulfilled Commitments: Mr. Manuel San-Juan assured Plaintiff, Goldman's undersigned counsel that their responses would be provided on March 26, 2025. Please see, Document Number 90. No responses or documents were received.

14. Plaintiff, Goldman's Health Deterioration: Plaintiff, Goldman's health has significantly declined, necessitating emergency medical attention at Central Vermont Hospital on March 28, 2025. This decline is attributed, in part, to the extreme emotional and psychological distress caused by Defendants Antonio Arias Larcada, María Beale, McConnell Valdés, LLC's litigation tactics. These medical/hospitalization records shall be provided as soon as the undersigned counsel receives these documents.

15. Yesterday, the undersigned counsel did not have the opportunity of consulting with his client or with his client's personal assistant.

LEGAL ARGUMENT

16. Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, a party may serve up to 25 written interrogatories without leave of court. However, the court may grant leave to serve additional interrogatories consistent with Rule 26(b)(1) and (2).

17. Given Defendants, Antonio Arias-Larcada, María Beale, McConnell Valdés, LLC's ongoing non-compliance, and Plaintiff, Goldman's compromised health condition,

good cause exists to grant an extension of time for Plaintiff to serve additional discovery requests, including additional interrogatories and additional requests for production of documents as to facilitate judicial economy at trial in this matter.

18. In <u>Heller v. City of Dallas</u>, 3:13-cv-4000-P, United States District Court Northern District of Texas, Dallas Division, the court addressed a situation where the defendant failed to provide timely and adequate responses to discovery requests. The court sanctioned the defendant for its reliance on boilerplate objections and lack of reasonable inquiry, emphasizing that such conduct was not substantially justified. This case illustrates that when a party fails to comply with discovery obligations, courts may grant relief to the requesting party, including extensions to serve additional discovery requests.

19. In <u>Bonner v. Triple-S Vida, Inc.</u>, No. 22-1066 (1st Cir. 2023), the First Circuit acknowledged that district courts have broad discretion in managing discovery and may grant extensions when justified by circumstances such as a party's health issues or the opposing party's non-compliance with discovery obligations.

20. In <u>Rivera-Almodovar v. Instituto Socioeconómico Comunitario, Inc.</u>, 730 F.3d 23 (1st Cir. 2013) The First Circuit held that a district court did not abuse its discretion in granting a plaintiff's motion for additional time to conduct discovery. The plaintiff had demonstrated good cause by detailing the opposing party's failure to provide timely responses to discovery requests, which justified the extension.

21. In <u>Carrasquillo-Serrano v. Municipality of Canóvanas</u>, 991 F.3d 32 (1st Cir. 2021) the First Circuit found that the district court acted within its discretion in allowing

additional time for discovery. The plaintiff's counsel had encountered unforeseen personal health issues, and the court recognized that such circumstances could constitute good cause for extending discovery deadlines.

## CONCLUSION

WHEREFORE, Plaintiff Goldman respectfully requests from this Court to grant an extension of time of twenty (20) days to serve additional interrogatories and requests for production of documents upon Defendants, Antonio Arias Larcada, María Beale, McConnell Valdés, LLC, AIG International Company and Endurance American Specialty Insurance Company / Sompo international Insurance Company. In addition, Defendants, Antonio Arias Larcada, María Beale, McConnell Valdés, LLC, must be ordered to produce their documents in response to Plaintiff's requests for production of documents, and their answers to the interrogatories that were served in October, 2024, and January, 2025, for which no responses have been made by Defendants, Antonio Arias Larcada, María Beale, McConnell Valdés, LLC, despite having averred that their answers and responses would be tendered on or before March 26th, 2025, and to grant any other remedy that this Honorable Court may deem to be just and proper.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 28th day of March 2025.

Alan Goldman v. McConnell Valdés, LLC, et al / Case No.: 24cv01136  
Plaintiff's Requesting Extension of Time…

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*  
FRANCISCO M. LOPEZ-ROMO  
USDC-PR NO.  118314

PO Box 331823  
Coconut Grove, Florida  33233  
Telephone: 305-772-5577  
Email: lopezromo@gmail.com
