UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>    Plaintiff<br><br>v.<br><br>MCCONNELL VALDES, LLC et al.,<br><br>    Defendants | Civil No.: 24-1136 (SCC) |

**MOTION FOR A PROTECTIVE ORDER AND
TO STAY DISCOVERY AS TO SOMPO**

TO THE HONORABLE COURT:

    COME NOW defendants Sompo International Insurance Company and Endurance American Specialty Insurance Company (collectively, "Sompo"), through their undersigned attorney, and very respectfully state and pray as follows:

**BACKGROUND**

    At a February 27, 2025 scheduling conference with U.S. Magistrate Judge Marshal D. Morgan, Francisco M. López Romo, counsel for plaintiff, proposed a cutoff of March 28, 2025 for submission of interrogatories and requests for production of documents. *See* Declaration of Margaret Karchmer ("Karchmer Declaration"), ¶¶ 3-4. In response to this proposal, Margaret Karchmer, counsel for Sompo, asked whether plaintiff intended to serve discovery to Sompo and AIG International Company – Puerto Rico ("AIG" and, together with Sompo, the "Insurers"). *See id.,* ¶ 5.

    Ms. Karchmer asked this because, if plaintiff intended to serve discovery to the Insurers, she would have proposed to stay discovery as to the Insurers at this stage of the case because, if plaintiff does not prevail on its claims against the non-insurer defendants, plaintiff's claims

against the Insurers necessarily fail. Therefore, discovery as to the Insurers is premature at this stage. Discovery is particularly premature as to Sompo, which issued an excess policy (the "Sompo Excess Policy") that applies only *if* and when the $5 million limit of liability under the primary policy issued by AIG (the "AIG Primary Policy") is exhausted. That possibility is very remote at this time, as the $300,000 Deductible under the AIG Primary Policy has not even been satisfied. Thus, it is highly speculative that plaintiff will ever obtain a judgment that would potentially implicate coverage under the Sompo Excess Policy.

In response to Ms. Karchmer's question about whether plaintiff intended to issue discovery to the Insurers, Mr. López Romo affirmatively represented that he did not intend to do so. *See id.,* ¶ 6. Based on this explicit representation to U.S. Magistrate Judge Marshal D. Morgan and counsel for all parties, Sompo did not object to the discovery schedule proposed by plaintiff as it would not directly affect Sompo. *See id.,* ¶ 7. As such, the scheduling order was entered on February 27, 2025. *See* ECF No. 91.

Notwithstanding his explicit representation that he would *not* issue discovery to the Insurers, Mr. López Romo issued requests for the production of documents and interrogatories (the "Requests") to the Insurers less than two weeks later on March 12, 2025. *See* Ex. A to Karchmer Declaration. After receiving the Requests, counsel for Sompo contacted Mr. López Romo to remind him of his representation that he would not serve discovery on the Insurers and asked him to withdraw the discovery served on the Insurers. *See* Ex. B to Karchmer Declaration. Mr. López Romo did not dispute that he had made that representation and merely responded: "do you acknowledge that I have the right to reconsider my decisions?" *See id.*

Thus, Sompo has met and conferred in good faith with plaintiff in an attempt to resolve this dispute, and plaintiff has refused to withdraw the Requests. As such, Sompo is unfortunately

obligated to file the instant motion, seeking a protective order with respect to the Requests already served and seeking to stay discovery as to Sompo pending a ruling on plaintiff's claims against the non-insurer defendants. Further adding to the undue burden imposed on Sompo, plaintiff's counsel has refused to provide a courtesy extension of time to respond to the Requests pending a resolution of this motion. *See id.,* ¶ 10.

## ARGUMENT

**I. This Court has broad authority and discretion to provide the relief requested.**

Pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"), a party from whom discovery is sought may seek a protective order with respect to such discovery, and the court "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery" and/or "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). This court has recognized that, under Rule 26, "courts have 'ample power to protect the party from whom discovery is sought' against damages and any undue burden or expense that may be caused by" requested discovery. *P.R Ports Auth. v. P/V Norwegian Epic*, No. CV 21-1056 (RAM), 2021 WL 5570330, at *2 (D.P.R. Aug. 19, 2021) (quoting Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2202 (3d ed.)). Further, "courts have 'great flexibility in devising appropriate terms or conditions for discovery in a given case.'" *Id.* (quoting Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2038 (3d ed.)).

