# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN | *  CIVIL NO.: 24CV01136 |
| | * |
|    Plaintiff | * |
| | * |
| v. | * |
| | * |
| McCONNELL VALDES, LLC; | * |
| ANTONIO A. ARIAS-LARCADA, ET AL | * |
| | * |
|    Defendants | * |

_____/

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

TO    :    Defendants, Endurance American Specialty Insurance Company and Sompo International Insurance Company, through its counsel of record Francisco E. Colón-Ramírez, Esq. and Margaret T. Karchmer, Esq.

FROM  :    Plaintiff, Alan Goldman, through his counsel of record, Francisco M. López-Romo, Esq.

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff hereby submits to you the following First Set of Interrogatories and Request for Production of Documents, to be answered in writing and under oath within thirty (30) days from notice hereof. In your answers to said interrogatories you are compelled to provide all the requested information which is within your power to obtain and not merely the one that you possess through personal knowledge. This is also understood to include any information that can be found in the possession of your agents, attorneys, investigators and/or other persons who represent you. Furthermore, since deleted emails and documents are retrievable, you are also obliged to search for the documents requested on hard drives, networks, back-up tapes, cloud storage or wherever else appropriate.

     These interrogatories shall be deemed continuing to the time of trial to the extent provided by Rule 26 of the Federal Rules of Civil Procedure.

<u>**Instructions for Responding to Interrogatories**</u>

     Scope of Responses:

- Inclusive Information: Your responses should encompass all information within your possession, custody, or control, including information known to your agents, representatives, and attorneys.
- Comprehensive Disclosure: Provide all relevant details, even if they may seem partial or incomplete. If exact information is unavailable, supply the best available estimates and indicate that they are estimates.

Format and Organization:

- Restate Interrogatories: Begin each response by restating the corresponding interrogatory in full before providing your answer.
- Sequential Order: Answer each interrogatory in the order presented, ensuring that responses are clearly numbered to match the interrogatories.
- Clarity and Detail: Use precise language and provide detailed explanations. Avoid ambiguous terms and conclusory statements without factual support.

Document Production:

- Reference to Documents: If an interrogatory can be answered by referring to specific documents, identify those documents by title, date, and any other pertinent identifying information.
- Attachment and Labeling: Attach copies of reference documents to your responses, labeling them appropriately to correspond with the related interrogatories.
- Electronically Stored Information (ESI): For electronically stored documents, provide them in a commonly accessible format (e.g., PDF) and ensure they are organized and labeled to correspond with the interrogatories.

Claims of Privilege or Confidentiality:

- Assertion of Privilege: If you withhold any information based on a claim of privilege or confidentiality, explicitly state the claim and provide a privilege log that includes:
    - A description of the nature of the information withheld.
    - The legal basis for the privilege or confidentiality asserted.
    - Sufficient details to permit an assessment of the applicability of the claimed privilege or confidentiality.
- Redaction Protocol: For documents containing both privileged and non-privileged information, produce the document with the privileged portions redacted, clearly indicating the redactions and the basis for them.

Supplementation of Responses:

- Ongoing Duty: You are obligated to promptly update and supplement your responses if you discover additional information or if your previous responses were incomplete or incorrect.
- Timeliness: Provide supplemental responses as soon as practicable upon identifying the need for supplementation.

Verification and Signature:

- Oath Requirement: Each response must be verified under oath by an authorized representative with personal knowledge of the information provided.
- Signature: Ensure that the individual verifying the responses signs each verification page, affirming the truthfulness and completeness of the responses.

Definitions and Interpretations:

- Consistency: Apply the definitions and interpretations provided in the interrogatories to ensure consistency in understanding and responding.
- Clarification Requests: If any term or interrogatory is unclear, seek clarification promptly to avoid misinterpretation in your responses.

Timeframe and Submission:

- Deadline Compliance: Adhere strictly to the response deadline specified in the accompanying cover letter or as mandated by the governing rules of civil procedure.
- Submission Format: Submit your responses in both hard copy and electronic formats, as specified, ensuring that all attachments and exhibits are included and properly labeled.

