# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>    Plaintiff<br><br>    v.<br><br>MCCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, his wife<br>MRS. ARIAS, and the Conjugal Partnership<br>composed by them;<br>JOSE IRIZARRY-CASTRO;<br>JOHN DOE; MARY DOE<br>UNKNOWN INSURANCE COMPANY;<br><br>    Defendants | CIVIL NO.: 24cv01136(SCC) |

## MOTION FOR STAY OF DISCOVERY PENDING RESOLUTION OF THRESHOLD ISSUES

**TO THE HONORABLE COURT:**

**NOW APPEAR** co-defendants Antonio Arias Larcada, his wife María Beale, and the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through their undersigned counsel, and very respectfully state and pray as follows:

### I.    Introduction:

Pending before the Court are a number of matters that will significantly impact the outcome of this case. In view of the plaintiff's continued resistance to the Court's orders requiring him to come to Puerto Rico for a mental and physical examination, the appearing defendants have filed a Motion to Compel (Dkt. No. 92) which plaintiff has opposed (Dkt. No. 96). Subsequently, the plaintiff filed a Motion for Change of Venue asking the Court

to transfer this case to Vermont (Dkt. No. 102), which the defendants have opposed (Dkts. No. 108, 109, 113). The plaintiff has also filed a Motion for Leave to file a Third Amended Complaint (Dkt. No. 110), which the defendants have opposed (Dkt. Nos. 111, 113, 114) and plaintiff has replied to (Dkt. No. 112).

Parallel to these pending motions, discovery has been ongoing, pursuant to Magistrate Judge Marshall Morgan's Scheduling Order (Dkt. No. 91). Although discovery remains in its initial stages, there are already some disputes brewing. The appearing defendants have objected to the plaintiff's answers to interrogatories and requests for production and are still awaiting a response from plaintiff to a deficiency letter sent February 11, 2025. The plaintiff has sent a set of interrogatories to codefendant María Beale which she objects to as oppressive, burdensome and not calculated to lead to relevant evidence. Also, codefendants Endurance American Specialty Insurance Company and Sompo International Insurance Company have filed a Motion for Protective Order and Motion to Stay Discovery as to them (Dkt. No. 117).

If this case continues on track, the pending discovery is truly formidable. The number of witnesses announced by the plaintiff is staggering, and some are not even located in Puerto Rico. The plaintiff has also announced expert appraisers and is expected to announce medical experts as well as law professors as witnesses. As it stands, the discovery contemplated in this case appears extremely lengthy, costly and extensive.

Because the issues currently pending before the Court are threshold matters, which may ultimately be dispositive of the case, the appearing defendants wish to avoid incurring the considerable time and expense involved in continued discovery by the parties, particularly given the numerous witnesses announced by the Plaintiff. Accordingly, they

hereby request that discovery be stayed until the Court decides the threshold matters involving Mr. Goldman's continued attempts to litigate this case remotely.

**II.     Background:**

Plaintiff Alan Goldman is suing the appearing defendants, a Puerto Rico lawyer, his wife and law firm, for allegedly failing to competently defend him in a Puerto Rico lawsuit filed against him by the buyer of a property Mr. Goldman owned in Puerto Rico, which he refused to sell despite signing a purchase agreement.  Because Mr. Goldman's Amended Complaint claims that his former lawyers failed to raise his alleged "cognitive impairment" as a defense to the suit, both his physical and mental state are at issue in this case.  Accordingly, on August 27, 2024, the appearing defendants filed a Motion (Dkt. No. 34) pursuant to Fed.R.Civ.P. 35 requesting that he be ordered to submit to a mental and physical examination by Dr. José A. Franceschini, a local psychiatrist.  Mr. Goldman did not oppose the defendants' Motion, and on September 18, 2024, the Court granted it, ordering the plaintiff to "submit to a mental and physical examination" at Dr. Franceschini's office on October 21 and 23, 2024.  Dkt. No. 45.

Two weeks after the Court granted defendants' Motion, on October 1, 2024, plaintiff's counsel emailed the undersigned, advising that his client "will not be able to travel to San Juan for the examination" ordered by the Court.  Ten days later, on October 10, 2024, the plaintiff filed a "Motion Requesting Relief" (Dkt. No. 47), wherein he asked the Court to set aside or modify its prior Order, alleging that he was unable to travel to Puerto Rico for the examination due to unspecified medical conditions.  On October 16, 2024, the appearing defendants filed their Opposition (Dkt. No. 49), which was subsequently joined by the co-defendants (Dkts. No. 50, 51).  Despite the existence of the

Court's Order at Dkt. No. 45, the plaintiff did not appear for the mental and physical examination on October 20, 2024. See, "Informative Motion", Dkt. No 55.

