IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| Plaintiff | * | |
| V | * | |
| McCONNELL VALDÉS, LLC;<br>ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| Defendants | * | |

**PLAINTIFF'S MOTION REQUESTING THE ISSUANCE OF AN ORDER
ORDERING DEFENDANTS, SOMPO INTERNATIONAL INSURANCE COMPANY
AND ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY
TO PROVIDE THEIR ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Alan Goldman, through his undersigned counsel, and respectfully submits this motion to request the issuance of a court order, ordering the parties' compliance with their duty to provide their respective answers to the pending interrogatories and requests for production of documents, and respectfully states as follows:

I. INTRODUCTION

1. On February 27, 2025, the Honorable U.S. Magistrate Judge Marshal D. Morgan set the discovery milestone in this case, ordering that the answers to written interrogatories and requests for production of documents would have the dateline of April 30, 2025. (Document Number 91)

2. On April 3, 2025, Defendants, Sompo and Endurance insurance companies filed their "Motion for a Protective Order and to Stay Discovery as to Sompo" to request an

order to stay discovery in this matter, citing pending motions and purported threshold issues.

3. However, this request serves only to further delay proceedings and prejudice Plaintiff, Goldman's ability to prosecute his claims. Notably, said defendants have failed to respond to any of Plaintiff's discovery requests, including interrogatories and requests for production, that were initially served as early as September 2024, during October 2024, with additional requests in January 2025.

4. To date, none of the defendants have provided a single response, thereby obstructing the discovery process and undermining Plaintiff's right to obtain relevant information.

## II. ARGUMENT

5. **Defendants' Non-Compliance with Discovery Obligations -** Despite the clear mandates of the Federal Rules of Civil Procedure, defendants have consistently failed to fulfill their discovery obligations. Plaintiff, Goldman served interrogatories and requests for production in September and October of 2024, followed by additional requests in January 2025. Defendants have not provided any responses. This blatant disregard for discovery rules should not be rewarded by granting a stay; rather, it underscores the need for the Court to compel Defendants to comply.

6. **Improper Use of Stay to Argue Merits -** Defendants' motion for a stay is being utilized as a vehicle to argue the merits of the case under the guise of addressing "threshold issues." This tactic is inappropriate and serves only to prejudice Plaintiff by delaying the proceedings and obstructing access to pertinent information necessary for the prosecution of his claims.

7. To this date, defendants Arias, Beale and MCV LLC have refused to provide anything more than two depositions they conducted in September 2024, they have collectively refused to provide answers to interrogatories and requests for production served in September/October 2024 and January 2025, all of which are long overdue and have materially prejudiced plaintiff, Goldman's cause of action in this matter.

8. Furthermore, Plaintiff, Goldman's cause of action is for legal malpractice for which the defendants have weaponized the plaintiff, Goldman's elder age and health conditions for which they have insider playbook knowledge as to plaintiff, Goldman's fragile health and therefore are weaponizing his advanced age and health as their sole defense to the broader malpractice claims before the Court which tangentially touch upon the Plaintiff's health conditions but in no way are substantiative to the Plaintiff's cause of action in this matter for the legal malpractice suffered by Plaintiff, Goldman.

9. **Lack of Good Cause for Stay -** Courts generally disfavor staying discovery pending the resolution of dispositive motions, emphasizing the importance of proceeding with discovery to prevent unnecessary delays and expenses. In _Wolf v. United States_, the U.S. District Court for the District of Kansas articulated that "as a general policy, discovery is not to be stayed even though dispositive motions are pending." Similarly, the U.S. District Court for the District of Puerto Rico has maintained that, absent a court order, discovery should continue irrespective of pending dispositive motions. In _Case 3:21-cv-01621-GMM_, the court stated: "In the absence of a Court order, discovery shall continue even if there is a dispositive motion pending."

10. Furthermore, the U. S. Court of Appeals for the 1st Circuit has underscored the necessity of adhering to discovery deadlines to avoid prejudicing the parties involved. In *Torres v. Puerto Rico*, the Court noted that tactics delaying discovery rendered the original discovery deadline impracticable and forced the district court to vacate the trial date.

11. These precedents collectively highlight that the mere existence of pending dispositive motions does not constitute good cause for staying discovery, especially when such delays could prejudice the opposing party's ability to proceed with their case.

12. F.R.Civ.P. 11 prohibits attorneys from engaging in certain unethical conduct in Federal courts. Attorneys must not present legal filings "for improper purpose[s]," including "to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  FRCP 11(b)(1).  Attorneys must ensure that legal arguments are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  F.R.Civ.P. 11(b)(2).

13. Attorneys must ensure that their statements about facts are "reasonably based" on evidentiary support, or a belief that such evidence actually is in existence.  F.R.Civ.P. 11(b)(3) and 11(b)(4).  When these commands are violated, opposing parties are authorized to file a motion for sanctions.  F.R.Civ.P. 11(c).

14. The text of this rule specifically addresses and provides for sanctions for attorneys and their firms as well as for recalcitrant parties given the solemn obligation that attorneys have to act with respect to the rule of law and to uphold our Nation's legal system with integrity.

15. Furthermore, Rule 3.1 of the Model Rules of Professional Conduct provides that, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

16. **Prejudice to Plaintiff -** Granting a stay would further prejudice Plaintiff, who has already been disadvantaged by Defendants' failure to participate in discovery. Plaintiff, Goldman is entitled to obtain evidence to support his claims without undue delay. Staying discovery would reward Defendants' non-compliance and hinder Plaintiff's ability to prosecute his case effectively.

### III. CONCLUSION

Wherefore, Plaintiff, Goldman respectfully requests from this Honorable Court to deny Defendants' Motion for Stay of Discovery Pending Resolution of Threshold Issues. Plaintiff, Goldman further requests that this Honorable Court enter an Order, compelling Defendants to respond to all outstanding discovery requests forthwith, and to grant any further relief deemed to be just and proper.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 14th day of April 2025.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of April 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314

PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com