UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>   Plaintiff<br><br>v.<br><br>MCCONNELL VALDES, LLC et al.,<br><br>   Defendants | Civil No.: 24-1136 (SCC) |

**SOMPO INTERNATIONAL INSURANCE COMPANY AND ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION REQUESTING THE ISSUANCE OF AN ORDER ORDERING DEFENDANTS, SOMPO INTERNATIONAL INSURANCE COMPANY AND ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY TO PROVIDE THEIR ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO THE HONORABLE COURT:

COME NOW defendants Sompo International Insurance Company and Endurance American Specialty Insurance Company (collectively, "Sompo"),[1] through their undersigned attorney, and, for the following reasons, respectfully respond to and oppose Plaintiff's Motion Requesting the Issuance of an Order Ordering Defendants, Sompo International Insurance Company and Endurance American Specialty Insurance Company to Provide Their Answers to Plaintiff's Interrogatories and Request for Production of Documents (the "Motion"):

**BACKGROUND**

As detailed in Sompo's Motion for a Protective Order and to Stay Discovery as to Sompo (the "Sompo Stay Motion") (ECF No. 117), at a February 27, 2025 scheduling conference with

---

[1] Sompo International Insurance Company is not a legal entity; "Sompo International" was previously used as a trade name. The proper legal entity that issued the Sompo Excess Policy, as defined below, is Endurance American Specialty Company.

United States Magistrate Judge Marshal D. Morgan counsel for plaintiff, Francisco M. López Romo, expressly confirmed that plaintiff would not serve discovery on Sompo and AIG International Company – Puerto Rico ("AIG" and, together with Sompo, the "Insurers"). *See* ECF No. 117 and attached exhibits Notwithstanding this attestation, plaintiff issued requests for the production of documents and interrogatories (the "Requests") (ECF No. 117-2) to the Insurers less than two weeks later, on March 12, 2025. *See id.* .

On April 3, 2025, Sompo filed its Motion to Stay, seeking to stay discovery as to Sompo because (1) plaintiff's counsel expressly represented that he would not seek discovery from the Insurers; and (2) plaintiff's claims against Sompo, which issued an excess insurance policy to McConnell Valdes, LLC, are contingent upon a number of matters and will be moot if either a) plaintiff does not prevail on his claims against the non-insurer defendants or b) plaintiff prevails but obtains a judgment of less than $5 million plus the amount remaining on the $300,000 Deductible under the AIG Primary Policy. Accordingly, Sompo would be unduly burdened if it were required to incur the expense of responding to discovery requests at this stage of the litigation. *See id.* Sompo's Motion remains pending before the Court.

Notwithstanding its pending Motion to Stay, Sompo timely served Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Sompo Objections and Responses to Requests") on April 11, 2025. *See* Ex. A. As such, plaintiffs' statements in the Motion that Sompo "failed to respond to any of Plaintiff's discovery requests" and "none of the defendants have provided a single response" to discovery requests from plaintiff are baseless.

Moreover, these were the first discovery requests issued to Sompo in this action; it is unclear why plaintiff references prior discovery requests in September and October of 2024 and

2

additional requests in January 2025; there were no such requests issued to Sompo.

## ARGUMENT

I. **Plaintiff's motion should be denied and/or stricken for failure to meet and confer before filing.**

Local Rule 26(b) provides that "A judicial officer shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice." Plaintiff did not meet and confer with Sompo before filing this Motion, and the Motion thus does not contain the required certification. For this reason alone, the Motion should be denied and/or stricken particularly since plaintiff's counsel has already been admonished before for failure to comply with the Local Rules of this Court. See docket 124.

II. **Sompo has complied with all discovery obligations to date by timely responding to the only discovery requests served on Sompo.**

To the extent plaintiff's Motion suggests that Sompo has not complied with its discovery obligations, this is flatly wrong. The March 12, 2024 Requests were the first discovery requests served on Sompo, and Sompo timely responded to these Requests, notwithstanding Sompo's pending Motion to Stay. Plaintiff's references to prior discovery requests presumably refer to requests served on other defendants, and such requests have no bearing on Sompo's compliance with its discovery obligations. Therefore, there is no need for the relief plaintiff seeks as to Sompo because it has already complied with its obligations with respect to the Requests.

III. **Sompo's Motion to Stay is proper and should be granted for the reasons stated therein.**

Plaintiff also complains that the Motion to Stay improperly argues the merits of the case and that there is no good cause for a stay of discovery as to Sompo. As an initial matter, the Motion to Stay does not address the merits in any way; it simply explains that discovery as to

Sompo is premature because plaintiffs have not obtained *any* judgment against Sompo's insureds, much less one that exceeds the $5 million AIG Primary Policy and the amount remaining on the $300,000 Deductible, such that it could conceivably implicate Sompo's excess policy.[2]

In addition, plaintiff improperly opposes the Motion to Stay through this Motion, though he has also filed a separate opposition to the Motion to Stay. As detailed in the Motion to Stay, the Court has broad discretion to issue protective orders and to stay discovery for good cause pursuant to Federal Rule of Civil Procedure 26. *See* Motion to Stay, pp. 3-4. Indeed, plaintiff himself acknowledges that the Court has broad discretion to stay discovery in his opposition to the Motion to Stay. *See* ECF No. 127, ¶ 31. As such, there is simply no basis for plaintiff's suggestion that the filing of the Motion to Stay is improper pursuant to Federal Rule of Civil Procedure Rule 11 or Rule 3.1 of the Model Rules of Professional Conduct.

Further, good cause exists for granting the relief sought in Sompo's Motion to Stay for the reasons stated therein. *See* Motion to Stay, pp. 4-6. It bears emphasizing that, although the Motion to Stay states that the relief sought is particularly appropriate here because plaintiff has failed to comply with his own discovery obligations, the primary basis for the Motion to Stay is that plaintiff's claims against Sompo are contingent upon a number of matters (as discussed above) that have yet to occur and which never may occur. Accordingly, Sompo would be unduly burdened if it were required to incur the expense of responding to further discovery at this stage of the litigation. Plaintiff does not raise any response to this critical point, either in the Motion or in his opposition to the Motion to Stay.

WHEREFORE, codefendants Sompo International Insurance Company and Endurance American Specialty Insurance Company respectfully request that this Honorable Court (1) deny

---

[2] Ironically, plaintiff then launches into a discussion of the purported merits of his claims against Sompo's insureds, which are irrelevant to the Motion to Stay.

the Motion for failure to meet and confer and because Sompo has complied with all discovery obligations to date by timely responding to the Requests and (2) grant the Motion to Stay for the reasons stated in that separate motion.

In San Juan, Puerto Rico, this 28th day of April, 2025.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 223-2364
Fax: (787) 425-4731