# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ALAN GOLDMAN,<br>                              Plaintiff<br><br>         v.<br><br>McCONNELL VALDÉS, LLC; ANTONIO A.<br>ARIAS-LARCADA, his wife MARIA BEALE, and<br>the Conjugal JOHN DOE; MARY DOE<br>SOMPO INTERNATIONAL INSURANCE<br>COMPANY; ENDURANCE AMERICAN<br>SPECIALTY INSURANCE COMPANY; AIG<br>INTERNATIONAL COMPANY-PUERTO RICO<br>                              Defendants | Civil Action No.  24CV1136 |

**SOMPO INTERNATIONAL INSURANCE COMPANY'S AND ENDURANCE
AMERICAN SPECIALTY COMPANY'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendants Sompo International

Insurance Company and Endurance American Specialty Company (collectively, "Sompo")

responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (the

"Requests").[1]  Sompo's responses as set forth below are made as of today's date and include

only information located or obtained up to this date; additional responsive information may be

ascertained or identified subsequently, and Sompo will supplement its responses as appropriate.

By responding to these Requests, Sompo does not concede that any of the information sought by

Plaintiff is relevant to this action or admissible at trial.

**GENERAL OBJECTIONS AND OBJECTIONS TO
DEFINITIONS AND INSTRUCTIONS**

---

[1] Sompo International Insurance Company is not a legal entity; "Sompo International" was
previously used as a trade name.  The proper legal entity that issued the Sompo Excess Policy, as
defined below, is Endurance American Specialty Company.

1. Sompo objects to the Requests as premature, unduly burdensome, and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits, as outlined in further detail in Sompo's Motion for a Protective Order and to Stay Discovery as to Sompo (ECF No. 117), which is adopted and incorporated as if fully set forth herein.

2. Sompo objects to the Requests on the grounds that the interrogatories included therein exceed the twenty-five (25) interrogatories, including discrete subparts, permitted under Federal Rule of Civil Procedure 33. Sompo will therefore only respond to the first 25 interrogatories below.

3. Sompo objects to the Definitions and Instructions and each of the Requests to the extent they seek discovery from entities or persons outside of Sompo's control. Sompo will respond to the discovery only on behalf of Sompo based on documents and information within its possession, custody or control.

4. Sompo objects to the Definitions and Instructions to the extent they purport to impose obligations beyond those specified in the applicable federal and local rules.

5. Sompo objects to the Definitions and Instructions and each of the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they would require an unreasonable search for responsive documents or information.

6. Sompo objects to each of the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they seek confidential discovery not relevant to the claims and defenses in this litigation, including, without limitation, regarding reserves, reinsurance, or other insureds, claims, or policies not at issue in this litigation.

7.      Sompo objects to each of the Requests to the extent they seek documents or information protected by attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

8.      Sompo objects to each of the Requests to the extent they seek information related to the defense of Plaintiff's claims against Sompo's insureds; to the extent such discovery is not privileged or otherwise protected, it should be sought from Sompo's insureds so as to allow them to assess any applicable privileges or protections.

9.      Sompo objects to each of the Requests to the extent they seek discovery regarding Sompo's handling of the insureds' claim for coverage under Policy No. LXY30020811501 issued to McConnell Valdes LLC (the "Sompo Excess Policy") or Sompo's coverage evaluation for such claim.  No party has asserted any claim or defense related to Sompo's claim handling, and coverage under the Sompo Excess Policy is not relevant, at least at this early stage of the proceedings where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**Policy Information:**

1)      Identify all professional liability insurance policies, including primary, excess, and umbrella policies, issued to the defendant law firm that were in effect during the period relevant to the allegations in the complaint. For each policy, provide:

   a)      The full name of the insurance carrier, including any parent or subsidiary companies.

   b)      The policy number and any internal reference numbers associated with the policy.

   c)      The effective dates of coverage, specifying the inception and expiration dates.

    d)       The limits of liability for each coverage part, including any applicable sub-limits or aggregates.

    e)       The amount of any self-insured retention or deductible applicable to each policy.

    f)       A detailed description of any endorsements, riders, or amendments that modify the standard coverage terms, including but not limited to exclusions, additional insured provisions, or changes in policy limits.

    g)       The name and contact information of the insurance broker or agent who procured each policy.

    h)       The underwriting file for each policy, including all communications, notes, and assessments made during the underwriting process.

