# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ALAN GOLDMAN,**<br>    Plaintiff,<br><br>v.<br><br>**MCCONNELL VALDES, LLC., ET AL.,**<br>    Defendants. | **CIVIL NO**. 24-1136 (SCC-MDM) |

## ORDER

Before the Court is the "Motion to Compel Physical and Mental Examination of Alan Goldman" (the "Motion to Compel"), filed by co-defendants Antonio Arias Larcada, his wife María Beale, the conjugal partnership constituted between them, and McConnell Valdés, LLC (collectively, "defendants"), at Docket No. 92. The Motion to Compel requests that the Court direct plaintiff to appear in person for the Court-Ordered mental and physical examination in Puerto Rico, or in the alternative, face dismissal of the complaint. *Id*. In response, plaintiff Alan Goldman ("plaintiff" or "Mr. Goldman") filed an opposition reiterating his previously denied request to have the examination conducted in Vermont. Docket No. 96. Plaintiff subsequently filed a Motion to Change Venue, seeking to transfer this action to the District of Vermont. Docket. No. 102. In support of these filings, plaintiff submitted additional correspondence and medical records purporting to demonstrate that travel to Puerto Rico would pose a risk to his health and that all proceedings in this matter should be conducted remotely from Vermont. Having reviewed the pending motion, plaintiff's response in opposition, the relevant filings on record, the applicable legal framework, and the procedural and factual history of the case, the Court hereby **GRANTS** the Motion to Compel and issues the following directives.

I. **Relevant Background**

Plaintiff brings this action against the appearing defendants—his former legal counsel—alleging that they failed to competently represent him in litigation initiated by the purchaser of a parcel of real property located in Puerto Rico, which plaintiff declined to sell notwithstanding having executed a purchase agreement. According to the defendants, because Mr. Goldman's Amended Complaint claims that his former lawyers failed to raise his alleged "cognitive impairment" as a defense to the suit, both his physical and mental state are at issue in this case.

Accordingly, on August 27, 2024, the defendants filed a motion pursuant to Fed. R. Civ. P. 35 (Docket No. 34), requesting that plaintiff be ordered to undergo a mental and physical examination conducted by Dr. José A. Franceschini ("Dr. Franceschini"), a psychiatrist based in Puerto Rico. Plaintiff did not oppose the motion, and on September 18, 2024, the Court granted the request. To that effect, the Presiding Judge Silvia L. Carreño-Coll entered an Order directing the plaintiff to submit to the requested mental and physical examination to be conducted by Dr. Franceschini on October 21 and 23, 2024, at 10:00 a.m. at Dr. Franceschini's office. Docket No. 94. Pursuant to the instructions of his counsel, however, the plaintiff did *not* attend the examination, as ordered by the Court.

On October 10, 2024, the plaintiff filed a "Motion Requesting Relief" (Docket No. 47), wherein he asked the Court to set aside or modify its prior Order, alleging that he was unable to travel to Puerto Rico for the examination due to unspecified medical conditions. The defendants opposed the request. On November 4, 2024, the plaintiff filed a "Second Motion Requesting Relief from Court Order Regarding Physical and Mental Examination." In it, the plaintiff reiterated his prior request to be relieved from the Court's Order at Docket No. 45. Defendants again opposed.

In consequence, on November 15, 2024, the Presiding Judge Carreño-Coll conducted a hearing to address the plaintiff's objections to the examination in Puerto Rico and defendants' position. Following extensive argument from the parties, **the Court determined that the medical examination would *not* be conducted in Vermont, as requested by the plaintiff**. *See* Docket No. 69. The Court then stayed the proceedings for sixty (60) days to permit Mr. Goldman to address certain urgent business matters in Vermont, which he claimed hindered his ability to travel. Upon the expiration of this stay, the matter was to be referred to a Magistrate Judge for a Scheduling Conference, which would include setting a deadline for Dr. Franceschini to conduct the medical examination. This ruling was reiterated in Docket No. 81. ("**As held by the Court, the medical examination will not be performed in Vermont.** Further, the Magistrate Judge will set the date for the medical examination.")

The stay of the case has now expired and on February 12, 2025, defendants' counsel wrote to plaintiff's counsel advising that "Dr. Franceschini is available to conduct the evaluation of Mr. Goldman on either March 27 and 31, 2025, or April 3 and 4, 2025." "The evaluation will take place at Dr. Franceschini's office at 10 AM." "Please advise ASAP which dates work best for him." *See* Docket No. 92-1. In response, rather than confirm any of the proposed examination dates, plaintiff's counsel submitted correspondence attaching a letter from Dr. James Stone, who opined that plaintiff suffers from severe agoraphobia and frequent panic attacks, rendering him unable to travel or leave his home without significant distress. Dr. Stone further stated that plaintiff has avoided public spaces and transportation since the onset of the pandemic and recommended that all legal proceedings be conducted in Vermont.

To date, because of plaintiff's reiterated non-compliance, his Court-Ordered physical and mental examination has *not* yet been scheduled.

