UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>  Plaintiff<br><br>  v.<br><br>MCCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, his wife<br>MRS. ARIAS, and the Conjugal Partnership<br>composed by them;<br>JOSE IRIZARRY-CASTRO;<br>JOHN DOE; MARY DOE<br>UNKNOWN INSURANCE COMPANY;<br><br>  Defendants | CIVIL NO.: 24cv01136(SCC) |

**MOTION TO DISMISS**

**TO THE HONORABLE COURT:**

**NOW APPEAR** co-defendants Antonio Arias Larcada, his wife Maria Beale, and the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through their undersigned counsel, and very respectfully state and pray as follows:

**I.    Introduction:**

Plaintiff Alan Goldman has repeatedly defied the orders of this court, cluttering up the record with motion after motion, stubbornly insisting upon a non-existent right to prosecute this case from afar. For the third time, he has failed to appear at a court-ordered physical and mental examination, on this latest occasion despite a Court Order specifically warning him that failure to comply would result in sanctions, including the possible dismissal of his complaint. The Plaintiff's brazen defiance of this Court's orders has now

reached the point where he must suffer the consequences. The Court must dismiss his complaint for failure to prosecute, as a sanction for the Plaintiff's repeated disregard of the Court's directives, and to instill respect for its authority and the judicial process.

**II.    Background:**

Plaintiff Alan Goldman is suing the appearing defendants, his former attorneys, for allegedly failing to competently defend him in a lawsuit filed against him by the buyer of a property he owned in Puerto Rico, which he refused to sell despite signing a purchase agreement. Because Mr. Goldman's Amended Complaint claims that his former lawyers failed to raise his alleged "cognitive impairment" as a defense to the suit, and because he alleges he suffered emotional damages as a result, both his physical and mental state are at issue in this case. Accordingly, on August 27, 2024, the appearing defendants filed a Motion (Dkt. No. 34) pursuant to Fed.R.Civ.P. 35 requesting that he be ordered to submit to a mental and physical examination by Dr. José A. Franceschini, a local psychiatrist. Mr. Goldman did not oppose the defendants' Motion, and on September 18, 2024, the Court granted it, ordering the plaintiff to "submit to a mental and physical examination" at Dr. Franceschini's office on October 21 and 23, 2024. Dkt. No. 45.

Two weeks after the Court granted defendants' Motion, on October 1, 2024, Plaintiff's counsel emailed the undersigned, unilaterally advising that his client "will not be able to travel to San Juan for the examination" ordered by the Court. Ten days later, on October 10, 2024, the Plaintiff filed a "Motion Requesting Relief" (Dkt. No. 47), wherein he asked the Court to set aside or modify its prior Order, alleging that he was unable to travel to Puerto Rico for the examination due to unspecified medical conditions. On October 16, 2024, the appearing defendants filed their Opposition (Dkt. No. 49), which

was subsequently joined by the co-defendants (Dkts. No. 50, 51). Despite the existence of the Court's Order at Dkt. No. 45, the Plaintiff did not appear for the mental and physical examination on October 20, 2024. See, "Informative Motion", Dkt. No 55.

On November 4, 2024, the Plaintiff filed a "Second Motion Requesting Relief from Court Order Regarding Physical and Mental Examination". In it, the Plaintiff reiterated his prior request to be relieved from the Court's Order at Dkt. No. 45. Subsequently, on November 12, 2024, and without requesting leave of Court, the Plaintiff filed two additional motions: (1) a "Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief (Dkt. No. 62); and (2) a "Motion under Seal in Support of Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Requesting Relief (Dkt. No. 63). The Plaintiff also filed additional Motions at Dkts. 66 and 68. In these motions, the Plaintiff repeated his claims that travel to Puerto Rico for the court-ordered examination would endanger his health but also added that he had important business interests to attend to in Vermont during the month of December which required his presence there. For all of these reasons, the Plaintiff sought an order from the court requiring the medical examination to be held in Vermont.

On November 15, 2024, the Court held a hearing to address the Plaintiff's claims. After extensive argument from the parties, the Court "determined that the medical examination will not be performed in Vermont" as requested by the plaintiff. See, Dkt. No. 69. The Court stayed the case for sixty (60) days to allow Mr. Goldman to deal with the pressing business matters involving the State of Vermont which he alleged prevented him from traveling. Upon expiration of this term, the matter would be referred to a Magistrate Judge for a Scheduling Conference, "including the deadline for Dr.

