```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| ALAN GOLDMAN, | * CIVIL NO.: 24cv01136 |
| Plaintiff | * |
| v. | * |
| McCONNELL VALDÉS, LLC; | * |
| ANTONIO A. ARIAS-LARCADA, his wife | * |
| MARIA BEALE, and the Conjugal | * |
| JOHN DOE; MARY DOE | * |
| SOMPO INTERNATIONAL INSURANCE | * |
| COMPANY; ENDURANCE AMERICAN | * |
| SPECIALTY INSURANCE COMPANY; | * |
| AIG INTERNATIONAL COMPANY-PUERTO RICO | * |
| Defendants | * |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' INFORMATIVE MOTION**
**[DOCUMENT NUMBER 138]**

TO THE HONORABLE COURT:

COMES NOW Plaintiff Alan Goldman, through undersigned counsel, and respectfully submits his response to Defendants, Antonio Arias Larcada, Maria Beale and McConnell Valdés, LLC's "Informative Motion" and respectfully states as follows:

1. Plaintiff, Goldman is aware of the Honorable Magistrate Judge's Order of April 30, 2025, [Document Number 130], that ordered him to appear for a physical and mental examination by Dr. José A. Franceschini not later than May 31, 2025.

2. Plaintiff, Goldman was unable to attend the Rule 35 examination scheduled for May 21, 2025, and the deposition

scheduled for May 23, 2025, due to his medical constraints. Specifically, on May 21, 2025, Plaintiff, Goldman had to undergo a colonoscopy and that examination limited his ability to travel to Puerto Rico on the dates unilaterally decided by Defendants and their medical expert witness. Please see: **Exhibit 1**.

3. On May 7 and May 9, 2025, Plaintiff's Motion to Set Aside the Magistrate Judge's Order and an Amended Motion were filed, and in said motions, Plaintiff, Goldman was requesting from this Court to grant him the following relief:
    a. Deferral of the physical and mental examination pending resolution of Plaintiff's Motion to Change Venue, and of Plaintiff's Motion for Leave to Amend the Complaint, and an Order directing the Defendants to comply with their outstanding discovery.
    b. Modification of the court Order to allow the Rule 35 examination and deposition via Zoom.
    c. Alternatively, a limited evidentiary hearing to present further medical evidence.
4. The Court did not enter the Order denying Plaintiff's Motion for Change of Venue until May 30th, 2025. As of the date of this filing, the Court has not ruled on these other motions. Plaintiff, Goldman deferred compliance in good faith, awaiting the Court's rulings on these requests, since the

proposed modifications would facilitate compliance while addressing Plaintiff's constraints, or render the Defendants' request moot.

5. Plaintiff, Goldman respectfully renews his request to conduct the Rule 35 examination and deposition via Zoom, as this would accommodate his medical limitations while ensuring compliance with the Court's Order while preserving Plaintiff's substantive Constitutional rights.

6. Plaintiff, Goldman understands that travel is now necessitated by virtue of the Court's ruling in Document Number 140, which was not entered until May 30th, 2025, denying Plaintiff's Motion for Change of Venue.

7. The mandated travel that Defendants have procured is to facilitate that their examiner, Dr. Franceschini, who has previously lauded the necessity and sufficiency of remote and telepsychiatry evaluations, be the medical expert they have chosen. Their insistence directly contradicts the principles of reasonableness and the "least restrictive means" standard under federal law, including the obligations codified in Federal Rule of Civil Procedure 26(b)(1) and Rule 35(a)(2). Dr. Franceschini's position imposes an undue and medically hazardous burden upon Mr. Goldman that appears to be motivated by procedural obstinacy rather than legitimate clinical necessity.

8. Therefore, again Plaintiff raises the possibility of remote examination as not to contradict medical advice.

9. In the alternative, Plaintiff, Goldman has previously provided alternative dates for his traveling to Puerto Rico, thereby allowing ample time to arrange logistical needs of long-distance travel of the medically fragile Plaintiff, who will be traveling in direct contravention of his doctors' advice.

10. Plaintiff, Goldman respectfully submits that any imposition of sanctions, particularly dismissal, would be disproportionate under Fed. R. Civ. P. 37(b)(2). Plaintiff, Goldman's non-compliance was not willful but due to extenuating circumstances.

11. Plaintiff, Goldman remains committed to complying with the Court's Order under modified terms and respectfully requests that any sanctions be limited to lesser measures, if deemed necessary.

12. Plaintiff, Goldman anticipates the necessity of a comprehensive protective Order to safeguard against the overbroad, invasive, and unduly burdensome proposed Rule 35 examination.

13. Accordingly, Plaintiff, Goldman intends to file a Motion for Protective Order, supported by a Memorandum of Law articulating the necessity of such relief. Plaintiff,

Goldman's position is that the proposed examination far exceeds the permissible scope and intent of Rule 35, appearing instead designed to oppress and harass an elderly plaintiff. The requested examination must therefore be strictly limited in scope and duration, consistent with the narrow purposes authorized under Rule 35.

14. To prevent further issues, <u>Plaintiff, Goldman proposes a court-supervised scheduling process</u> or the appointment of a liaison to coordinate with Defendants' counsel and Dr. Franceschini.

15. Plaintiff, Goldman's counsel is available to confer immediately to establish a new examination date.

16. The United States Supreme Court has cautioned that dismissal for non-compliance with a discovery order is appropriate only in cases of willful or bad-faith conduct. See *<u>Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers</u>, 357 U.S. 197, 212* (1958). Plaintiff, Goldman's non-compliance was neither willful nor in bad faith.

17. Plaintiff, Goldman has filed numerous motions regarding Defendants' non-compliance with the discovery schedule. Plaintiff, Goldman will seek the issuance of another Court Order to rectify the issue promptly.

WHEREFORE, Plaintiff, Alan Goldman respectfully requests from this Honorable Court, to:

1. Take note of Plaintiff, Goldman's explanations for his non-compliance.

2. Grant Plaintiff, Goldman's request to order that the Rule 35 examination and deposition be conducted via Zoom, or, in the alternative, appoint a special master or liaison to coordinate with the parties as to any reasonable scheduling accommodations.

3. Deny any severe sanctions, such as dismissal, and limit any sanctions to lesser measures, if deemed appropriate; and

4. Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 3rd day of June 2025.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of June 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314
PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com