IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
|    Plaintiff | * | |
| V | * | |
| McCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, ET AL | * | |
|    Defendants | * | |

PLAINTIFF'S MOTION IN COMPLIANCE WITH ORDER [DOCUMENT NUMBER 158]
AND RESPONSE IN OPPOSITION TO DEFENDANTS' INFORMATIVE MOTION
[DOCUMENT NUMBER 155]

TO THE HONORABLE COURT:

COMES NOW Plaintiff Alan Goldman, through his undersigned counsel, Francisco M. López Romo, Esq., and respectfully states and prays as follows:

1. On July 22nd, 2025, the Honorable Silvia L. Carreno-Coll entered an Order that reads as follows:

    "By COB on 7/24/2025, Mr. Alan Goldman shall show cause as to why, in view of the representations at Docket No. [155] regarding his lack of compliance, which precluded the completion of his mental and physical examination, the Court should refrain from dismissing this case, as it warned it would do, if his mental and physical examination was not completed by 7/11/2025, see Docket No. [148], pg. 3. Failure to comply with this Order will result in the dismissal of this case." [Docket No. 158]

2. In compliance with this Order, Plaintiff Goldmans respectfully informs as follows:

INTRODUCTION

3. Plaintiff Alan Goldman fully complied with this Court's Rule 35 order. He appeared in person on **June 26 and June 27, 2025**, and even extended his travel to remain

available through **Sunday, June 28, 2025**, offering **three full days of availability** for examination by the defense's designated expert, Dr. Franceschini.

4. Plaintiff answered all **legitimate medical questions** that were posed by Dr. Franceschini as defendants' expert medical witness, and Plaintiff engaged respectfully and cooperatively, and responded to inquiries concerning his emotional state and family history. However, Plaintiff exercised his legal right to refrain from answering **inappropriate questions seeking legal theories, disputed factual accounts, and deposition narrative testimony**.

## RULE 35 DOES NOT AUTHORIZE LEGAL INTERROGATION

5. The purpose of a Rule 35 examination is strictly medical—not adversarial. The **Federal Rules do not authorize deposition-like interrogation disguised as medical evaluation**.

6. As the Court in **Shirsat v. Mutual Pharm. Co.**, 169 F.R.D. 68, 70 (E.D. Pa. 1996) held: "The purpose of a Rule 35 exam is to assess the mental condition, not to interrogate the plaintiff on facts or legal issues."

7. Similarly, in **Favale v. Roman Catholic Diocese of Bridgeport**, 235 F.R.D. 553, 558 **(D. Conn. 2006)**, the court emphasized that examinations must be **proportional and medically focused** and cannot be used to elicit broad legal admissions.

8. The California Supreme Court in **Vinson v. Superior Court**, 43 Cal.3d 833, 846 (1987) reaffirmed that placing emotional distress at issue does not open the door to unlimited discovery or psychological invasion, noting: "Discovery of mental condition must be narrowly tailored and must not become a carte blanche exploration of a litigant's life."

9. In this case, Plaintiff avers that Dr. Franceschini asked questions such as:
    - "What outcome are you hoping for in court?"

- "Did your attorney advise you to sign the real estate contract?"

- "Were you tricked into selling the house?"

- "What did the defendant do that violated the law?"

- "Do you believe they intended to harm you?"

- "What policy or statute do you think they broke?"

- "What were the terms of the agreement?"

- "How was the price determined?"

- "Did my attorney advise me to close the deal?"

- "Was I seeking to recover my family property?"

10. These are classic **deposition questions**, not medically relevant inquiries, and their use during the Rule 35 examination constitutes **procedural abuse**.

### PLAINTIFF APPEARED AND PARTICIPATED IN GOOD FAITH

11. Plaintiff **traveled from the mainland to Puerto Rico**, coordinated with support staff, and cleared his calendar to allow for the full duration of the medical examination. He was available for **three (3) full days** (June 26–28, 2025) and even offered to return later the same day when the examiner ended the session prematurely.

12. The **failure of the defense expert to conduct a proper clinical evaluation** cannot be attributed to Plaintiff. No vitals were taken. No clinical assessments occurred. The so-called "examination" was conducted at a **boardroom-style table**, without any medical instruments or protocols. "No vital signs were taken…no medical history was elicited… the examination was entirely devoid of any clinical assessment." (Aff. ¶¶2–6)

## IMPROPER PARTICIPATION BY DEFENSE COUNSEL

13. Mr. Goldman's counsel was not present, but **defense counsel Manuel San Juan** engaged in **Spanish-language discussions** with Dr. Franceschini and **directed questions in English** to Mr. Goldman. Mr. San Juan spoke with the doctor in Spanish… then addressed Mr. Goldman directly… even threatened to drag Mr. Goldman back to Puerto Rico for depositions… (Aff. ¶¶13–16).

