IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| Plaintiff | * | |
| V | * | |
| McCONNELL VALDES, LLC; ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| Defendants | * | |

EXHIBIT 2

EMAIL JULY 1, 2025-3:17PM

FRANCISCO M. LOPEZ ROMO, ESQ. TO MANUEL SAN JUAN, ESQ.



Francisco Lopez-Romo <lopezromo@gmail.com>

---

**COMPLETION OF EVALUATION BY DR. FRANCESCHINI**

---

**Francisco Lopez-Romo** <lopezromo@gmail.com>  Tue, Jul 1, 2025 at 3:17 PM
To: Manuel San Juan <sanjuanm@microjuris.com>
Cc: Margaret Karchmer <mkarchmer@wiley.law>, Luis Saldana <lsaldana@scvrlaw.com>, Xaymara Colón González <xcolon@scvrlaw.com>, "Francisco E. Colon" <FECOLON@colonramirez.com>
Bcc: lopezromo@gmail.com

Dear Mr. San Juan:

In reference to the allegations raised in the plaintiff's third amended complaint:

Paragraphs 1 through 9 contain no allegations that should be the matter of any medical expert's opinion.

Paragraph 10 refers to plaintiff's two mistakes: agreeing to sell his real estate well under the fair market value; and misunderstanding the term 'equitable remedies".

Paragraphs 11 through 18 contain no allegations that should be the matter of any medical expert's opinion.

Paragraph 19 refers to McConnell's and Arias' having convinced plaintiff that he had nothing to worry about, that the court would never order any specific performance.

Paragraph 21 alleges plaintiff being led to pay $195,893 while acting under wrong legal advise.

Paragraphs 22 and 23 are quotes of Arias' email transmissions.

Paragraphs 24 and 25 refer to plaintiff's payments to third parties.

Paragraph 26 quotes the judge's ruling in the previous case.

Paragraphs 27 through 29 contain no allegations that should be the matter of any medical expert's opinion.

Paragraph 30 refers to plaintiff's medical condition and possible mental decline. Your medical expert witness is not alleging that he could not perform this portion of said physical or mental examination. Dr. Franceschini's letter only addresses that plaintiff refused to "talk about the case damages or any other questions that I ask about the case… it is very important for my evaluation and opinion to receive from the plaintiff [sic] own version of the events that he claims caused his emotional damage." … "he should be able to answer my questions related to the emotional claims caused by the defendants."

At this time, let's keep in mind that the court has allowed discovery pertaining to "Mr. Goldman's mental and physical examination. Nothing more." See: Document Number 150.

Also, instead of continuing with an analysis of each allegation of the complaint, let me propose the following:

1. Please provide any legal precedents that will support your contention that a psychiatrist should be able to conduct an examination without the presence of the opposing party's lawyer;
2. Please provide any legal precedents that will support your contention that defendants are entitled to retain the services of their expert medical witness, with the purpose of conducting plaintiff's interview and render an expert opinion about the "alleged emotional damages" or "any other questions… related to the case"?

I would assume that actually is within the province of the jury to decide.

So, if our discussion is going to be effective, please try to educate me by showing that the law is in favor of your argument.

Cordially,

Francisco

Sent from my iPad

> On Jul 1, 2025, at 12:05 PM, Manuel San Juan <sanjuanm@microjuris.com> wrote:
>
>

[Quoted text hidden]