IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| | * | |
|   Plaintiff | * | |
| | * | |
| V | * | |
| | * | |
| McCONNELL VALDES, LLC; | * | |
| ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| | * | |
|   Defendants | * | |

EXHIBIT 3

EMAIL JULY 2, 2025-8:17AM

MANUEL SAN JUAN, ESQ. TO FRANCISCO M. LOPEZ ROMO, ESQ.


Francisco Lopez-Romo <lopezromo@gmail.com>

## COMPLETION OF EVALUATION BY DR. FRANCESCHINI

Manuel San Juan <sanjuanm@microjuris.com>                                    Wed, Jul 2, 2025 at 8:16 AM
To: Francisco Lopez-Romo <lopezromo@gmail.com>
Cc: Margaret Karchmer <mkarchmer@wiley.law>, Luis Saldana <lsaldana@scvrlaw.com>, Xaymara Colón González <xcolon@scvrlaw.com>, "Francisco E. Colon" <FECOLON@colonramirez.com>

Dear brother counsel López Romo:

Let me answer your last question first: Rule 35 of the Federal Rules of Civil Procedure provides the legal authority for defendants to retain an expert medical witness to examine the plaintiff and render an opinion about his alleged emotional damages. The Rule states that "[t]he court where the action is pending may order a party whose mental or physical condition...is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Because your client's complaint places his mental and physical condition in controversy -- both in October of 2020 when he agreed to sell his property, and as of the date of filing when he claims to have suffered emotional damages as a result of my clients' conduct -- the Court ordered a Rule 35 examination at our request. The Rule further provides for the preparation of an Examiner's Report, which "must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Your client is entitled to a copy; however, "by requesting and obtaining the examiner's report, or by deposing the examiner", your client "waives any privilege [he] may have—in that action or any other action involving the same controversy—concerning testimony about all examinations of the same condition."

As to your second question, federal caselaw generally holds that attorneys "are not allowed to attend a Rule 35 examination without a showing of special circumstances requiring their presence." Rance v. Jefferson VII Condo no. 5, 2019 U.S. Dist LEXIS 238432, 2019 WL 12373336 at *12,; Tirado v. Erosa, 158 F.R.D. 294, 295 (S.D.N.Y. 1994 ); Di Bari v. Armadora, 126 F.R.D. 12, 14 (E.D.N.Y. 1989). "The presence of an attorney at the examination frustrates its purpose by impairing its effectiveness and rendering it adversarial." Id.; see also, Hirschheimer v. Assoc. Metals & Minerals Corp., 1995 U.S. Dist LEXIS 18378, 1995 WL 736901 at *3. Moreover, "an attorney who is present at an examination becomes a potential witness in the client's trial, raising conflict of interest problems." Id. at *13.

I trust the above satisfies your request for legal authority, but I am happy to discuss it further if you wish. As you know from my Informative Motion, I will be out of the jurisdiction until July 12th. We can discuss next steps upon my return.

[Quoted text hidden]
[Quoted text hidden]