IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| Plaintiff | * | |
| V | * | |
| McCONNELL VALDES, LLC; ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| Defendants | * | |

EXHIBIT 4

EMAIL JULY 2, 2025-10:51AM

FRANCISCO M. LOPEZ ROMO, ESQ. TO MANUEL SAN JUAN, ESQ.



Francisco Lopez-Romo <lopezromo@gmail.com>

# Goldman v McConnell, et al / 24cv01136 / Unauthorized Expansion of Psychiatric Evaluation...

**Francisco M. Lopez-Romo** <lopezromo@gmail.com>　　　　　　　　　　　　Wed, Jul 2, 2025 at 10:51 AM
To: Manuel San Juan <sanjuanm@microjuris.com>, "Francisco E. Colon" <FECOLON@colonramirez.com>, Xaymara Colón González <xcolon@scvrlaw.com>, Luis Saldana <lsaldana@scvrlaw.com>, Margaret Karchmer <mkarchmer@wiley.law>
Cc: Francisco Lopez-Romo <lopezromo@gmail.com>, Irmarilis Torres-Falcon <irmarilis1869@gmail.com>

> RE: Unauthorized Expansion of Psychiatric Evaluation Beyond Scope of FRCP 35 – Goldman v. McConnell Valdés, LLC, et al.
>
> I write to express grave concern regarding the conduct of the defense-retained psychiatric examiner during the recent Rule 35 evaluation of our client, Mr. Goldman. As you are aware, psychiatric evaluations in the context of civil litigation—particularly where a plaintiff asserts claims for emotional distress—are narrowly circumscribed by Rule 35 of the Federal Rules of Civil Procedure and bound by longstanding jurisprudential limits on the scope and purpose of such exams.
>
> We must begin with the fundamental premise: **a Rule 35 examination is not a deposition, nor is it a discovery device for defense counsel to conduct fact-finding under the guise of medical diagnosis.** Rather, it is strictly limited to medical inquiry relevant to the emotional distress allegedly suffered by the plaintiff. When a psychiatrist begins to probe the *legal theory of the case*, elicit *factual assertions about liability*, or inquire into *causation from a legal standpoint*, the examination crosses the threshold from legitimate medical evaluation into a legally impermissible fishing expedition.
>
> I. Rule 35 and the Prohibition Against Fact Discovery Under the Guise of Medical Inquiry
>
> As held in **Shirsat v. Mutual Pharm. Co.**, 169 F.R.D. 68 (E.D. Pa. 1996), "[t]he purpose of a Rule 35 exam is to assess the mental condition, not to interrogate the plaintiff on facts or legal issues." Courts routinely emphasize that such evaluations must not devolve into "interrogation or cross-examination" but must remain confined to the examiner's **legitimate diagnostic role.**
>
> Similarly, **Favale v. Roman Catholic Diocese of Bridgeport**, 235 F.R.D. 553 (D. Conn. 2006), reinforces that discovery into a plaintiff's mental state must be **proportional** and **specifically tailored** to the claims raised, and not a proxy for general discovery or legal exploration. **Vinson v. Superior Court**, 43 Cal.3d 833 (1987), a leading authority, provides further guidance: even when emotional distress is placed at issue, the law does not give blanket license to pry into every corner of a litigant's psyche or personal history under the banner of relevance.
>
> II. Prohibited Conduct by the Examining Psychiatrist
>
> In the instant matter, it is clear the defense examiner failed to operate within these boundaries. Mr. Goldman presented himself in good faith for a two-day examination, only to discover that the physician— who had full control over the exam schedule—chose to truncate meaningful medical inquiry. The examiner instead delayed relevant clinical questioning and then attempted, during the final thirty minutes of the second day, to solicit Mr. Goldman's views on **factual, legal, and liability-related matters** wholly outside the examiner's proper scope.
>
> It is <u>legally indefensible to force a layperson to articulate legal theories</u> or describe the factual underpinnings of the complaint when they are not counsel, particularly in a setting where plaintiff's attorney is **excluded** but defense counsel remains an active participant.
>
> To be clear, the following line of inquiry is **categorically improper:**
>
> - "What did the defendant do that violated the law?"

- "Do you believe they intended to harm you?"
- "What policy or statute do you think they broke?"

Such questions are appropriate for a deposition—not for a clinical evaluation. The Court's permission for a Rule 35 exam does **not grant carte blanche** to the examiner or defense counsel to conduct a covert second deposition under the guise of medical diagnostics.

### III. Unequal Representation During the Exam

Additionally, we must highlight the *asymmetry of representation* in the exam. While plaintiff's counsel was excluded, the defense attorney remained available virtually and engaged in foreign language communication with the medical evaluator in the presence of our client—**engaging in communication with the examiner and influencing the structure and tone of the exam**. This is procedurally objectionable and **inherently coercive**, raising serious due process (constitutional) and ethical concerns. The examiner is not a neutral third party when one side retains direct influence over the process while the other is gagged and excluded.

### IV. Demand for Remedial Action

We hereby formally object to the misuse of the Rule 35 evaluation process and place you on notice that:

1. Any attempt to submit testimony, reports, or affidavits based on the examiner's fact-finding or legal questioning will be **opposed via motion to strike** and excluded as outside the proper scope of expert testimony under **Daubert/Kumho Tire standards**.

2. We reserve the right to seek a **protective order** and **sanctions** under Rule 26(c) and Rule 37 to deter any future abuse of this process.

3. Any further evaluations will require **a strict protocol**, **a neutral examiner**, and <u>video/audio recording to ensure fairness and evidentiary integrity</u>.

We remain willing to confer on a revised protocol that complies with applicable precedent and the narrow purpose of medical evaluation under Rule 35. However, we cannot and will not permit these evaluations to be weaponized as de facto depositions, nor allow Mr. Goldman to be badgered into articulating legal positions in the absence of counsel.

s/Francisco M. López-Romo, P.A.
P.O. Box 331823
Coconut Grove, FL 33233
Cellular: 305-772-5577
E-Mail: lopezromo@gmail.com