IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALAN GOLDMAN | * | CIVIL NO.: 24CV01136 |
| Plaintiff | * | |
| V | * | |
| McCONNELL VALDES, LLC; ANTONIO A. ARIAS-LARCADA, ET AL | * | |
| Defendants | * | |

EXHIBIT 9

EMAIL JULY 23, 2025-3:32PM

MANUEL SAN JUAN, ESQ. TO FRANCISCO M. LOPEZ ROMO, ESQ.



Francisco Lopez-Romo <lopezromo@gmail.com>

## Goldman v McConnell, et al / 24cv01136 / Unauthorized Expansion of Psychiatric Evaluation...

Manuel San Juan <sanjuanm@microjuris.com>  Wed, Jul 23, 2025 at 3:32 PM
To: "Francisco M. Lopez-Romo" <lopezromo@gmail.com>, Luis Saldana <lsaldana@scvrlaw.com>, Xaymara Colón González <xcolon@scvrlaw.com>, "Francisco E. Colon" <FECOLON@colonramirez.com>, "Karchmer, Margaret" <mkarchmer@wiley.law>

Dear brother counsel López Romo:

After speaking with Dr. Franceschini this afternoon, I'm afraid there is a serious discrepancy between what your client says happened during the evaluation and what the doctor says occurred. According to Dr. Franceschini, when your client was asked, as part of a standard evaluation checklist, what exactly was his complaint of emotional and mental damages, he advised the evaluator that he was told by his attorney not to discuss the case and refused to answer. Dr. Franceschini called me and advised me of the situation, and when Mr. Goldman attempted to engage me on the phone I stopped him and told him he needed to consult with his attorney. He apparently tried to do so using Dr. Franceschini's phone but was unable to reach you, whereupon Dr. Franceschini was forced to terminate the evaluation.

To be clear, Dr. Franceschini only asked this question, which your client refused to answer, allegedly on the advice of counsel. He did not, as your client claims, ask:

- "What did the defendant do that violated the law?"
- "Do you believe they intended to harm you?"
- "What policy or statute do you think they broke?"

Moreover, it is simply untrue for your client to claim that:

> While plaintiff's counsel was excluded, the defense attorney remained available virtually and engaged in foreign language communication with the medical evaluator in the presence of [y]our client—**engaging in communication with the examiner and influencing the structure and tone of the exam.** This is procedurally objectionable and **inherently coercive**, raising serious due process (constitutional) and ethical concerns. The examiner is not a neutral third party when one side retains direct influence over the process while the other is gagged and excluded.

As mentioned above, Dr. Franceschini merely called me to advise that your client was refusing to answer his question, and did not in any way exclude you from learning of or acting upon this situation. To the contrary, your client was advised to contact you immediately, which he was apparently unable to do, through no fault of Dr. Franceschini, who even lent your client his phone.

Furthermore, it is a gross distortion of events to suggest that I engaged in "foreign language communication" with the evaluator "influencing the structure and tone of the exam." All I did was listen to Dr. Franceschini advise me that your client was not cooperating, stop your client from engaging with me and tell him to contact you. And if Dr. Franceschini spoke briefly to me in Spanish, your client understood exactly what he said, as he is conversant in the language.

Your client's failure to cooperate during the evaluation and subsequent attempt to grossly distort what actually occurred raises serious concerns that Mr. Goldman will continue to refuse to cooperate and further distort the evaluation process. Accordingly, Dr. Franceschini understands that Mr. Goldman must return to Puerto Rico to complete the evaluation, and that it should be recorded by video, with the recording kept by the Court under seal, to be opened only in the event that another discrepancy arises.

Please let me know your client's availability so we can coordinate this as soon as possible.

Regards,

Manuel San Juan

[Quoted text hidden]