# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN,<br><br>    Plaintiff<br><br>    v.<br><br>MCCONNELL VALDES, LLC;<br>ANTONIO A. ARIAS-LARCADA, his wife<br>MRS. ARIAS, and the Conjugal Partnership<br>composed by them;<br>JOSE IRIZARRY-CASTRO;<br>JOHN DOE; MARY DOE<br>UNKNOWN INSURANCE COMPANY;<br><br>    Defendants | CIVIL NO.: 24cv01136(SCC) |

### RESPONSE IN OPPOSITION TO MOTION IN COMPLIANCE WITH ORDER TO SHOW CAUSE (DKT. NO. 159)

**TO THE HONORABLE COURT:**

**NOW APPEAR** co-defendants Antonio Arias Larcada, his wife Maria Beale, and the Conjugal Partnership constituted between them, and McConnell Valdés, LLC., through their undersigned counsel, and very respectfully state and pray as follows:

**I.    Introduction:**

Once again, plaintiff Alan Goldman continues to play games with the Court. After repeatedly defying the Court's orders requiring him to appear for a psychiatric evaluation, cluttering up the record with motion after motion and stubbornly insisting upon a non-existent right to prosecute this case from afar, and after finally appearing upon pain of dismissal, he unilaterally refused to answer legitimate, relevant questions during Dr.

Franceschini's examination, causing it to be suspended. Even worse, he now comes before the Court attempting to justify his uncooperative behavior, having concocted an excuse filled with falsehoods and distortions. The Plaintiff's brazen defiance of this Court's orders is well past the point where he must suffer consequences. The Court must dismiss his complaint for failure to prosecute, as a sanction for the Plaintiff's repeated disregard of the Court's directives, and to instill respect for its authority and the judicial process.

## II.     Background:

Plaintiff Alan Goldman is suing the appearing defendants, his former attorneys, for allegedly failing to competently defend him in a lawsuit filed against him by the buyer of a property he owned in Puerto Rico, which he refused to sell despite signing a purchase agreement. Because Mr. Goldman's Amended Complaint claims that his former lawyers failed to raise his alleged "cognitive impairment" as a defense to the suit, and because he claims that he suffered emotional damages as a result, both his physical and mental state are at issue in this case. Accordingly, on September 18, 2024, the Court ordered the Plaintiff to submit to an evaluation under Fed.R.Civ.P. 35. Dkt. No. 45.

Since then, the plaintiff has engaged in a prolonged and sustained campaign to avoid and/or delay the Court ordered examination by psychiatrist Dr. José A. Franceschini. The extensive record speaks for itself and need not be repeated here. Mr. Goldman has claimed that numerous physical and mental ailments prevent him from traveling to Puerto Rico and has unsuccessfully sought to prosecute his case from afar, even filing a frivolous motion for change of venue. After the defendants were forced to file a Motion to Compel, Magistrate Judge Marshall Morgan determined that the Plaintiff had "obstruct[ed] these proceedings by invoking medical limitations" while simultaneously refusing to comply

with Court orders, in a fashion that was "improper", "unjustified and without legal basis". Accordingly, the Magistrate Judge ordered the Plaintiff to appear for the Court-Ordered examination during the month of May, 2025, on a date and time to be coordinated by the parties, but no later than May 30, 2025. Despite once again defying the Magistrate's order, Mr. Goldman finally agreed to come to Puerto Rico for the examination on June 26 and 27, 2025, and did so. Although he initially provided the psychiatrist with his full personal and family history, on the second day he unilaterally derailed the evaluation by refusing to answer any question regarding his alleged emotional damages, purportedly on the advice of his counsel, who was unavailable to instruct his client, despite numerous attempts to reach him.

The Court was advised of the situation, and attempts were made to work out a solution without Court intervention, to no avail, as Mr. Goldman once again stubbornly insists on his position. See, Dkt. 159, Exhibits 2-10. The Court issued an Order to Show Cause why the case should not be dismissed, and Mr. Golman has now submitted his position, wherein he tries to excuse his lack of cooperation by distorting events and falsely claiming that Dr. Franceschini was overreaching during his examination. For the reasons set forth below, the appearing defendants respectfully submit the following response to the Plaintiff's "Motion in Compliance" at Dkt. No. 159.

