IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALAN GOLDMAN                          *      CIVIL NO.: 24CV01136
                                      *
    Plaintiff                         *
                                      *
V                                     *
                                      *
McCONNELL VALDES, LLC;                *
ANTONIO A. ARIAS-LARCADA, ET AL       *
                                      *
    Defendants                        *
_____ /

PLAINTIFF'S MOTION REQUESTING RESETTING
OF EVIDENTIARY HEARING

TO THE HONORABLE COURT:

COMES NOW Plaintiff Alan Goldman, through his undersigned
counsel, Francisco M. López Romo, Esq., and respectfully states
and prays as follows:

1. On September 9th, 2025, the Honorable Silvia L. Carreno-Coll

    entered the following Orders:

> "Order: Granting [167] Motion Requesting Order. The
> Motions Hearing set at Docket No. [166] is hereby
> VACATED. The same will be reset by separate order.
> Further, after careful examination of the motion at
> Docket No. [159] and Defendants' response at Docket
> No. [161], the Court finds that there are conflicting
> versions regarding what transpired during Plaintiff's
> physical and mental examination. Accordingly,
> because credibility determinations will have to be
> made to ascertain whether Plaintiff complied with the
> Court's order to show at Docket No. [158], the Motions
> Hearing is hereby converted to an evidentiary hearing.
> And while Plaintiff and Defendants are free to call
> any witnesses they deem necessary, the Court will
> require Plaintiff and Dr. Franceshini to physically
> attend the evidentiary hearing." [Document Number
> 169]

> "Order re [139] MOTION to dismiss as to Alan Goldman
> and [159] Motion in Compliance.  Evidentiary Hearing
> is set for 9/26/2025 at 1:30 PM in Hato Rey Courtroom
> 6 before Judge Silvia L. Carreno-Coll."  [Document
> Number 170]

2. Plaintiff, Goldman intends to present the testimony of Irmarilis Torres-Falcón as his witness during the evidentiary hearing. Unfortunately, she will not be present in Puerto Rico on said date, due to the reasons mentioned herein-below.

3. The testimony of this witness is relevant to establish certain facts surrounding the Court-ordered psychiatric and physical evaluation that was conducted on **June 26 and 27, 2025,** by Dr. Franceschini, in which the Plaintiff, Goldman was present in compliance with this Court's previous Order.

4. Plaintiff's witness, Irmarilis Torres-Falcón, had been retained to accompany Plaintiff, Goldman during said evaluation. While she was not present the actual evaluation, this witness shall provide key factual testimony regarding some of the events that took place during the two evaluation dates, as well as about the interactions that took place in her presence, by and between Dr. Franceschini as the medical examiner and Plaintiff, Goldman.

5. Said witness, Irmarilis Torres-Falcón has notified to Plaintiff, Goldman's undersigned counsel that she had **previously scheduled an overseas trip, from September 20, 2025, through September 27, 2025,** and would be unavailable to

testify at the evidentiary hearing that is currently scheduled to take place on September 26, 2025.

6. The documentary evidence showing this witness' previous travel plans are submitted in support of Plaintiff, Goldman's request for the resetting of the evidentiary hearing, are marked as ***Exhibit 1.***

7. The following proffer summarizes the witness, Irmarilis Torres-Falcón's testimony as follows:

> "On June 26, 2025, I picked up the plaintiff at 8:05 a.m. at the Vanderbilt Hotel in Condado and drove him to Dr. Franceschini's office at the Universidad Central del Caribe, Ramón Ruiz Arnau University Hospital, Laurel Avenue, Bayamón, Puerto Rico. We arrived at approximately 9:00 a.m. Dr. Franceschini's assistant received us and took us to a conference room to wait for the doctor.
>
> Dr. Franceschini arrived at 10:00 a.m. We introduced ourselves and, after a brief conversation, Dr. Franceschini asked me to step out of the conference room so that he could begin the physical and mental evaluation of the plaintiff. I remained in the hallway of the facilities near Dr. Franceschini's office and later met with his assistant in her office until the evaluation was completed.
>
> Once the evaluation concluded, Dr. Franceschini said goodbye and stated, 'See you tomorrow at 10:00 a.m.' Afterwards, on same date the plaintiff expressed to me that he was very satisfied with the evaluation that had taken place on said date. I then drove the plaintiff back to his hotel, finishing my duties at approximately 12:45 p.m.
>
> The following day, June 27, 2025, I picked up the plaintiff from the hotel in Condado at 9:00 a.m. and drove him to Dr. Franceschini's office, arriving at approximately 9:40 a.m. At 10:00 a.m., Dr. Franceschini arrived. I left the conference room and went to my car that was parked in the parking lot, to

handle some work-related matters while the evaluation was ongoing.

While in my car, I received a telephone call from Plaintiff's attorney Francisco M. López-Romo, asking me where I was, and he told me that the session had ended, that the plaintiff was looking for me and could not find me. I immediately returned to Dr. Franceschini's office. When I entered, I was able to observe that there was a separate office, located to the left of the assistant's desk, and the plaintiff and Dr. Franceschini were there.

When the plaintiff saw me, he asked me where I had been, saying that he had gone out looking for me and couldn't find me. I explained to him that I was waiting in the parking lot for his call once the session was over. The Plaintiff told me that he had looked for me multiple times in the parking lot but could not locate me, that a situation had come up with some questions, that he had called attorney López Romo and was unable to reach him, that he kept calling but got no answer. Plaintiff then said that he had eventually spoken with the attorney, but I do not recall to which attorney the Plaintiff was referring to, and that the situation had been resolved. At that moment, Dr. Franceschini told me that, in over 30 years of his practice, this was the first time that any patient had refused to answer his questions. I asked Dr. Franceschini whether everything had been clarified and if the evaluation could now continue. Dr. Franceschini responded to me that his time was over, that the session had been scheduled for two hours and that his time had expired. In my presence, the plaintiff stated to Dr. Franceschini that he was available to continue with the evaluation, but Dr. Franceschini said no, that the time had ended. I then told the plaintiff, 'Let's go, there's nothing else to do' and we left.

On the way back, the plaintiff seemed very concerned about the questions Dr. Franceschini had asked him about. Mr. Goldman said that he believed that he was not required to discuss the legal case with the doctor, but that Mr. Goldman had not been able to reach his attorney. On our return trip, we stopped at CPA Javier M. García Quintana's office, and I later

drove Mr. Goldman to his hotel at approximately 1:00 p.m."

8. Additionally, it is respectfully submitted that this witness shall also not be available from **November 6 through November 18, 2025**, due to other previously scheduled commitments. See, **Exhibit 2**.

9. For the reasons stated above, and to ensure that Plaintiff may present the testimony of this key witness, Plaintiff respectfully requests that the evidentiary hearing be **rescheduled to any date after September 27, 2025, but prior to November 6th, 2025, or any time after November 19, 2025.**

**WHEREFORE**, Plaintiff, Goldman respectfully requests from this Honorable Court to **GRANT** this motion and to reschedule the evidentiary hearing for a date that shall be convenient to the Court, on any date **after September 27, 2025, but prior to November 6, 2025**, or any time **after November 19, 2025**, as to allow for the live testimony of this witness.

RESPECTFULLY SUBMITTED.

In Miami, Florida, on the 16th day of September 2025.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 16th day of September 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the counsel of record.

*s/Francisco M. López-Romo*
FRANCISCO M. LOPEZ-ROMO
USDC-PR NO. 118314
Attorney for Plaintiff Alan Goldman

PO Box 331823
Coconut Grove, Florida 33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com