IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALAN GOLDMAN, <br><br> Plaintiff, <br><br> v. <br><br> MCCONNELL VALDÉS, LLC, ANTONIO A. ARIAS-LARCADA, MARIA BEALE, THE CONJUGAL PARTERNSHIP ARIAS-BEALE, SOMPO INTERNATIONAL, ENDURANCE AMERICAN SPECIALITY INSURANCE COMPANY AND AIG INSURANCE COMPANY PUERTO RICO, <br><br> Defendants. | CIV. NO. 24-1136 (SCC) |

**ORDER**

Defendants McConnell Valdés, LLC, Antonio A. Arias-Larcada, Maria Beale and the Conjugal Partnership Arias-Beale ("Defendants"), moved to dismiss the captioned case. Docket No. 139. Defendants' request to dismiss is grounded in Plaintiff Alan Goldman's ("Plaintiff") repeated failures to comply with directives issued by the Court for him to undergo a physical and mental examination. *Id.* Since that request was filed several developments have taken place. For starters, the request to dismiss was held in abeyance by the Court after Plaintiff represented that he was willing to make the trip to Puerto Rico to complete the examination. Docket No. 148. Further, in view of that representation, the Court afforded Plaintiff a final term, specifically, until July 11, 2025,

to undergo the examination and warned him that failure to do so, could result in the dismissal of his case. *Id.* at pgs. 2, 3.

On June 30, 2025, however, Defendants filed an Informative Motion stating that Plaintiff's physical and mental examination was not completed. Docket No. 155. The Court noted that Informative Motion, Docket No. 157, and ordered Plaintiff to show cause as to why his purported lack of compliance during the examination should not prompt the Court to dismiss this case as it warned it would do, Docket No. 158. Plaintiff then filed a Motion in Compliance, accompanied by several email exchanges between counsels and his version regarding what transpired during the examination. Docket Nos. 159, 168. Given the competing accounts, the Court scheduled an evidentiary hearing. Docket Nos. 169, 170.[1]

At the evidentiary hearing, both Dr. José A. Franceschini, the psychiatrist tasked with performing the mental and physical examination and Plaintiff, took the stand. Dr. Franceschini explained that the examination was divided in two parts. Docket No. 180, pgs. 5, 6. On the first day, Dr. Franceschini asked a myriad of questions that did not go into

---

[1] Initially, the hearing was scheduled as a motion hearing but was later converted to an evidentiary hearing. *See* Docket Nos. 162, 166, 169, 170.

the particulars of the case, instead, they focused on Plaintiff's medical history. *Id*. According to Dr. Franceschini, Plaintiff was fully cooperative on the first day. *Id.* at pg. 6. On the second day, however, things changed. Dr. Franceschini testified that, when he asked Plaintiff about his "chief complaint" about this case, Plaintiff refused to answer because his lawyer had advised him not to respond to questions pertaining to this case. *Id.* at pgs. 7, 8.

When Plaintiff took the stand, his testimony regarding what transpired on the first day of the examination tracked Dr. Franceschini's but deviated when questions were posed regarding what purportedly happened on the second day. *Id.* at pgs. 18—23.[2] Importantly, however, when Plaintiff was asked by counsel for Defendants if he agreed that his mental state was at issue in his case, Plaintiff agreed. *Id.* at pgs. 32, 33.

So, once again, the Court is at a crossroads because it is patently clear that Plaintiff's mental and physical examination is warranted in this case, but delays continue to be caused by the Plaintiff that preclude the examination from being completed.

---

[2] For example, Dr. Franceschini and Plaintiff's testimonies present conflicting accounts regarding whether the examination could have been continued for a later date and time.

Notwithstanding this latest delay, the Court finds that, because Plaintiff answered the questions posed on the first day of the examination and provided additional answers, under oath, during the evidentiary hearing that further flesh out the record, a final opportunity must be afforded for the examination to be completed.[3] Accordingly, the mental and physical examination must be completed by Dr. Franceschini on or before **January 12, 2026.**[4] Dr. Franceschini's expert report will be due by **January 20, 2026.** Should Plaintiff fail to attend and undergo the examination or in any way impede or protract it, this case **will be** dismissed. Defendants' motion to dismiss at Docket No. 139 is **DENIED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of November 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[3] As part of the materials the Court considered to render its decision today, the Court reviewed Irmarilis Torres Falcón's statement under penalty of perjury. *See* Docket No. 175-1.

[4] During the evidentiary hearing, counsel for Plaintiff volunteered the idea of videotaping the examination. Docket No. 180, pg. 65. The Court finds that this would benefit the parties involved. To that end, the examination **shall be** videotaped.