| | |
|---|---|
| ALAN GOLDMAN,<br><br>    Plaintiff<br><br>v.<br><br>MCCONNELL VALDES, LLC et al.,<br><br>    Defendants | Civil No.: 24-1136 (SCC) |

**SOMPO INTERNATIONAL INSURANCE COMPANY AND ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION REQUESTING ORDER TO COMPEL DISCOVERY COMPLIANCE**

TO THE HONORABLE COURT:

COME NOW defendants Sompo International Insurance Company and Endurance American Specialty Insurance Company (collectively, "Sompo"),[1] through their undersigned attorney, and, for the following reasons, respectfully respond to and oppose Plaintiff's Motion Requesting Order to Compel Discovery Compliance (the "Motion"), to the extent the Motion seeks relief as to Sompo.

## BACKGROUND

On April 3, 2025, Sompo filed its Motion for a Protective Order and to Stay Discovery as to Sompo (the "Sompo Stay Motion") (ECF No. 117), seeking to stay discovery as to Sompo because (1) Plaintiff's counsel expressly represented that he would not seek discovery from the insurers; and (2) Plaintiff's claims against Sompo, which issued an excess insurance policy to McConnell Valdes, LLC, are contingent upon a number of matters occurring and will be moot if

---

[1] Sompo International Insurance Company is not a legal entity; "Sompo International" was previously used as a trade name. The proper legal entity that issued the Sompo Excess Policy, as defined below, is Endurance American Specialty Company.

either a) Plaintiff does not prevail on his claims against the non-insurer defendants or b) Plaintiff prevails but obtains a judgment of less than $5 million plus the amount remaining on the $300,000 Deductible under the primary insurance policy issued to McConnell Valdes, LLC by co-defendant AIG Insurance Company ("AIG" and, together with Sompo, the "Insurers"). Accordingly, Sompo explained in the Sompo Stay Motion that it would be unduly burdened if it were required to incur the expense of responding to discovery requests at this stage of the litigation. *See id.*

On April 11, 2025, while the Sompo Stay Motion was pending, Sompo timely served Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Sompo Objections and Responses to Requests") and opposed Plaintiff's Motion Requesting the Issuance of an Order Ordering Defendants, Sompo International Insurance Company and Endurance American Specialty Insurance Company to Provide Their Answers to Plaintiff's Interrogatories and Request for Production (the "Original Motion to Compel"). *See* ECF No. 128 (the "Sompo Opposition to the Original Motion to Compel").

On June 4, 2025, the Court granted the request to stay discovery, ordering: "The only discovery that will be allowed will be Mr. Goldman's mental and physical examination. Nothing more. All other discovery is stayed. Once the mental examination is completed, the Court will determine next steps." ECF No. 149 (the "Stay Order").

The current Motion, which Plaintiff filed without meeting and conferring with Sompo as required by Local Rule 26(b), asserts that Plaintiff's mental and physical examination has occurred and, thus, the "basis for the stay no longer exists, and discovery should proceed." ECF No. 197, ¶¶ 6-9. Plaintiff argues that "Defendants' continued failure to respond to Plaintiff's properly served discovery requests constitutes a violation of their obligations under the Federal

Rules of Civil Procedure" and "Defendants must be compelled to provide full and complete responses to Plaintiff's outstanding interrogatories and requests for production." *Id.*, ¶¶ 9-11. Notwithstanding these broad references to "Defendants," Plaintiff appears to seek an order compelling discovery solely from Defendants Arias-Larcada, Beale, and McConnell Valdes, LLC. *See id.* Nonetheless, Sompo files this response to the extent that Plaintiff seeks relief as to Sompo in connection with Plaintiff's current Motion.

## ARGUMENT

**I.** **Plaintiff's motion should be denied and/or stricken for failure to meet and confer before filing.**

Local Rule 26(b) provides that "A judicial officer shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice." Plaintiff did not meet and confer with Sompo before filing the Motion, and the Motion thus does not contain the required certification. For this reason alone, the Motion should be denied and/or stricken.

**II.** **Sompo has complied with all discovery obligations to date by timely responding to the only discovery requests served on Sompo.**

To the extent Plaintiff's Motion suggests that Sompo has not complied with its discovery obligations, this is flatly wrong. As explained in the Sompo Opposition to the Original Motion to Compel, Sompo timely responded to the only discovery requests served on it and has already complied with its obligations. *See* ECF No. 128.

**III.** **A stay of discovery is still appropriate as to Sompo.**

Contrary to Plaintiff's assertion, the completion of the mental and physical examination of Mr. Goldman does not moot the legitimate bases to stay discovery as to Sompo. Indeed, as

explained in the Sompo Opposition to the Original Motion to Compel, the primary basis for the Sompo Motion to Stay was that Plaintiff's claims against Sompo are contingent on a number of matters that have yet to occur and which may never occur. *See* ECF. No. 128, p. 4. Specifically, as explained in detail in the Sompo Motion to Stay, discovery as to Sompo is premature because Plaintiff has not obtained *any* judgment against Sompo's insureds, much less one that exceeds the $5 million AIG Primary Policy and the amount remaining on the $300,000 Deductible, such that it could conceivably implicate Sompo's excess policy. *See* ECF No. 117, pp. 4-6. Therefore, there is good cause to maintain the stay of discovery as to Sompo, pursuant to this Court's broad discretion, because Sompo would be unduly burdened if it were required to incur the expense of responding to further discovery at this stage of the litigation.

WHEREFORE, codefendants Sompo International Insurance Company and Endurance American Specialty Insurance Company respectfully request that this Honorable Court (1) deny the Motion as to Sompo for failure to meet and confer and because Sompo has complied with all discovery obligations to date and (2) confirm that discovery as to Sompo remains stayed.

In San Juan, Puerto Rico, this 29th day of April, 2026.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 223-2364
Fax: (787) 425-4731

4