Under this same authority, courts may not only issue protective orders with respect to specific discovery but also have "broad discretion to stay discovery" pending future events, including, for example, a ruling on a pending motion. *Torres-Román v. Martínez-Ocasio*, No. 21-cv-01621(GMM), 2023 WL 8372045, at *5 (D.P.R. Dec. 1, 2023) (internal quotation marks and

citations omitted); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("[F]ederal courts possess the inherent power to stay proceedings for prudential reasons.") (citations omitted).

**II. There is good cause to grant the requested relief.**

Good cause exists to issue a protective order as to the Requests and to stay discovery as to Sompo pending resolution of plaintiff's claims against the non-insurer defendants because (1) plaintiff's counsel expressly represented that he would not seek discovery from the Insurers; (2) plaintiff's claims against Sompo are contingent upon a number of matters and will be moot if *either* a) he does not prevail on his claims against the non-insurer defendants or b) even if he does prevail, if he obtains a judgment of less than $5 million plus the amount remaining on the $300,000 Deductible under the AIG Primary Policy; and therefore, (3) Sompo would be unduly burdened if it were required to incur the expense of responding to discovery requests at this stage of the litigation.

Indeed, in most jurisdictions, a claim by a purported injured claimant against a third party's insurer is not ripe for adjudication unless and until the claimant obtains a judgment against the third party insured. *See, e.g., Patchen v. Gov't Emps. Ins. Co.*, 759 F. Supp. 2d 241, 244 (E.D.N.Y. 2011) ("Under N.Y. Insurance Law § 3420, when a plaintiff seeks payment from a third party's insurer, the plaintiff must first proceed against that third party before suing the insurer."); *Hazen v. Allstate Ins. Co.*, 952 So. 2d 531, 534 (Fla. Dist. Ct. App. 2007) ("Under the nonjoinder statute, an injured third party may not file a direct action against a liability insurer for a cause of action covered by a liability insurance policy without first satisfying either one of two conditions precedent: (1) obtaining a settlement against the insured or (2) obtaining a verdict against the insured."). This is because the claimant's claims against the insurer are contingent

4

upon success as to their claim against the insured, among other matters. Indeed, plaintiff could not presently pursue his claims against the Insurers in Vermont where he currently seeks to transfer this case. *See* ECF No. 109. Thus, at a bare minimum, the Court should stay discovery as to Sompo pending resolution of plaintiff's motion to change venue.

While Puerto Rico permits a claimant such as plaintiff to directly name insurers in their lawsuit against the insured, that does not change the speculative and contingent nature of plaintiff's claims against the Insurers here. As such, it is prudent to litigate the claimant's claims against the insured first before addressing any claims against the insurer, as doing so may moot the claims against the insurer. This is similar to situations where courts stay discovery pending resolution of motions to dismiss which may fully resolve the case and thus moot the need for discovery entirely. With respect to Sompo in particular, there is an even further reason to stay such discovery, as plaintiff's claims are against Sompo are even further removed from an immediate dispute given Sompo's position as an excess insurer.

Such relief is particularly appropriate here where plaintiff has refused to comply with his own court-mandated discovery obligations. Specifically, on September 18, 2024, plaintiff was ordered to appear in Puerto Rico for a deposition and an Independent Medical Examination to be conducted by Dr. Jose Franceschini. *See* ECF No. 45. To date, plaintiff has continuously refused to comply with this court order. Plaintiff simply cannot be permitted impose unduly burdensome and onerous discovery on the Insurers despite expressly representing he would not do so and while simultaneously refusing to comply with his own discovery obligations.

WHEREFORE, codefendants Sompo International Insurance Company and Endurance American Specialty Insurance Company respectfully request that this Honorable Court issue a protective order that Sompo need not respond to the Requests and further stay discovery as to

5

Sompo pending resolution of plaintiff's claims against the non-insurer defendants.

In San Juan, Puerto Rico, this 3rd day of April, 2025.

I HEREBY CERTIFY that (1) I met and conferred with counsel for the plaintiff prior to filing this motion, as evidenced by the emails attached to the Karchmer Declaration, and (2) on this same date, I uploaded a pdf version of this document to the Court's CM/ECF system, which will send notification of such filing to all parties, through their counsel of record.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (787) 425-4652
Fax: (787) 425-4731