## Claims of Privilege

For each interrogatory or part of an interrogatory and/or document which you refuse to answer and/or produce on grounds of privilege, please state the specific nature of the privilege claimed with appropriate citation to the relationship or information claimed to be privileged and the legal justification for the privilege. Any allegedly privileged documents should be included in a privilege log which generally describes the document, the date it was created, and the nature of the privilege invoked.

## DEFINITIONS

For the purpose of the present interrogatories, the following definitions shall apply:

a. "Person or "entity", as used herein, shall mean, any individual, partnership, joint venture, corporation, trust or other form or kind of entity or combination thereof, and any government agency, including, without limitations any municipal, local, county, city, regional, state, territorial, multi-state, commonwealth or federal, legislative, executive, judicial or administrative body, public corporation or other political subdivision.
b. "Documents", as herein, is defined in the broadest sense, as such term is used in Rule 34 of the Federal Rules of Civil Procedure, and refers to and includes, <u>all e-mails, deleted e-mails</u>, written, printed, typed, graphic or other type of recorded matter, however produced or reproduced, of every kind and description in the

 actual or constructive possession, custody, care or control of defendant, its insurance company, agents, accountants attorneys, representatives, and affiliates, including, without limitation, originals (or copies where originals are unavailable), non-identical copies, preliminaries, intermediates and final drafts of writings, records and recordings of every kind and description, whether prepared by hand or by mechanical, electronic, microfilm, photographic or other means, as well as phonic (such as tape recordings) or visual reproductions of all statements, conversations or events, and including without limitation: abstracts, data sheets and reports, accounting, statements, or reports, bank statements, address books, advertising material, agreements, analysis of any kind, appointment books, book of accounts, brochures, cablegrams, calendars, charts, handouts, compilations, computer cards, runs and printouts, computer programs, consultants reports or studies, test or inspection procedures, instructions, inter-office or intra-office communications, invoices, receipts, job descriptions or assignments, layouts ledgers, letters, licenses, lists, manuals, mechanical recordings, memoranda of any type, microfilms, minutes and records of any sort of meeting, including directors' meetings, minutes, operating or maintenance manuals, organizational charts, directories, tables and lists, parts and material flats, permits, photographs, pictures, plans, projections, promotional materials, press clippings or releases, publications, procedures, purchase orders, data sheets, and reports, rules, scrapped reports, sketches, specifications, standards, statistical analysis, studies of any kind, subcontracts, telexes, facsimiles, vouchers, brochures, flies and <u>other data compilations from which</u> <u>information can be obtained and/or translated into reasonably usable form</u>.

2. A reference herein to one or more of the above types of documents shall be construed to include all other types of documents without limitation:
   a. "All" and "any" shall mean "any" and "all".
   b. "And" shall include "or", and "or" shall include "and".
   c. Whenever the context so requires, in this discovery request the masculine gender refers to and includes the feminine and neuter, the singular refers to and includes the plural, and the plural refers to and includes the singular.
   d. Whenever a requested document, thing or object is not available for production, describe and identify that document, thing or object within the respective interrogatory or request specifying in detail the reasons for its unavailability.
   e. If there are any documents that will not be produced without service of a Notice to
   Produce Documents, that fact is to be set forth in response to this interrogatory.

   f. If there are any documents which will not be produced, even after service of an appropriate Request to Produce Documents, because such documents are deemed to be privileged, work product or otherwise non-discoverable materials, provide the following information in the answer to the question requesting such documents:
     (1) the reason for withholding the document.

      (2) statement for the basis for the claim of privilege or any other ground for nondisclosure.
      (3) a brief description of the document, including:
- the date of preparation of the document and any date identified on the document.
- the number of pages, attachments, and appendices.
- the name or names of its authors or person who prepared it, and their addresses, relationship to defendant and telephone numbers.
- the name of each person who was sent or shown a blind copy of the document, or who has access and/or is the custodian of the document, and his/her name, address relationship to defendant and telephone number.
- the subject matter of the document, and if it be the case, any other document relating or referring to a meeting, or conversation with regards to said document.
- If any document requested herein was in existence at one time or another, but has been lost, discarded or destroyed, identify in writing such document and provide the following information:

      (4) the date or approximate date it was lost, discarded or destroyed;
      (5) the circumstances and manner in which it was lost, discarded or destroyed;
      (6) the reason or reasons for disposing of the document, if it was discarded or destroyed;
      (7) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal or destruction of the document;
      (8) the identity of the person or persons who lost, discarded or destroyed the document; and,
      (9) the identity of all persons having knowledge of the content of the given document.