On November 4, 2024, the plaintiff filed a "Second Motion Requesting Relief from Court Order Regarding Physical and Mental Examination". In it, the plaintiff reiterated his prior request to be relieved from the Court's Order at Dkt. No. 45. His request was based on a signed letter dated October 10, 2024, by Amy E. Renner, NP (not a physician but rather a "Nurse Practitioner") who purported to give her "medical opinion" to the effect that Mr. Goldman "should not travel out of the country due to multiple medical concerns." Subsequently, on November 12, 2024, and without requesting leave of Court, the plaintiff filed two additional motions: (1) a "Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief (Dkt. No. 62); and (2) a "Motion under Seal in Support of Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief (Dkt. No. 63). Additional motions on the subject were filed at docket numbers 65, 66, 67 and 68.

On November 15, 2024, the Court held a hearing to address the plaintiff's claims. After extensive argument from the parties, the Court "determined that the medical examination will not be performed in Vermont" as requested by the plaintiff. See, Dkt. No. 69. The Court stayed the case for sixty (60) days to allow Mr. Goldman to deal with certain pressing business matters involving the State of Vermont which he alleged prevented him from traveling. Upon expiration of this term, the matter would be referred to a Magistrate Judge for a Scheduling Conference, "including the deadline for Dr. Franceschini to conduct the medical examination." Id. The Court reiterated this ruling at Docket Number 81.

The stay expired, and on February 12, 2025, the undersigned wrote to plaintiff's counsel advising that "Dr. Franceschini is available to conduct the evaluation of Mr. Goldman on either March 27 and 31, 2025, or April 3 and 4, 2025." In response, rather than agree to any of the proposed dates, the plaintiff's counsel emailed the undersigned attaching his client's psychiatric records and a letter from Dr. James Stone. Dr. Stone's letter discusses Mr. Goldman's medical history and states that Mr. Goldman "experiences intense Agoraphobia and frequent panic attacks especially in crowded settings making it nearly impossible for him to leave his home without significant emotional and physical distress." According to Dr. Stone, Mr. Goldman reports "avoiding public transportation, airplanes, buses, churches, temples, restaurants, and all public gathering places since the onset of the pandemic." On this basis, Dr. Stone "recommend[s] that all legal proceedings occur in Vermont."

On March 7, 2025, the appearing defendants filed a Motion to Compel the Plaintiff's physical and mental examination, requesting that the Court order the plaintiff to appear or face dismissal of his complaint. Dkt. No. 92. The plaintiff filed a response reiterating his previously denied request that the examination be conducted in Vermont (Dkt. No. 96) and subsequently filed a Motion to Change Venue requesting the transfer of this case to the District of Vermont (Dkt. No. 102). Additional letters and medical records were submitted purporting to show that travel to Puerto Rico would endanger the plaintiff's health and that all proceedings should take place remotely in Vermont. The defendants opposed the requested change of venue (Dkts. No. 108, 109, 113).

The plaintiff also subsequently filed a Motion for Leave to file a Third Amended Complaint (Dkt. No. 110), which the defendants opposed (Dkt. Nos. 111, 113, 114) and the plaintiff replied to (Dkt. No. 112).

Parallel to these pending motions, discovery has been ongoing, pursuant to Magistrate Judge Marshall Morgan's Scheduling Order (Dkt. No. 91). The parties have exchanged interrogatories and requests for production of documents, and Mr. Goldman has announced numerous witnesses located in Vermont, including the State Governor, the Montpelier City Manager, the Town and Zoning Administrator, a State Tax Collector, an Assistant Attorney General, several State Inspectors, and an Assistant State Fire Marshall. He has also announced numerous witnesses located in Puerto Rico, including Benito Martínez Ocasio (a/k/a "Bad Bunny"), René Pérez (a/k/a "Residente Calle 13"), Héctor "Tato" Orizondo, Uva Rodríguez, Rey Ríos Castro, Aida Colón, Joshua Levey, Peter Schiff, Hiram Albino, Isabel Albors, Juan Albors, Police Lieutenant Diego Colón, Francisco Ramos, Esq., Frankie Castro, Felix Castro, María González, Juan Botello, the law firm of Goldman, Antonetti & Córdova, José "Pachi" García-Cosculluela, Martinal Real Estate, Dennise Morales Soler, Dr. Carmen J. Cividanes-Lago, David M. Seerman, Gerald Kleis, Ana C. Dumar Orlowska, Jackie Sierra, Lillian Mateo Santos, Jenyfer García Soto, Yanmarie Rotger De la Portilla, Patricia George Iguina, José Castro, Edgardo (Eggie) Cartagena, Esq. and Ivan Lladó, Esq. The Plaintiff has also announced Puerto Rico law professors José Efraín Hernández and Ramón Antonio Guzmán Rivera as his witnesses.

In addition to all of these witnesses, the defendants have announced expert appraisers, domiciled in Puerto Rico, who are familiar with the real estate market on the

island, as well as Dr. José Franceschini, a local psychiatrist (not admitted to practice medicine in Vermont) who will evaluate the Plaintiff's mental and physical condition.