***Objections and Responses to Requests 1 through 1(h):***

Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  In particular, even interpreting Request 1(h) as purely a request for documents, these Requests include 8 interrogatories and will be counted as such toward the limit of 25 interrogatories.

Subject to and without waiving the aforementioned objections, in response to Requests 1 through 1(g), Sompo refers Plaintiff to the copy of the Sompo Excess Policy, which was produced as Exhibit 1 to Sompo's Initial Disclosures, and Policy No. 015 001003116-03-0000009 (the "AIG Primary Policy") issued by AIG Insurance Company ("AIG") to McConnell Valdes, LLC, which was attached as Exhibit 1 to AIG's initial disclosures.

In addition to the aforementioned objections, Sompo further objects to Request 1(h) on the grounds that the underwriting file for the Sompo Excess Policy is irrelevant to the claims and defenses presented in this action.  Sompo further objects to this Request as overly broad, unduly

burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Based on these objections, Sompo will not produce any documents in response to Request 1(h).

**Notice of Claim:**

2) State the exact date and time when you first received notice, in any form, of the claims asserted in this lawsuit against the defendant law firm.

***Objections and Response to Request 2:*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to this Request. Subject to and without waiving the aforementioned objections, Sompo received notice of Plaintiff's lawsuit against McConnell Valdes, LLC (the "Firm") on or about July 29, 2024 at 6:31:41 PM (time zone unclear) via email from Iris M. Ortega Garcia, Esq., Assistant VP Legal and Financial Lines Claims Claims & Risk Management Practice of HUB International Puerto Rico, Inc.

3) Describe in detail the way the notice was provided, including whether it was via written correspondence, email, telephone call, or any other means.

***Objections and Response to Request 3:*** Sompo reiterates, adopts and incorporates its response to Request 2 in response to this Request.

4) Identify the individual(s) who provided such notice, including their full name, title or position, contact information, and their relationship to the defendant law firm.

***Objections and Response to Request 4:*** Sompo reiterates, adopts, and incorporates its response to Request 2 in response to this Request.

5) Provide copies of all written notices, emails, letters, or other documents through which you received notice of the claims.

***Objections and Response to Request 5:*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to this Request. Sompo further objects to this Request on the grounds that the discovery sought is irrelevant as no party has asserted any claim or defense related to the date or form of the notice provided to Sompo of this lawsuit. Based on this objection, Sompo will not produce any documents responsive to this Request.

6) If notice was provided orally, provide a detailed account of the conversation, including the date, time, participants, and content of the discussion.

***Objections and Response to Request 6:*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to this Request. Subject to and without waiving the aforementioned objections, Sompo reiterates, adopts, and incorporates its response to Request 2 in response to this Request.

7) Describe any actions taken by you upon receiving notice, including the dates and nature of such actions.

***Objections and Response to Request 7:*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to this Request. In particular, Sompo objects to this Request on the grounds that the information sought is irrelevant to the claims and defenses presented in this action, as no party has asserted any claim or defense related to Sompo's claim handling. Sompo further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Based on these objections, Sompo will not provide any further response to this Request.

8)    Provide your policies and procedures regarding the receipt and handling of claims notices and indicate whether these were followed in this instance.

***Objections and Response to Request 8:*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to this Request. In particular, Sompo objects to this Request on the grounds that the information sought is irrelevant to the claims and defenses presented in this action, as no party has asserted any claim or defense related to Sompo's claim handling. Sompo further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to Request 8 on the grounds that it seeks confidential and proprietary documents and information that are not related to any of the claims or defenses asserted in this litigation. Based on these objections, Sompo will not produce any documents in response to this Request.