## II. Discussion

This Court, by way of the Presiding Judge Carreño-Coll, has previously Ordered Mr. Goldman to appear in Puerto Rico for a physical and mental examination in connection with his claims. Not once, but twice. Plaintiff appears to be seeking to revisit and relitigate matters that have already been conclusively adjudicated by prior Orders of this Court. This he cannot do.

Despite the Court's clear and unambiguous orders, plaintiff insists on objecting to compliance, citing a range of alleged medical conditions that purportedly prevent his travel from Vermont to Puerto Rico. However, plaintiff's circumstances, as represented, do not relieve him of his obligation to comply with this Court's Orders or to prosecute this case in the forum he chose. Such conduct serves only to delay and disrupt the orderly progression of these proceedings. Rather than cooperating with the scheduling of the Court-Ordered examination by Dr. Franceschini, plaintiff—through counsel—has instead renewed his request that all legal proceedings be conducted in Vermont, including his mental and physical examination, now citing a new physician's letter in support. This position is in direct contravention of the Court's previous determinations.

Additionally, this litigation arises entirely from events that occurred in Puerto Rico. Plaintiff seeks redress for alleged legal malpractice committed by a Puerto Rico law firm, namely, co-defendant McConnell Valdés, LLC concerning legal services rendered in Puerto Rico, in a case adjudicated before a Puerto Rico court, involving real property located in Puerto Rico, and governed by Puerto Rico law. None of the operative events occurred in Vermont. The Court understands, without deciding, that defendants have no meaningful contacts with Vermont that would subject them to personal jurisdiction there, nor would venue be proper in that district under 28 U.S.C. § 1391(a).

By choosing to file suit in Puerto Rico, plaintiff has subjected himself to the jurisdiction and procedural requirements of this Court. Although plaintiff

has requested that the case be transferred to, or conducted remotely from, Vermont, the proceedings cannot be unduly delayed or restricted based on plaintiff's asserted medical limitations. Defendants also have the right to conduct discovery and defend themselves where this action was properly brought. Plaintiff cannot obstruct these proceedings by invoking medical limitations while simultaneously refusing to dismiss the case or comply with Court orders.

Significantly, moreover, plaintiff cannot unilaterally disregard Court Orders as such conduct contravenes the obligations imposed by the Federal Rules of Civil Procedure and undermines the orderly administration of justice. *See* Fed. R. Civ. P. 16(f) and 37(b)(2)(A); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (affirming the inherent authority of courts to dismiss a case for failure to comply with orders and manage their dockets). Where a party fails to comply with court directives, dismissal of the action may be warranted under Rule 41(b), particularly when less drastic sanctions would be ineffective. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976) (noting that dismissal is appropriate to deter parties from ignoring court orders and to preserve the integrity of judicial proceedings).

For the foregoing reasons, the undersigned finds that plaintiff's continued refusal to comply with prior Orders is unjustified and without legal basis. Plaintiff elected to bring this action in the District of Puerto Rico and must now comply with the procedural obligations that follow. The Court has already ruled on the appropriateness and necessity of conducting the physical and mental examination in Puerto Rico, and plaintiff's repeated efforts to circumvent these rulings are improper.

Accordingly, it is hereby **ORDERED** that plaintiff shall appear for the Court-Ordered physical and mental examination to be conducted by Dr. Franceschini in Puerto Rico during the month of **May 2025**, on a date and

time to be coordinated by the parties and Dr. Franceschini, but no later than **May 31, 2025**. Plaintiff's failure to comply with this Order may result in the imposition of sanctions, including but not limited to dismissal of this action pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b).

### III. Conclusion

The Court reiterates its prior directives. The defendants' "Motion to Compel Physical and Mental Examination of Alan Goldman" at Docket No. 92 is hereby **GRANTED** and plaintiff Alan Goldman is **ORDERED** to appear in person in Puerto Rico for the previously ordered physical and mental examination at the offices of Dr. José Franceschini, located at Edificio Médico Santa Cruz, Calle Santa Cruz 73, Bayamón, Puerto Rico 00961. The examination shall be conducted during the month of May 2025. Failure to appear as directed may result in the imposition of sanctions, including but not limited to dismissal of the complaint under Fed. R. Civ. P. 37(b)(2)(A) and/or for failure to prosecute under Fed. R. Civ. P. 41(b).

Plaintiff's counsel is **DIRECTED** to provide any necessary assistance to plaintiff in making the required arrangements, including facilitating travel to Puerto Rico, in light of plaintiff's alleged medical concerns, provided that the accommodations for his health limitations are reasonable and consistent with the Court's prior orders.

On a final note, the Court is mindful of plaintiff's reported medical conditions and does not take lightly the challenges they may present. However, the judicial process must proceed, and this case cannot be indefinitely delayed or obstructed on the basis of those limitations. If plaintiff does not anticipate an improvement in his condition that would permit him to litigate this matter in the forum he selected, he must consider voluntarily dismissing his complaint or risk dismissal for failure to comply with the Court's Orders. Defendants are entitled to conduct discovery and defend this action in Puerto Rico and while the Court remains attentive to plaintiff's reported health concerns, those limitations

cannot serve as a continuing impediment to the timely progression of this litigation.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of April 2025.

<u>*s/Marshal D. Morgan*</u>
MARSHAL D. MORGAN
United States Magistrate Judge