Franceschini to conduct the medical examination." Id. The Court reiterated this ruling at Docket Number 81.

On February 12, 2025, after the stay had expired, the undersigned wrote to the Plaintiff's counsel advising that "Dr. Franceschini is available to conduct the evaluation of Mr. Goldman on either March 27 and 31, 2025, or April 3 and 4, 2025." "The evaluation will take place at Dr. Franceschini's office at 10 AM." "Please advise ASAP which dates work best for him." See, Dkt. 92, Exhibit 1.

In response, rather than agree to any of the proposed dates, the Plaintiff's counsel emailed the undersigned, attaching a letter from Dr. James Stone. Dr. Stone's letter discusses Mr. Goldman's medical history and states that Mr. Goldman "experiences intense Agoraphobia and frequent panic attacks especially in crowded settings making it nearly impossible for him to leave his home without significant emotional and physical distress." See, Dkt. No. 92, Exhibits 2 and 3. According to Dr. Stone, Mr. Goldman reports "avoiding public transportation, airplanes, buses, churches, temples, restaurants, and all public gathering places since the onset of the pandemic." Id. On this basis, Dr. Stone "recommend[s] that all legal proceedings occur in Vermont." Id.

Anticipating the Plaintiff's continued resistance to the Court-ordered examination, the appearing defendants filed a Motion to Compel (Dkt. No. 92). As expected, the Plaintiff filed a Response in Opposition (Dkt. No. 96), once again claiming an inability to travel and attaching several medical records and certifications from Dr. Stone and Dr. Benjamin Finn.

In a further attempt to derail the Court's clear and unambiguous order to travel to Puerto Rico for the medical examination, on March 11, 2025, the Plaintiff filed a Motion

to Change Venue to the District of Vermont (Dkt. No. 102). In it, he argued frivolously that venue was proper in Vermont, despite the fact that this case involves a property located in Puerto Rico and that all of the relevant events took place on the island. The Plaintiff once again attached his medical certifications and included a lengthy list of witnesses located in Vermont, including the Governor, the Montpelier City Manager, the Town and Zoning Administrator, a State Tax Collector, an Assistant Attorney General, several State Inspectors, and an Assistant State Fire Marshall, among others, which he claimed were essential to prosecute his case. The appearing defendants filed a Memorandum in Opposition to Plaintiff's Motion for Change of Venue (Dkt. No. 108), pointing out that under 28 U.S.C. Sec. 1404(a), the Plaintiff's case could not be transferred to Vermont because it could not have been brought there in the first place, as it involves litigation against a Puerto Rico law firm for legal services rendered in Puerto Rico with respect to a parcel of real property located in Puerto Rico, and the defendants have had no contacts with Vermont that would allow a court in that state to exercise *in personam* jurisdiction over them.

On April 30, 2025, Magistrate Judge Marshall D. Morgan issued an Order granting the defendants' Motion to Compel. See Dkt. No. 130. The Magistrate Judge noted that Presiding Judge Carreño Coll had "not once but twice" previously ordered Mr. Goldman to appear in Puerto Rico for the physical and mental examination, and that the Plaintiff "appears to be seeking to revisit and relitigate matters that have already been conclusively adjudicated by prior Orders of this Court." Dkt. No. 130 at p. 4. The Magistrate Judge considered the Plaintiff's "range of alleged medical conditions that purportedly prevent his travel from Vermont to Puerto Rico" but found that these did "not relieve him of his

obligation to comply with the Court's Orders or to prosecute this case in the forum he chose." Id. "Rather than cooperating with the scheduling of the Court-Ordered examination by Dr. Franceschini, plaintiff – through counsel – has instead renewed his request that all legal proceedings be conducted in Vermont", all in "direct contravention of the Court's previous determinations." Id. The Magistrate Judge found that the Plaintiff had "obstruct[ed] these proceedings by invoking medical limitations" while simultaneously refusing to comply with Court orders. Id. at p. 5. He found that "the Plaintiff's continued refusal to comply with prior Orders is unjustified and without legal basis", and that his "repeated efforts to circumvent these rulings is improper." Id. Accordingly, Magistrate Judge Morgan ordered the Plaintiff to appear for the Court-Ordered mental and physical examination during the month of May, 2025, on a date and time to be coordinated by the parties, but no later than May 30, 2025. Id. at p. 6. "Plaintiff's failure to comply with this Order may result in the imposition of sanctions, including but not limited to dismissal of this action pursuant to Federal Rules of Civil Procedure 16(f), 37(b) and 41(b)." Id.