14. This may have created a fundamentally **coercive and prejudicial environment**, violating the spirit of Rule 35. As other courts have recognized, the **presence and involvement of one party's attorney during a purportedly neutral exam**, while the other party is unrepresented, **taints the neutrality of the process** and warrants judicial intervention. See *Gibson v. Walgreen Co.*, No. 3:18-CV-302, 2019 WL 3763760 (S.D. Ohio Aug. 9, 2019).

## THE RULE 35 EXAM WAS TRANSFORMED INTO A LEGAL AMBUSH

15. In its current state, the record reflects that Dr. Franceschini—rather than performing a psychiatric assessment—attempted to **extract legal testimony and admissions**, thereby abusing the purpose of Rule 35 and exceeding the scope of expert examination under **Federal Rule of Evidence 702** and **Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993)**.

16. This was not a clinical evaluation. It was a **factual and legal interrogation** without procedural safeguards. Courts consistently reject such practices:

    - In *Figueroa v. Simplicity Plan de Puerto Rico*, 267 F. Supp. 2d 161, 169–70 (D.P.R. 2003), this District struck psychiatric testimony that "assessed the plaintiff's credibility" and improperly relied on narrative discovery rather than medical methods.

- In **Daubert and Kumho Tire Co. v. Carmichael**, 526 U.S. 137 (1999), the Supreme Court emphasized that expert testimony must rest on reliable methodology—not speculative cross-examination of a layperson.

### NO SANCTIONS ARE WARRANTED AGAINST PLAINTIFF

17. In contrast to the willful disobedience seen in **Real v. LeCompte**, 828 F.2d 58, 61–62 (1st Cir. 1987), where dismissal was upheld due to repeated refusal to attend exams, here Mr. Goldman **attended, participated, and exceeded compliance**—only refusing to answer **inappropriate questions** that strayed into protected legal terrain.

18. Similarly, **Sein v. Santamaria-Torres**, No. 3:21-cv-01365 (D.P.R. 2024) stands for the proposition that **sanctions may issue for noncompliance**, but only when a plaintiff **wholly refuses or obstructs the examination**. That did not occur here. "Plaintiff answered all appropriate inquiries, but lawfully declined to provide privileged legal analysis, disputed facts, or deposition-style responses in the absence of counsel." (Aff. ¶¶33–39)

19. Plaintiff Alan Goldman brings to the attention of this Honorable Court that emails were sent to the defendants' lawyer, Mr. Manuel San Juan on July 1, 2, 10, 14, 2025, and the July 2nd, 2025's email was responded to on July 23, 2025. See, **Exhibits 1 through 9**. Plaintiff submits these email transmissions between counsels to corroborate Plaintiff's intentions of compliance, Plaintiff's willingness to complete the evaluation.

### REQUEST FOR REMEDIAL ACTION

20. Plaintiff respectfully places the Court on notice that any attempt by Defendants to submit a **report, opinion, or testimony** based on the improper fact-finding and legal

Motion in Compliance with Order
24cv01136

questioning will be met with a **motion to strike** and objection under **Daubert and Rule 702**.

21. Plaintiff further reserves the right to seek:

    - A **protective order** under Rule 26(c);
    - **Sanctions** under Rule 37;
    - Exclusion of **Dr. Franceschini as a testifying expert**;
    - Our petition that any future Rule 35 evaluation be:
    - Conducted by a **neutral physician**;
    - Subject to a **written protocol**;
    - And **video/audio recorded** to preserve evidentiary integrity.

**WHEREFORE**, Plaintiff Alan Goldman respectfully requests that this Honorable Court:

1) DENY Defendants' request for further relief or adverse findings; and

2) FIND that Plaintiff fully complied in good faith with the Rule 35 Order; and

3) EXCLUDE any opinion or report improperly derived from deposition-style questioning; and

4) ENTER such further protective relief as the Court deems necessary and just.

**I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.**

Dated: 7-24-2025
[Date]

Signature: _____
Alan Bram Goldman

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 24th day of July 2025.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of July 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314
Attorney for Plaintiff Alan Goldman

PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com