**III.    Argument:**

**A. The Plaintiff's Motion in Compliance is replete with distortions and falsehoods:**

Mr. Goldman's "Motion in Compliance" attempts to justify his refusal to cooperate with Dr. Franceschini during the Court-ordered examination by painting

himself as the victim of an overreaching psychiatrist bent upon exceeding his proper role.

**Nothing could be further from the truth.**

As set forth in Dr. Franceschini's Statement under Penalty of Perjury, attached hereto as Exhibit 1, Mr. Goldman's skewed version of events is an utter fabrication. The truth is that, on the second day of the examination, Mr. Goldman simply refused to discuss his alleged emotional damages, claiming his lawyer had instructed him to do so. Dr. Franceschini describes the events as follows:

> "On June 27th...[u]pon conclusion of the history, I asked Mr. Goldman, as I normally do in any forensic psychiatric evaluation: "So, let's talk about the damages you claim in your case, what is your principal complaint?" This is a basic question, well-documented as a starting point in the medical literature on legal/forensic psychiatric evaluations, that I routinely ask every individual that I evaluate to assess his or her current emotional status. Mr. Goldman refused to answer this question, telling me that his lawyer had ordered him not to answer any question related to the case. I told Mr. Goldman that it was essential that he answer so that I could give my opinion regarding his claim for emotional damages. He told me that that was his answer and that he was not going to answer any questions related to the case and that those were his lawyer's instructions. I told him to call his lawyer to explain to him that it was part of my evaluation to ask this question in order to give my opinion about his claim for emotional damages."

Repeated attempts to contact Mr. Goldman's lawyer were unsuccessful. Dr. Franceschini then contacted the undersigned to explain the situation. "After telling [the undersigned] (in Spanish) that Mr. Goldman was refusing to answer questions, [Dr.Franceschini] passed the phone to Mr. Goldman and he told [the attorney] that his lawyer had advised him not to answer questions related to the case." "[W]e tried numerous times to contact Mr. López Romo, to no avail." Mr. Goldman even left him a message with another person, but he did not call back. "We waited a few more minutes, and receiving no response we decided to cancel the rest of the evaluation."

In his Declaration, Dr. Franceschini expresses a concern that Mr. Goldman is seeking to mislead the Court by distorting events:

> "I have read Mr. Godman's Declaration under Penalty of Perjury, and his Motion in Compliance with the Court's Order to Show Cause. Several falsehoods and distortions are included regarding the incident of June 27th. To begin with, I never asked Mr. Goldman any of the following questions which he claims I asked:
>
> a. "What were the terms of the agreement?" "How was the price determined?"
> b. "Were you seeking to recover the family property?"
> c. "Why did you sign the real estate agreement?"
> d. "Did your attorney advise you to close the deal"?
> e. "Were you tricked into selling the house?"
> f. "What outcome are you hoping for in Court?"
> g. "What did the defendant do that violated the law?"
> h. "Do you believe they intended to harm you?"
> i. "What policy or statute do you think they broke?"
>
> As mentioned above, I only asked Mr. Goldman one question ("What is your principal complaint?") before he invoked his attorney's instructions and refused to continue answering questions. It is frankly absurd to suggest that I continued to ask the numerous questions he refers to in his Declaration and Motion when he indicated firmly at the outset that he would not answer any questions related to the case."

Further, contrary to Mr. Goldman's claims, Dr. Franceschini asserts that Mr. Goldman well understood what the doctor said on the phone in Spanish to the undersigned, both from the context and from the fact that Mr. Goldman had previously told the psychiatrist that he understood Spanish, having spent his childhood in Puerto Rico. Mr. Goldman's attempt to somehow characterize this brief exchange as "coercive" is therefore a gross distortion of reality.

Dr. Franceschini also refutes Mr. Goldman's fabricated claim that the undersigned "used his presence…to strategize instruct and direct the flow of the examination". In fact, the examination had obviously ended by that point.

In sum, Mr. Goldman's description of events is false, distorted and calculated to give the impression that he was being victimized by Dr. Franceschini, who was merely attempting to do his job by asking the Plaintiff about his alleged emotional damages. The Court should not countenance this sort of gamesmanship.