- "Identify", "detail" or "describe", as used herein, with respect to a person or entity, mean giving the name and full address of each such person or entity, and when appropriate, the position or employment that each such person holds and has held in the past.

- "Identify", "detail" or "describe", as used herein, with respect to a document, object or thing, mean giving the name of its author, the name of the person or entity it was directed to, report the type of document it is (i.e., letter, memorandum, graphic, etc.) and where it could be found at the present time, along with the name and address of its custodian. Besides providing this information, please supply a copy of each such document, thing or object.

- "Identify", "detail' or "describe', as used herein, with respect to an oral, written, graphic or recorded communications, mean giving the name of its author, the name of the person or entity that produced it, the place where such communication took place, giving a detailed summary of its objects, and

identifying each person or entity that actively or passively participated in such communications.

## INTERROGATORIES

**Policy Information:**

1) Identify all professional liability insurance policies, including primary, excess, and umbrella policies, issued to the defendant law firm that were in effect during the period relevant to the allegations in the complaint. For each policy, provide:
   a) The full name of the insurance carrier, including any parent or subsidiary companies.
   b) The policy number and any internal reference numbers associated with the policy.
   c) The effective dates of coverage, specifying the inception and expiration dates.
   d) The limits of liability for each coverage part, including any applicable sub-limits or aggregates.
   e) The amount of any self-insured retention or deductible applicable to each policy.
   f) A detailed description of any endorsements, riders, or amendments that modify the standard coverage terms, including but not limited to exclusions, additional insured provisions, or changes in policy limits.
   g) The name and contact information of the insurance broker or agent who procured each policy.
   h) The underwriting file for each policy, including all communications, notes, and assessments made during the underwriting process.

**Notice of Claim:**

2) State the exact date and time when you first received notice, in any form, of the claims asserted in this lawsuit against the defendant law firm.
3) Describe in detail the way the notice was provided, including whether it was via written correspondence, email, telephone call, or any other means.
4) Identify the individual(s) who provided such notice, including their full name, title or position, contact information, and their relationship to the defendant law firm.
5) Provide copies of all written notices, emails, letters, or other documents through which you received notice of the claims.
6) If notice was provided orally, provide a detailed account of the conversation, including the date, time, participants, and content of the discussion.
7) Describe any actions taken by you upon receiving notice, including the dates and nature of such actions.
8) Provide your policies and procedures regarding the receipt and handling of claims notices and indicate whether these were followed in this instance.

**Reservation of Rights and Coverage Positions:**

9) Have you issued any reservation of rights letters, coverage position letters, or any other correspondence to the defendant law firm concerning the claims in this lawsuit? If so, for each instance, provide:
   a) The date of the letter or correspondence was issued.
   b) The method of delivery (e.g., certified mail, email) and confirmation of receipt by the defendant law firm.
   c) A detailed explanation of each specific coverage defense, exclusion, or issue raised in the correspondence.
   d) Copies of all such letters or correspondence.
   e) Any responses received from the defendant law firm regarding the reservation of rights or coverage positions.
   f) The current status of each coverage issue raised, including whether any have been resolved or are subject to ongoing dispute.
   g) Internal memoranda, notes, or communications discussing the decision to issue each reservation of rights or coverage position letter.

### Defense Counsel Appointment:

10) Have you appointed a defense counsel to represent the defendant law firm in this matter? If yes, provide:
    a) The full name, firm name, and contact information of the appointed defense counsel.
    b) The date on which the appointment was made, and the date defense counsel accepted the assignment.
    c) A copy of any retainer agreement, engagement letter, or contract outlining the terms of representation.
    d) An explanation of the selection process for the defense counsel, including whether they are part of your panel of approved attorneys or were independently selected.
    e) Details of any prior engagements or relationships between the appointed defense counsel and your company.
    f) The scope of representation and any limitations or specific instructions provided to the defense counsel.
    g) Copies of all communications between you and the appointed defense counsel regarding this lawsuit.