The appearing defendants have objected to the plaintiff's answers to interrogatories and requests for production and are still awaiting a response from plaintiff to a deficiency letter sent February 11, 2025. Codefendant María Beale also objects to the plaintiff's interrogatories aimed at her as irrelevant, oppressive and burdensome. Also, codefendants Endurance and Sompo have filed a Motion for Protective Order and Motion to Stay Discovery as to them (Dkt. No. 117).

**III.     Applicable Law:**

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North Am. Co., 299 U.S. 248 (1936)). This discretionary power to control its own docket is seen through the lens of preserving the "economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254- 55. Courts, in the exercise of their discretionary power, tend to defer or stay discovery while a dispositive motion is pending. See Jiménez v. Nielsen, 326 F.R.D. 357, 361 (D. Mass. 2011); Guttenberg v. Emery, 26 F.Supp.3d 88, 97 (D.D.C 2014). Given the potential outcome of dismissal, Courts can utilize this discretion to avoid the unwanted, yet frequent, exploitation of flexible pretrial discovery rules. See Herbert v. Lando, 441 U.S. 153, 179 (1979) (Justice Powell concurring). In deciding to exercise its discretionary power to stay proceedings, the court should balance the interests of the parties and the Court. See Landis, 299 U.S. at 254-55.

**IV.     Argument:**

    **A. A stay of discovery pending resolution of threshold issues is appropriate in this case to avoid unnecessary expense and preserve the parties' resources:**

The threshold issue in this case is whether the plaintiff will be allowed to prosecute his lawsuit in this district remotely, as he has repeatedly sought to do. Despite the Court's clear and unambiguous orders to the contrary (see Dkts. No. 45, 69 and 81), Mr. Goldman has stubbornly doubled down, opposing the defendants' Motion to Compel his attendance at the scheduled examination by Dr. Franceschini and filing a Motion to transfer this case to Vermont. He is also seeking to amend his complaint for the third time and to conduct discovery against the codefendant insurers, despite having told the Magistrate Judge that he would not (See Dkt. No. 117).

If the Plaintiff's requests are ultimately denied, as we expect they will be, and he still refuses to abide by the Court's directives, as we expect that he will, the Court will have no choice but to dismiss his complaint.

Meanwhile, the discovery involved in continuing to litigate this case is quite massive. The depositions alone are formidable, as the plaintiff has announced dozens of fact witnesses. In addition, there will be expert appraisers, physicians and law professors who will have to be deposed. All of this discovery will be enormously expensive, involving countless hours of work by lawyers, court reporters, translators and experts. And all of it may well be for naught, if the plaintiff continues to refuse to come to Puerto Rico for the mental and physical examination ordered by the Court. Indeed, if he does not come to Puerto Rico for the mental and physical examination, he cannot be expected to come to Puerto Rico for trial.

The plaintiff's desperate request to transfer this case to Vermont is doomed to fail. Under 28 U.S.C. Sec. 1404(a), a case can only be transferred to another district if it could have been brought there in the first place. Clearly, Mr. Goldman's suit could not have been

brought in Vermont, as it involves litigation against a Puerto Rico law firm for legal services rendered in Puerto Rico with respect to a parcel of real property located in Puerto Rico, and the defendants have had no contacts with Vermont that would allow a court in that state to exercise *in personam* jurisdiction over them (See Dkt. No. 108). The requested change of venue is thus unavailable to Mr. Goldman, and his motion to transfer this case to Vermont must be denied.

Once the Motion for Change of Venue is denied, the question will then be: will Mr. Goldman finally comply with the clear and unambiguous directives he has been given and come to Puerto Rico for the mental and physical examination ordered by the Court? Based upon his continued resistance, and his insistent claims that such travel will endanger his health, if not his life, the answer is likely an unequivocal "no". The Court should expect him to continue to resist its directives by all means available, including by filing motions for reconsideration, appeals, writs of mandamus, etc. Meanwhile, if discovery continues, the appearing defendants will have no choice but to incur considerable expenses in defending themselves, including by deposing dozens of witnesses announced by the plaintiff and retaining several experts to conduct appraisals, investigations and analyses.

Given these circumstances, the Court should exercise its discretion and stay all other discovery until the threshold matters are resolved. If the plaintiff continues to insist upon a non-existent right to litigate this case remotely, and ultimately has his complaint dismissed for failure to abide by the Court's orders, then the parties will have avoided the considerable time and expense involved in the depositions of dozens of fact witnesses and experts. If, on the other hand, Mr. Goldman chooses to obey this Court's orders and come to Puerto Rico as required, then the stay can be lifted and discovery can continue as usual.

**WHEREFORE**, for all of the above stated reasons, it is respectfully requested that the Honorable Court issue an Order staying discovery in this case pending resolution of the matters raised in Dkts. No. 92, 96, 102, 108, 109, 110, 111, 112, 113, 114 and 117,

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 8th day of April, 2025.

**I HEREBY CERTIFY** that on this 8th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
USDC-PR No.: 204706
Attorney for Defendants
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail: sanjuanm@microjuris.com