**Reservation of Rights and Coverage Positions:**

9)    Have you issued any reservation of rights letters, coverage position letters, or any other correspondence to the defendant law firm concerning the claims in this lawsuit? If so, for each instance, provide:

a)    The date of the letter or correspondence was issued.

b)    The method of delivery (e.g., certified mail, email) and confirmation of receipt by the defendant law firm.

c)    A detailed explanation of each specific coverage defense, exclusion, or issue raised in the correspondence.

d)    Copies of all such letters or correspondence.

e)    Any responses received from the defendant law firm regarding the reservation of rights or coverage positions.

f)    The current status of each coverage issue raised, including whether any have been resolved or are subject to ongoing dispute.

g)    Internal memoranda, notes, or communications discussing the decision to issue each reservation of rights or coverage position letter.

***Objections and Responses to Requests 9 through 9(g):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  In particular, even interpreting Request 9(d) and 9(g) as purely requests for documents, these Requests include 6 interrogatories and will be counted as such toward the limit of 25 interrogatories.  Sompo further objects to these Requests on the grounds that discovery regarding coverage under the Sompo Excess Policy is irrelevant to the claims and defenses presented in this litigation or, at a minimum, premature, unduly burdensome, and not proportional to the needs of the case, at least at this early stage of the proceedings where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.   Based on these objections, Sompo will not provide any further response to these Requests.

**Defense Counsel Appointment:**

10)    Have you appointed a defense counsel to represent the defendant law firm in this matter? If yes, provide:

a)      The full name, firm name, and contact information of the appointed defense

counsel.

b)      The date on which the appointment was made, and the date defense counsel

accepted the assignment.

c)      A copy of any retainer agreement, engagement letter, or contract outlining the

terms of representation.

d)      An explanation of the selection process for the defense counsel, including whether

they are part of your panel of approved attorneys or were independently selected.

e)      Details of any prior engagements or relationships between the appointed defense

counsel and your company.

f)      The scope of representation and any limitations or specific instructions provided

to the defense counsel.

g)      Copies of all communications between you and the appointed defense counsel

regarding this lawsuit.

***Objections and Responses to Requests 10 through 10(g):*** Sompo reiterates, adopts, and

incorporates its General Objections and Objections to Definitions and Responses with respect to

these Requests.  In particular, even interpreting Request 10(c) ad 10(g) as purely requests for

documents, these Requests include 6 interrogatories and will be counted as such toward the limit

of 25 interrogatories, meaning that, including the prior interrogatories (including discrete

subparts that are not purely requests for documents), as of Request 10(f), Plaintiff has issued 25

interrogatories to Sompo and may not seek any further interrogatories without a prior court

order.  Subject to and without waiving the aforementioned objections, Sompo responds that, as

an excess carrier, it has not appointed any defense counsel in this matter, and therefore the remaining Requests 10(a) through 10(g) are not applicable to Sompo.

**Claims Handling and Investigation:**

11)    Describe in comprehensive detail the steps you have taken to investigate the claims asserted in this lawsuit, including:

a)    The date any claims adjusters, investigators, or internal claims handlers were assigned to this matter.

b)    The names, titles, and contact information of all individuals involved in the investigation.

c)    A timeline of all investigative actions taken, including interviews conducted, documents reviewed, and site visits performed.

d)    Copies of all reports, memoranda, notes, or summaries generated as part of the investigation.

e)    Any communications with the defendant law firm regarding the investigation, including requests for information and their responses.

f)    Details of any expert consultants or external agencies engaged during the investigation, including their findings and reports.

g)    Your internal guidelines, manuals, or protocols for handling and investigating legal malpractice claims, and indicate whether these were followed in this case.

***Objections and Responses to Requests 11 through 11(g):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  With respect to the interrogatories, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25

interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses presented in this action, as no party has asserted any claim or defense related Sompo's claims handling. Sompo further objects to these Requests as overly broad, unduly burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Based on these objections, Sompo will not provide any further response to these Requests and will not produce any responsive documents.