After the undersigned's attempts to coordinate the mental and physical examination with plaintiff's counsel went unanswered, see, Exhibit 1, on May 5, 2025, the appearing defendants noticed it for May 21st and 23rd, 2025. See, Dkt. 132. In response, on May 7, 2025, the plaintiff filed a "Motion to Set Aside Magistrate Judge's Order" (Dkt. No. 133). Rather than comply with the Court's Order, the Plaintiff once again continued his past attempts to relitigate the matter, despite Judge Carreño's unambiguous directive and the Magistrate Judge's specific admonishment that failure to comply might result in sanctions, including dismissal. The Plaintiff's latest motion recycled his claims of medical hardship

but also claimed that his personal attendance at an important public hearing prevented him from traveling to Puerto Rico for the scheduled examination on May 21st. The Plaintiff asked the Court to (1) set aside or modify the Magistrate Judge Order to allow the Fed.R.Civ.P.35 examination to be performed via zoom; (2) defer the enforcement of the Order pending resolution of Plaintiff's Motion to Change Venue, Motion for Leave to Amend, and outstanding discovery motions against Defendants; (3) alternatively, extend the available time until July 31st, and (4) schedule a limited evidentiary hearing to allow presentation of further medical evidence.

On May 12, 2025, the appearing defendants filed their Response to Plaintiff's motions to set aside the Magistrate Judge's Order (Dkt. No. 136). Predictably, the Plaintiff failed to appear at the offices of Dr. José A. Franceschini on May 21st, 2025, for the Rule 35 examination.

### III.     Argument:

In this case, the Plaintiff was originally ordered to come to Puerto Rico for a mental and physical examination nearly *nine months ago*, on September 18, 2024. Since then, he has repeatedly resisted the Court's directives, filing motion after motion and failing to abide by the Court's clear and unambiguous orders. Despite Judge Carreño's pointed admonishment in November of 2024 that the examination would "not be conducted in Vermont", the Plaintiff has stubbornly continued to argue, deflect, and defy the Court, causing prejudice to the defendants and unjustifiably delaying these proceedings. As the Magistrate Judge specifically found, the Plaintiff has repeatedly "obstruct[ed] these proceedings by invoking medical limitations" while simultaneously refusing to comply with Court orders. Dkt. No. 130. at p. 5. The Magistrate Judge

determined that "[t]he plaintiff's continued refusal to comply with prior Orders is unjustified and without legal basis", and that his "repeated efforts to circumvent these rulings is improper." Id. Given this pattern of conduct, on April 30, 2025, the Plaintiff was ordered to comply or face sanctions, including dismissal of his complaint.

In response, rather than comply, the Plaintiff once again has engaged in the type of gamesmanship that led to this latest Court Order in the first place. Once again, he unilaterally failed to appear and flouted the Court's Order by filing yet another motion reiterating his now thrice rejected claims of medical hardship, insisting that the examination be conducted remotely via Zoom. The pattern repeats itself, and the Plaintiff continues to try to circumvent the Court's clear and unambiguous directives, improperly and without legal basis.[1]

The Plaintiff's continued defiance of the Court's authority undermines respect for the law and the orderly administration of justice. The Court should dismiss the complaint pursuant its inherent authority and Federal Rules of Civil Procedure 16(f), 37(b)(2)(A) and 41(b).

---

[1] The Plaintiff's gamesmanship is not limited to repeatedly disregarding the Court's orders and insisting *ad nauseam* on his questionable claims of hardship. He has also based his resistance on a frivolous request for a change of venue, which he should know is not available in this case. As the Magistrate stated in his Order, "[t]he Court understands, without deciding, that defendants have no meaningful contacts with Vermont that would subject them to personal jurisdiction there, nor would venue be proper in that district under 28 U.S.C. Sec. 1391(a)." Dkt. No. 130 at p. 4. The Plaintiff filed this motion for change of venue without any legitimate basis to do so, in a further attempt to obfuscate the issues, circumvent the Court's rulings and delay proceedings in this case. In it, he not only disregarded the letter of the law, but also dubiously claimed that numerous "necessary witnesses" were domiciled in Vermont, including the State Governor, the Montpelier City Manager, the Town and Zoning Administrator, a State Tax Collector, an Assistant Attorney General, several State Inspectors, and an Assistant State Fire Marshall. The Plaintiff's hyperinflated list of "necessary witnesses domiciled in Vermont" -- most of which, if not all, know nothing about this case -- underscores the chicanery that permeates his lawsuit and the extraordinary lengths to which the Plaintiff is willing to go in his misguided attempt to litigate his case from afar and avoid personally appearing in his chosen forum.