**B. The Plaintiff's continued defiance of the rules is part of a pattern:**

Mr. Goldman's unilateral derailing of the psychiatric examination, via his refusal to answer Dr. Franceschini's legitimate inquiry as to his alleged emotional damages, is unfortunately part of patten of behavior dating back nearly a year. The Plaintiff was originally ordered to come to Puerto Rico for this examination on September 18, 2024. Since then, he has repeatedly resisted the Court's directives, filing motion after motion and failing to abide by the Court's clear and unambiguous orders. Despite Judge Carreño's pointed admonishment in November of 2024 that the examination would "not be conducted in Vermont", the Plaintiff has stubbornly continued to argue, deflect, and defy the Court, causing prejudice to the defendants and unjustifiably delaying these proceedings. As the Magistrate Judge specifically found, the Plaintiff has repeatedly "obstruct[ed] these proceedings by invoking medical limitations" while simultaneously refusing to comply with Court orders. Dkt. No. 130. at p. 5. The Magistrate Judge determined that "[t]he plaintiff's continued refusal to comply with prior Orders is unjustified and without legal basis", and that his "repeated efforts to circumvent these rulings is improper." Id. Now, Mr. Goldman once again has refused to play by rules by unilaterally eschewing answering the psychiatrist's legitimate questions about his emotional damages, thereby bringing the Court-ordered examination to a screeching halt.

The pattern of obstruction and defiance repeats itself, and the Plaintiff continues to derail, divert and delay these proceedings.

The Plaintiff's continued and unjustified resistance to the Court's authority undermines respect for the law and the orderly administration of justice. The Court should dismiss the complaint pursuant its inherent authority and Federal Rules of Civil Procedure 16(f), 37(b)(2)(A) and 41(b).

**C. Dismissal is the appropriate sanction:**

The Court has inherent authority to dismiss this case for the plaintiff's failure to comply with its orders. See, Link v. Wabash R.Co., 370 U.S. 626, 629-30 (1962). Rule 37(b)(2)(C) specifically provides for dismissal if a party fails to comply with an order to provide discovery, while Rule 41(b) is a more general grant of authority, allowing dismissal for the failure to comply with any order of the court. See, Angulo Alvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir. 1999).

A Court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions. See, e.g. Top Entertainment, Inc., v. Ortega, 285 F.3d 115, 119 (1st Cir. 2002). "There is nothing in [Rule 37(b)(2)] that states or suggests that the sanction of dismissal can be used only after all the other sanctions have been considered or tried." National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642-43 (1976). "The law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 1990) (internal quotation marks and

citation omitted); see also, Farm Construction Services v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987); Damiani v. Rhode Island Hospital, 704 F.2d 12, 15-16 (1st Cir. 1983); Asociacion de Empleados v. Rodriguez Morales, 538 F.2d 915, 917 (1st Cir. 1976).

As a general matter, dismissal is an appropriate sanction for discovery violations where, as here, the district court has previously warned that dismissal was a possible sanction and plaintiff's noncompliance was not a "single isolated mishap." HMG Prop. Investors Inc. v. Parque Industrial Rio Cañas, 847 F.2d 908, 918 (1st Cir. 1988). Where, as here, a party repeatedly fails to comply with the Court's directives, dismissal of the action under Fed.R.Civ.P. 41(b) is warranted, particularly when less drastic sanctions would be ineffective. See, Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); National Hockey League v. Metropolitan Hockey Club, supra at 642-43, (noting that dismissal is appropriate to deter parties from ignoring court orders and to preserve the integrity of judicial proceedings). "[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and thus warrants dismissal)." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); see also, Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).

As the Magistrate Judge correctly determined, the record in this case shows that the Plaintiff has engaged in a pattern of resistance and disobedience which is "improper", "unjustified and without legal basis". Now, he continues to act improperly and without a legal basis, "substitut[ing] his own judgment for that of the court". Farm Construction, 831 F.2d at 21. Given the Plaintiff's repeated pattern of obstinate conduct, dismissal is the only appropriate sanction.

WHEREFORE, pursuant to Fed.R.Civ.P. 16(f), 37(b) and 41(b), it is respectfully requested that the Honorable Court dismiss the captioned case, with prejudice, and with the imposition of costs, attorneys' fees and any other relief it deems proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 5th day of August, 2025.

**I HEREBY CERTIFY** that on this 5th day of August, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

S/MANUEL SAN JUAN
MANUEL SAN JUAN
USDC-PR No.: 204706
Attorney for Defendants
P.O. Box 9023587
San Juan, Puerto Rico 00902-3587
Tel.:(787)723-6637 / (787) 723-6669
E-mail: sanjuanm@microjuris.com