### Claims Handling and Investigation:

11) Describe in comprehensive detail the steps you have taken to investigate the claims asserted in this lawsuit, including:
    a) The date any claims adjusters, investigators, or internal claims handlers were assigned to this matter.
    b) The names, titles, and contact information of all individuals involved in the investigation.
    c) A timeline of all investigative actions taken, including interviews conducted, documents reviewed, and site visits performed.

- d) Copies of all reports, memoranda, notes, or summaries generated as part of the investigation.
- e) Any communications with the defendant law firm regarding the investigation, including requests for information and their responses.
- f) Details of any expert consultants or external agencies engaged during the investigation, including their findings and reports.
- g) Your internal guidelines, manuals, or protocols for handling and investigating legal malpractice claims, and indicate whether these were followed in this case.

**Prior Claims and Incidents:**

**Identification of Prior Claims:**

12) Have there been any prior claims, lawsuits, or incidents reported to you involving the defendant law firm that alleges acts of legal malpractice, unjust enrichment, judicial misconduct, abuse of process, or malicious prosecution? If so, for each such claim or incident, provide:
    - (a) A comprehensive description of the nature of the claim, including the specific allegations made against the law firm.
    - (b) The date the claim was reported to you and the date of the alleged incident.
    - (c) The status of the claim (e.g., open, closed, settled) and, if closed, the date of closure.
    - (d) The number of settlements or judgments paid, including a detailed breakdown of indemnity payments and defense costs.
    - (e) Copies of all correspondence, investigative reports, and legal documents related to each claim.
    - (f) Details of any corrective actions or risk management measures implemented by the law firm because of the claim.

**Pattern of Conduct:**

13) Based on the prior claims identified, do you perceive a pattern of conduct by the defendant law firm that could be indicative of systemic issues related to legal malpractice or other alleged misconduct? If so, provide:
    - (a) A detailed analysis of the recurring issues or behaviors observed.
    - (b) Any steps taken by you to address these concerns with the law firm.
    - (c) Recommendations made to the law firm to mitigate future risks.

**Impact on Current Coverage:**

14) Have any of the prior claims or incidents resulted in modifications to the defendant law firm's current insurance coverage? If so, specify:
    - (a) Changes in policy terms, conditions, or exclusions.
    - (b) Adjustments to premium amounts.
    - (c) Implementation of any special endorsements or riders.

      (d) Requirements for the law firm to undertake specific risk management practices as a condition of coverage.

### Disclosure Obligations:

15) Did the defendant law firm disclose all prior claims or incidents during the application or renewal process for their current insurance policies? If not, provide:
    - (a) Details of any omissions or misrepresentations identified.
    - (b) The potential impact of such nondisclosures on the validity of the current policies.
    - (c) Any actions taken by you upon discovering these omissions or misrepresentations.

### Claims Handling Procedures:

16) Describe your standard procedures for handling claims of legal malpractice and related allegations against insured law firms. In your response, include:
    - (a) The typical timeline and steps involved in investigating such claims.
    - (b) Criteria used to determine the validity and potential liability associated with a claim.
    - (c) The role of external legal counsel or experts in the evaluation process.
    - (d) Any differences in handling when a pattern of similar claims is identified.

### Confidentiality and Privilege Considerations:

17) Are there any confidentiality agreements, non-disclosure provisions, or privilege claims that would restrict your ability to fully disclose information related to prior claims or incidents? If so, provide:
    - (a) The nature and scope of such restrictions.
    - (b) Steps that can be taken to obtain the necessary permissions or waivers to allow full disclosure.
    - (c) Any redacted versions of documents or summaries that can be provided in the interim.

### Policy Exclusions and Limitations:

### Identification of Applicable Exclusions or Limitations:

18) Enumerate and describe any specific exclusions or limitations within the relevant insurance policies that you assert are applicable to the claims in this lawsuit, including but not limited to allegations of legal malpractice, unjust enrichment, judicial misconduct, abuse of process, and malicious prosecution.