**Prior Claims and Incidents:**

**Identification of Prior Claims:**

12)    Have there been any prior claims, lawsuits, or incidents reported to you involving the defendant law firm that alleges acts of legal malpractice, unjust enrichment, judicial misconduct, abuse of process, or malicious prosecution? If so, for each such claim or incident, provide:

(a)    A comprehensive description of the nature of the claim, including the specific allegations made against the law firm.

(b)    The date the claim was reported to you and the date of the alleged incident.

(c)    The status of the claim (e.g., open, closed, settled) and, if closed, the date of closure.

(d)     The number of settlements or judgments paid, including a detailed breakdown of indemnity payments and defense costs.

(e)     Copies of all correspondence, investigative reports, and legal documents related to each claim.

(f)     Details of any corrective actions or risk management measures implemented by the law firm because of the claim.

***Objections and Responses to Requests 12 through 12(f):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  With respect to the interrogatories, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought seeks confidential and potentially privileged information regarding other claims or matters not at issue in this litigation and is therefore irrelevant to the claims and defenses presented in this action.  Sompo further objects to these Requests as overly broad, unduly burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Based on these objections, Sompo will not provide any further response to these Requests and will not produce any responsive documents.

**Pattern of Conduct:**

13) Based on the prior claims identified, do you perceive a pattern of conduct by the defendant law firm that could be indicative of systemic issues related to legal malpractice or other alleged misconduct? If so, provide:

(a) A detailed analysis of the recurring issues or behaviors observed.

(b) Any steps taken by you to address these concerns with the law firm.

(c) Recommendations made to the law firm to mitigate future risks.

***Objections and Responses to Requests 13 through 13(c):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests. These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds that the discovery sought seeks confidential and potentially privileged information regarding other claims or matters not at issue in this litigation and is therefore irrelevant to the claims and defenses presented in this action. Sompo further objects to these Requests as overly broad, unduly burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client

privilege, work product doctrine, or any other applicable privilege or protection. Based on these objections, Sompo will not provide any further response to these Requests.

**Impact on Current Coverage:**

14) Have any of the prior claims or incidents resulted in modifications to the defendant law firm's current insurance coverage? If so, specify:

(a) Changes in policy terms, conditions, or exclusions.

(b) Adjustments to premium amounts.

(c) Implementation of any special endorsements or riders.

(d) Requirements for the law firm to undertake specific risk management practices as a condition of coverage.

***Objections and Responses to Requests 14 through 14(d):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests. These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds that the discovery sought seeks confidential and potentially privileged information regarding other claims or matters not at issue in this litigation and is therefore irrelevant to the claims and defenses presented in this action. Information regarding Sompo's underwriting of the Sompo Excess Policy is similarly confidential and proprietary and irrelevant to this litigation. Sompo further objects to these Requests as overly broad, unduly burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment

against an insured under the Sompo Excess Policy, much less one that exceeds the underlying

limits.  Based on these objections, Sompo will not provide any further response to these

Requests.

**Disclosure Obligations:**

15)    Did the defendant law firm disclose all prior claims or incidents during the

application or renewal process for their current insurance policies? If not, provide:

(a)    Details of any omissions or misrepresentations identified.

(b)    The potential impact of such nondisclosures on the validity of the current policies.

(c)    Any actions taken by you upon discovering these omissions or

misrepresentations.

***Objections and Responses to Requests 15 through 15(c):*** Sompo adopts and incorporates its

response to Requests 14 through 14(d).

**Claims Handling Procedures:**

16)    Describe your standard procedures for handling claims of legal malpractice and

related allegations against insured law firms. In your response, include:

(a)    The typical timeline and steps involved in investigating such claims.

(b)    Criteria used to determine the validity and potential liability associated with a

claim.

(c)    The role of external legal counsel or experts in the evaluation process.

(d)    Any differences in handling when a pattern of similar claims is identified.