The Court has inherent authority to dismiss this case for the plaintiff's failure to comply with its orders.  See, Link v. Wabash R.Co., 370 U.S. 626, 629-30 (1962).  Rule 37(b)(2)(C) specifically provides for dismissal if a party fails to comply with an order to provide discovery, while Rule 41(b) is a more general grant of authority, allowing dismissal for the failure to comply with any order of the court.  See, Angulo Alvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir. 1999).

A Court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions.  See, e.g. Top Entertainment, Inc., v. Ortega, 285 F.3d 115, 119 (1st Cir. 2002).  "There is nothing in [Rule 37(b)(2)] that states or suggests that the sanction of dismissal can be used only after all the other sanctions have been considered or tried."  National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642-43 (1976).  "The law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 1990) (internal quotation marks and citation omitted); see also, Farm Construction Services v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987); Damiani v. Rhode Island Hospital, 704 F.2d 12, 15-16 (1st Cir. 1983); Asociacion de Empleados v. Rodriguez Morales, 538 F.2d 915, 917 (1st Cir. 1976).

Here, after being twice ordered to comply with the Court's directive, the Magistrate Judge specifically placed the plaintiff on notice of the possibility of dismissal for failure to comply, yet the plaintiff nevertheless chose to once again defy the Court and continue his campaign to relitigate what had already been thrice decided.  As a general

matter, dismissal is an appropriate sanction for discovery violations where, as here, the district court has previously warned that dismissal was a possible sanction and plaintiff's noncompliance was not a "single isolated mishap." HMG Prop. Investors Inc. v. Parque Industrial Rio Cañas, 847 F.2d 908, 918 (1st Cir. 1988). Where, as here, a party repeatedly fails to comply with the Court's directives, dismissal of the action under Fed.R.Civ.P. 41(b) is warranted, particularly when less drastic sanctions would be ineffective. See, Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); National Hockey League v. Metropolitan Hockey Club, supra at 642-43, (noting that dismissal is appropriate to deter parties from ignoring court orders and to preserve the integrity of judicial proceedings). "[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and thus warrants dismissal)." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); see also, Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).

As the Magistrate Judge correctly determined, the record in this case shows that the Plaintiff has engaged in a pattern of resistance and disobedience over the past nine (9) months which is "improper", "unjustified and without legal basis". For the third time, he was ordered to appear for the scheduled mental and physical examination, on this occasion on pain of sanctions, including dismissal. Rather than comply, he has filed yet another motion defying the Court's clear directives. Unless the Court now acts decisively, the Plaintiff will undoubtedly continue to intentionally disregard court orders and "substitute his own judgment for that of the court". Farm Construction, 831 F.2d at 21. Given the Plaintiff's repeatedly obstinate conduct, dismissal is the only appropriate sanction.

Courts cannot function if litigants may, with impunity, disobey lawful orders.  In National Hockey League, supra, the Supreme Court explained that sanctions for discovery violations have a dual purpose: they serve not only to punish the offender but also to deter others from similar misconduct.  427 U.S. at 642-43.  The sanction requested here achieves both ends.  It is reasonably commensurate to the infraction, and its imposition sends a clear signal to others that court orders must be obeyed.  Id. at 643 (suggesting that dismissal as a sanction may prevent other litigants from "feel[ing] freer than we think they should feel to flout other discovery orders of other district courts").

WHEREFORE, pursuant to Fed.R.Civ.P. 16(f), 37(b) and 41(b), it is respectfully requested that the Honorable Court dismiss the captioned case, with prejudice, and with the imposition of costs, attorneys' fees and any other relief it deems proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 29th day of May, 2025.

**I HEREBY CERTIFY** that on this 29th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
USDC-PR No.: 204706
Attorney for Defendants
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail:  sanjuanm@microjuris.com