**Specific Policy Language:**

19) For each exclusion or limitation identified, provide the exact language from the policy, including section, paragraph, and clause numbers.
    a) Include any definitions within the policy that clarify terms used in the exclusion or limitation.

**Application to Claims:**

20) Explain in detail how each identified exclusion or limitation applies to the specific claims asserted in this lawsuit.
    a) Provide a factual and legal basis for the applicability of each exclusion or limitation to the claims.
    b) Cite any relevant case law, statutes, or regulatory provisions that support your position on the applicability of the exclusion or limitation.

**Intentional Acts Exclusion:**

21) Do the policies contain exclusions for intentional, malicious, dishonest, criminal, or illegal acts, including intentional violations of any law, regulation, statute, or ordinance?
    a) If so, provide the specific policy language of such exclusions.
    b) Discuss whether and how you contend this exclusion applies to any of the claims, particularly those alleging malicious prosecution or abuse of process.

**Insured vs. Insured Exclusion:**

22) Do the policies include an "Insured vs. Insured" exclusion, which precludes coverage for claims brought by or on behalf of one insured against another insured?
    a) If applicable, provide the specific policy language of this exclusion.
    b) Explain how this exclusion is relevant to the current claims, specifying which parties are considered insureds under the policy.

**Business Enterprise Exclusion:**

23) Is there an exclusion for claims arising from the insured's activities as an officer, director, partner, or employee of a business enterprise not named in the policy?
    a) If so, provide the exact wording of this exclusion.
    b) Clarify whether this exclusion is being invoked concerning any claims, and if so, detail the relationship between the insured and the business enterprise involved.

**Investment Advice Exclusion:**

24) Do the policies exclude claims based on or arising out of the rendering of investment advice, including advice to make or refrain from making investments?
    a) If such an exclusion exists, provide the specific language.

    b) Indicate whether this exclusion is asserted concerning any claims, particularly those involving financial transactions or advice.

### Prior Knowledge Exclusion:

25) Is there an exclusion for claims arising from acts, errors, or omissions known to the insured prior to the policy's effective date?
    a) If present, provide the exact policy language.
    b) Discuss how this exclusion applies to the claims, including any assertions that the insured had prior knowledge of the circumstances leading to the claims.

### Other Relevant Exclusions:

26) Identify any other exclusions or limitations within the policies that you believe are pertinent to the claims in this lawsuit.
    a) For each, provide the specific policy language and a detailed explanation of its applicability to the claims.

### Indemnity Payments and Reserves:

27) Have you established any reserves for potential indemnity or defense costs related to this lawsuit? If so, state:
    a) The date the reserves were established.
    b) The amounts reserved for indemnity and defense, respectively.
    c) Any adjustments made to the reserves and the reasons for such adjustments.

### Communications Regarding Coverage:

28) Provide a log of all communications between you and the defendant law firm concerning insurance coverage for the claims in this lawsuit, including:
    a) Dates of communication.
    b) Medium of communication (e.g., email, letter, phone call).
    c) Participants in communication.
    d) A summary of the content discussed.

### Policy Limits and Erosion:

### Payments Affecting Policy Limits:

29) Have any payments been made under the relevant insurance policies that may erode or reduce the limits available for the claims in this lawsuit? If so, provide:
    (a) The total amount of payments made to date under each policy.
    (b) A detailed breakdown of each payment, including:
        (1) The date of the payment.
        (2) The recipient of the payment.
        (3) The purpose of the payment (e.g., defense costs, settlements, legal fees).

    (4) The specific claim or matter to which the payment relates.
  (c) The remaining available policy limits after each payment.

### Defense Costs and Expenses:

30) Specify the total amount of defense costs and legal expenses incurred to date in connection with the claims in this lawsuit.
    a) Indicate whether these defense costs and expenses have been paid from the policy limits, thereby reducing the available coverage.
    b) Provide detailed invoices or billing statements supporting the defense costs and expenses incurred, including:
        (a) The names of the law firms or service providers.
        (b) The services rendered.
        (c) The dates of service.
        (d) The amounts billed and paid.