***Objections and Responses to Requests 16 through 16(d):*** Sompo reiterates, adopts, and

incorporates its General Objections and Objections to Definitions and Responses with respect to

these Requests.  These Requests are all interrogatories, and, as noted above, even generously

interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses presented in this action, as no party has asserted any claim or defense related to Sompo's claim handling. Sompo further objects to these Requests as overly broad, unduly burdensome and not proportional to the needs of the case in light of the lack of relevance and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Based on these objections, Sompo will not provide any further response to these Requests.

**Confidentiality and Privilege Considerations:**

17) Are there any confidentiality agreements, non-disclosure provisions, or privilege claims that would restrict your ability to fully disclose information related to prior claims or incidents? If so, provide:

(a) The nature and scope of such restrictions.

(b) Steps that can be taken to obtain the necessary permissions or waivers to allow full disclosure.

(c) Any redacted versions of documents or summaries that can be provided in the interim.

***Objections and Responses to Requests 17 through 17(c):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  With respect to the interrogatories, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Based on these objections, Sompo will not provide any further response to these Requests and will not produce any responsive documents.

**Policy Exclusions and Limitations:**

**Identification of Applicable Exclusions or Limitations:**

18)    Enumerate and describe any specific exclusions or limitations within the relevant insurance policies that you assert are applicable to the claims in this lawsuit, including but not limited to allegations of legal malpractice, unjust enrichment, judicial misconduct, abuse of process, and malicious prosecution.

***Objections and Responses to Request 18:*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to this Request.  This Request is an interrogatory, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to

Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to this Request on the grounds that discovery regarding coverage under the Sompo Excess Policy is irrelevant or, at a minimum, premature, unduly burdensome, and not proportional to the needs of the case, at least at this early stage of the proceedings where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to this Request to the extent it seeks confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Based on these objections, Sompo will not provide any further response to this Request.

**Specific Policy Language:**

19) For each exclusion or limitation identified, provide the exact language from the policy, including section, paragraph, and clause numbers.

   a) Include any definitions within the policy that clarify terms used in the exclusion or limitation.

***Objections and Responses to Requests 19 and 19(a):*** Sompo adopts and incorporates its response to Request 18.

**Application to Claims:**

20) Explain in detail how each identified exclusion or limitation applies to the specific claims asserted in this lawsuit.

   a) Provide a factual and legal basis for the applicability of each exclusion or limitation to the claims.

b) Cite any relevant case law, statutes, or regulatory provisions that support your position on the applicability of the exclusion or limitation.

***Objections and Responses to Requests 20 through 20(b):*** Sompo adopts and incorporates its response to Request 18.

**Intentional Acts Exclusion:**

21) Do the policies contain exclusions for intentional, malicious, dishonest, criminal, or illegal acts, including intentional violations of any law, regulation, statute, or ordinance?

a) If so, provide the specific policy language of such exclusions.

b) Discuss whether and how you contend this exclusion applies to any of the claims, particularly those alleging malicious prosecution or abuse of process.

***Objections and Responses to Requests 21 through 21(b):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests. These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds discovery regarding coverage under the Sompo Excess Policy is irrelevant or, at a minimum, premature, unduly burdensome, and not proportional to the needs of the case, at least at this early stage of the proceedings where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits, and because Plaintiff has already received copies of the AIG Primary Policy and Sompo Excess Policy, which speak for themselves. Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the

attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Based on these objections, Sompo will not provide any further response to these Requests.

**Insured vs. Insured Exclusion:**

22)    Do the policies include an "Insured vs. Insured" exclusion, which precludes coverage for claims brought by or on behalf of one insured against another insured?

a)    If applicable, provide the specific policy language of this exclusion.

b)    Explain how this exclusion is relevant to the current claims, specifying which parties are considered insureds under the policy.

***Objections and Response to Requests 22 through 22(b):*** Sompo adopts and incorporates its response to Requests 21 through 21(b).

**Business Enterprise Exclusion:**

23)    Is there an exclusion for claims arising from the insured's activities as an officer, director, partner, or employee of a business enterprise not named in the policy?

a)    If so, provide the exact wording of this exclusion.

b)    Clarify whether this exclusion is being invoked concerning any claims, and if so, detail the relationship between the insured and the business enterprise involved.