### Settlements and Judgments:

31) Have any settlements been reached or judgments rendered that involve payments under the relevant insurance policies? If so, provide:
    (a) The amount of each settlement or judgment.
    (b) The date of each settlement or judgment.
    (c) The parties involved in each settlement or judgment.
    (d) The portion of each payment allocated to indemnity versus defense costs.
    (e) The remaining policy limits following each payment.

### Policy Provisions on Erosion:

32) Do the relevant insurance policies contain provisions stating that defense costs, legal expenses, or other payments erode or reduce the policy limits? If so:
    (a) Cite the specific policy language or clauses that outline these provisions.
    (b) Provide a copy of the policy sections where this language is found.
    (c) Explain how these provisions have been applied in handling the claims related to this lawsuit.

### Notifications and Communications:

33) Have you provided any notifications to the insured regarding the erosion of policy limits due to payments made? If so, provide:
    (a) Copies of all written communications, including letters and emails, informing the insured of the reduction in available policy limits.
    (b) The dates of these communications were sent.
    (c) Any responses received from the insured concerning these communications.

### Impact on Coverage:

34) Based on the payments made to date, what is the current amount of coverage available under each relevant insurance policy for the claims in this lawsuit?
    a) If the policy limits have been exhausted or are anticipated to be exhausted, explain:
        (a) The date on which exhaustion occurred or is expected to occur.
        (b) The implications for the insured's defense and indemnity coverage.
        (c) Any steps taken to notify the insured and other relevant parties about the exhaustion of policy limits.

**Expert Consultations:**

35) Have you consulted or retained any experts in connection with the defense or evaluation of the claims asserted in this lawsuit? If so, for each expert, provide:
    a) The expert's full name, area of expertise, and contact information.
    b) The date of retention and the scope of their engagement.
    c) A summary of the experts' findings, opinions, or reports, including any documents or analyses they have produced.
    d) Copies of all correspondence, contracts, invoices, and communications between you and the expert.
    e) Details of any prior engagements between the expert and your company or the defendant law firm.

**Communications with Third Parties:**

36) Have you had any communications with third parties regarding the claims in this lawsuit, including but not limited to Namrata Khimani, John Michael Grzan, and Teal Peak Capital? If so, for each communication, provide:
    a) The date, time, and method of communication (e.g., email, telephone, in-person meeting).
    b) The full names, titles, and contact information of all participants in the communication.
    c) A detailed summary of the topics discussed, information exchanged, and any decisions or agreements made.
    d) Copies of all written communications, including emails, letters, and memos, as well as notes or transcripts of oral communications.
    e) The purpose and context of the communication, including how it relates to the claims in this lawsuit.

**Insurance Services to Ferraiuoli LLC:**

37) Do you or any affiliated entities provide professional liability insurance or any other form of insurance services to the law firm of Ferraiuoli LLC? If so, provide:
    a) The types of insurance policies issued include policy numbers, coverage limits, and effective dates.
    b) Details of any claims made under these policies, including the nature of the claims, dates, and outcomes.

c) Copies of the insurance applications, underwriting files, and any correspondence related to the issuance or renewal of the policies.
d) Information on any shared loss history or risk assessments conducted in relation to Ferraiuoli LLC.
e) Any known relationships or collaborations between Ferraiuoli LLC and the defendant law firm pertinent to this lawsuit.

**Claims Related to 13 Dorado Beach Estates**:

38) Have you received any other claims or potential claims, aside from the current lawsuit, involving the plaintiff or concerning the property located at 13 Dorado Beach Estates, Dorado, Puerto Rico? If so, for each claim, provide:
   a) A description of the nature of the claim, including the parties involved and the specific issues related to the property.
   b) The date of the claim was made and the date of the alleged incident or loss.
   c) The status of the claim and, if resolved, the resolution details, including any payments made.
   d) Copies of all related claim files, investigative reports, correspondence, and settlement agreements.
   e) Any subrogation actions or recovery efforts undertaken in connection with the claim.

RESPECTFULLY SUBMITTED.

In Miami, Florida, this 12th day of March 2025.

*s/Francisco M. López-Romo*
Francisco M. López-Romo, Esq.
USDC No.: 118314
PO Box 331823
Coconut Grove, Florida  33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com