***Objections and Response to Requests 23 through 23(b):*** Sompo adopts and incorporates its response to Requests 21 through 21(b).

**Investment Advice Exclusion:**

24)    Do the policies exclude claims based on or arising out of the rendering of investment advice, including advice to make or refrain from making investments?

a)    If such an exclusion exists, provide the specific language.

  b) Indicate whether this exclusion is asserted concerning any claims, particularly those involving financial transactions or advice.

***Objections and Responses to Requests 24 through 24(b):*** Sompo adopts and incorporates its response to Requests 21 through 21(b).

**Prior Knowledge Exclusion:**

  25) Is there an exclusion for claims arising from acts, errors, or omissions known to the insured prior to the policy's effective date?

  a) If present, provide the exact policy language.

  b) Discuss how this exclusion applies to the claims, including any assertions that the insured had prior knowledge of the circumstances leading to the claims.

***Objections and Responses to Requests 25 through 25(b):*** Sompo adopts and incorporates its response to Requests 21 through 21(b).

**Other Relevant Exclusions:**

  26) Identify any other exclusions or limitations within the policies that you believe are pertinent to the claims in this lawsuit.

  a) For each, provide the specific policy language and a detailed explanation of its applicability to the claims.

***Objections and Responses to Requests 26 through 26(a):*** Sompo adopts and incorporates its response to Requests 21 through 21(b).

**Indemnity Payments and Reserves:**

  27) Have you established any reserves for potential indemnity or defense costs related to this lawsuit? If so, state:

  a) The date the reserves were established.

b)      The amounts reserved for indemnity and defense, respectively.

c)      Any adjustments made to the reserves and the reasons for such adjustments.

***Objections and Responses to Request 27 through 27(c):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses presented in this action and is therefore overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Based on these objections, Sompo will not provide any further response to these Requests.

**Communications Regarding Coverage:**

28)      Provide a log of all communications between you and the defendant law firm concerning insurance coverage for the claims in this lawsuit, including:

a)      Dates of communication.

b)      Medium of communication (e.g., email, letter, phone call).

c)      Participants in communication.

d)      A summary of the content discussed.

***Objections and Responses to Requests 28 through 28(d):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests. These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds that discovery regarding coverage under the Sompo Excess Policy is irrelevant or, at a minimum, premature, unduly burdensome, and not proportional to the needs of the case, at least at this early stage of the proceedings where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Based on these objections, Sompo will not provide any further response to these Requests.

**Policy Limits and Erosion:**

**Payments Affecting Policy Limits:**

29)     Have any payments been made under the relevant insurance policies that may erode or reduce the limits available for the claims in this lawsuit? If so, provide:

(a)     The total amount of payments made to date under each policy.

(b)     A detailed breakdown of each payment, including:

(1)     The date of the payment.

(2)     The recipient of the payment.

(3)     The purpose of the payment (e.g., defense costs, settlements, legal fees).

(4)    The specific claim or matter to which the payment relates.

(c)    The remaining available policy limits after each payment.

***Objections and Responses to Requests 29 through 29(c):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests. These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses presented in this litigation and as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Based on these objections, Sompo will not provide any further response to these Requests.

**Defense Costs and Expenses:**

30)    Specify the total amount of defense costs and legal expenses incurred to date in connection with the claims in this lawsuit.

a)    Indicate whether these defense costs and expenses have been paid from the policy limits, thereby reducing the available coverage.

b)    Provide detailed invoices or billing statements supporting the defense costs and expenses incurred, including:

(a)    The names of the law firms or service providers.

(b)    The services rendered.

(c)    The dates of service.

(d)    The amounts billed and paid.

***Objections and Responses to Requests 30 through 30(b)(d):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses presented in this litigation and as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Based on these objections, Sompo will not provide any further response to these Requests.

**Settlements and Judgments:**

31)    Have any settlements been reached or judgments rendered that involve payments under the relevant insurance policies? If so, provide:

(a)    The amount of each settlement or judgment.

(b)    The date of each settlement or judgment.

(c)    The parties involved in each settlement or judgment.

(d)    The portion of each payment allocated to indemnity versus defense costs.

(e)    The remaining policy limits following each payment.

***Objections and Responses to Requests 31 through 31(e):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests. These Requests are all interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses presented in this litigation and as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Based on these objections, Sompo will not provide any further response to these Requests.

**Policy Provisions on Erosion:**

32)     Do the relevant insurance policies contain provisions stating that defense costs, legal expenses, or other payments erode or reduce the policy limits? If so:

    (a)     Cite the specific policy language or clauses that outline these provisions.

    (b)     Provide a copy of the policy sections where this language is found.

    (c)     Explain how these provisions have been applied in handling the claims related to this lawsuit.

***Objections and Responses to Requests 32 through 32(c):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests. With respect to the interrogatories, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25

interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses and as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits, and because Plaintiff has already received copies of the AIG Primary Policy and Sompo Excess Policy, which speak for themselves.  Based on these objections, Sompo will not provide any further response to these Requests and will not produce any further responsive documents.

**Notifications and Communications:**

33)    Have you provided any notifications to the insured regarding the erosion of policy limits due to payments made? If so, provide:

(a)    Copies of all written communications, including letters and emails, informing the insured of the reduction in available policy limits.

(b)    The dates of these communications were sent.

(c)    Any responses received from the insured concerning these communications.

***Objections and Responses to Requests 33 through 33(c):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  With respect to interrogatories, and, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and

defenses presented in this litigation and as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Based on these objections, Sompo will not provide any further response to these Requests and will not produce any responsive documents.

**Impact on Coverage:**

34)     Based on the payments made to date, what is the current amount of coverage available under each relevant insurance policy for the claims in this lawsuit?

a)      If the policy limits have been exhausted or are anticipated to be exhausted, explain:

(a)     The date on which exhaustion occurred or is expected to occur.

(b)     The implications for the insured's defense and indemnity coverage.

(c)     Any steps taken to notify the insured and other relevant parties about the exhaustion of policy limits.

***Objections and Responses to Requests 34 through 34(a)(c):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  These Requests are all interrogatories, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses and as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured

under the Sompo Excess Policy, much less one that exceeds the underlying limits, and because

Plaintiff has already received copies of the AIG Primary Policy and Sompo Excess Policy, which

speak for themselves.  Based on these objections, Sompo will not provide any further response to

these Requests.

**Expert Consultations:**

35)     Have you consulted or retained any experts in connection with the defense or

evaluation of the claims asserted in this lawsuit? If so, for each expert, provide:

a)     The expert's full name, area of expertise, and contact information.

b)     The date of retention and the scope of their engagement.

c)     A summary of the experts' findings, opinions, or reports, including any

documents or analyses they have produced.

d)     Copies of all correspondence, contracts, invoices, and communications between

you and the expert.

e)     Details of any prior engagements between the expert and your company or the

defendant law firm.

***Objections and Responses to Requests 35 through 35(e):*** Sompo reiterates, adopts, and

incorporates its General Objections and Objections to Definitions and Responses with respect to

these Requests.  With respect to the interrogatories, as noted above, even generously interpreting

certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25

interrogatories to Sompo and may not seek any further interrogatories without a prior court

order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects

to these Requests as premature, overly broad, unduly burdensome and not proportional to the

needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment

against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Based on these objections, Sompo will not provide any further response to these Requests and will not produce any responsive documents.

**Communications with Third Parties:**

36)     Have you had any communications with third parties regarding the claims in this lawsuit, including but not limited to Namrata Khimani, John Michael Grzan, and Teal Peak Capital? If so, for each communication, provide:

a)     The date, time, and method of communication (e.g., email, telephone, in-person meeting).

b)     The full names, titles, and contact information of all participants in the communication.

c)     A detailed summary of the topics discussed, information exchanged, and any decisions or agreements made.

d)     Copies of all written communications, including emails, letters, and memos, as well as notes or transcripts of oral communications.

e)     The purpose and context of the communication, including how it relates to the claims in this lawsuit.

***Objections and Responses to Requests 36 through 36(e):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  With respect to the interrogatories, as noted above, even generously interpreting

certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order. Therefore, Sompo will not respond to any further interrogatories. Sompo further objects to these Requests as overly broad, unduly burdensome and not proportional to the needs of the case, particularly to the extent they seek discovery of documents or information not relevant to any of the claims or defenses presented in this litigation and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits. Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Based on these objections, Sompo will not provide any further response to these Requests and will not produce any responsive documents.

**Insurance Services to Ferraiuoli LLC:**

37)     Do you or any affiliated entities provide professional liability insurance or any other form of insurance services to the law firm of Ferraiuoli LLC? If so, provide:

    a)     The types of insurance policies issued include policy numbers, coverage limits, and effective dates.

    b)     Details of any claims made under these policies, including the nature of the claims, dates, and outcomes.

    c)     Copies of the insurance applications, underwriting files, and any correspondence related to the issuance or renewal of the policies.

    d)     Information on any shared loss history or risk assessments conducted in relation to Ferraiuoli LLC.

      e)      Any known relationships or collaborations between Ferraiuoli LLC and the defendant law firm pertinent to this lawsuit.

***Objections and Responses to Requests 37 through 37(e):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  With respect to the interrogatories, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to any of the claims or defenses presented in this litigation.  Sompo further objects to the Requests as overly broad, unduly burdensome and not proportional to the needs of the case, particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Sompo further objects to these Requests to the extent they seek confidential and proprietary information and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Based on these objections, Sompo will not provide any further response to these Requests and will not produce any responsive documents.

**Claims Related to 13 Dorado Beach Estates:**

      38)      Have you received any other claims or potential claims, aside from the current lawsuit, involving the plaintiff or concerning the property located at 13 Dorado Beach Estates, Dorado, Puerto Rico? If so, for each claim, provide:

      a)      A description of the nature of the claim, including the parties involved and the specific issues related to the property.

b)      The date of the claim was made and the date of the alleged incident or loss.

c)      The status of the claim and, if resolved, the resolution details, including any payments made.

d)      Copies of all related claim files, investigative reports, correspondence, and settlement agreements.

e)      Any subrogation actions or recovery efforts undertaken in connection with the claim.

***Objections and Responses to Requests 36 through 36(e):*** Sompo reiterates, adopts, and incorporates its General Objections and Objections to Definitions and Responses with respect to these Requests.  With respect to the interrogatories, as noted above, even generously interpreting certain Requests as purely requests for documents, as of Request 10(f), Plaintiff has issued 25 interrogatories to Sompo and may not seek any further interrogatories without a prior court order.  Therefore, Sompo will not respond to any further interrogatories.  Sompo further objects to these Requests on the grounds that the discovery sought is irrelevant to the claims and defenses presented in this litigation.  Sompo further objects to the Requests as overly broad, unduly burdensome and not proportional to the needs of the case, particularly to the extent they seek discovery of documents or information not relevant to any of the claims or defenses presented in this litigation and particularly at this early stage where Plaintiff has not obtained any judgment against an insured under the Sompo Excess Policy, much less one that exceeds the underlying limits.  Sompo further objects to these Requests to the extent they seek confidential and proprietary information, including information regarding other insureds and claims not at issue in this litigation, and/or discovery protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Based on these objections, Sompo will

not provide any further response to these Requests and will not produce any responsive

documents.


April 11, 2025

Respectfully submitted,
**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com
COLÓN RAMÍREZ LLC
PO Box 361920
San Juan, PR 00936-1920
Tel.: (787) 425-4652
Fax: (787) 425-4731

## VERIFICATION

I, Meredith Hatic, am an Assistant Vice President, Claims Counsel, Professional Liability at Sompo.  I am the agent of Sompo International Insurance Company and Endurance American Specialty Insurance Company for the purpose of answering Plaintiff's First Set of Interrogatories.  I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.


Dated this ___10___ day of April, 2025.

Meredith Hatic