ALAN GOLDMAN,

Plaintiff,

v.

CIV. NO. 24-1136 (SCC)

MCCONNELL VALDÉS, LLC, ANTONIO A. ARIAS-LARCADA, MARIA BEALE, THE CONJUGAL PARTNERSHIP ARIAS-BEALE, SOMPO INTERNATIONAL, ENDURANCE AMERICAN SPECIALITY INSURANCE COMPANY AND AIG INSURANCE COMPANY PUERTO RICO,

Defendants.

**ORDER**

Pending before the Court is Plaintiff Alan Goldman's ("Mr. Goldman") motion to compel discovery. Docket No. 197. There, he argues that since the report concerning his mental and physical examination was submitted, the stay of discovery proceedings imposed by this Court is no longer in effect and Defendants should comply with their discovery obligations. *Id.* Oppositions to that motion were filed by Defendants Antonio Arias Larcada, his wife María Beale, and the Conjugal Partnership constituted between them and McConnell Valdés, LLC (collectively, "Defendant McV"), Docket No. 198 and Defendants Sompo International

Insurance Company and Endurance American Insurance Company (collectively, "Defendant Sompo"), Docket No. 199.

Defendant McV opposed Mr. Goldman's request on the ground that he failed to comply with Local Rule 26(b). Docket No. 198, pg. 1. That rule governs discovery disputes and instructs a moving party to certify that he "has made a reasonable and good faith effort to reach an agreement with opposing counsel on the matters set forth in the motion." *See* Local Rule 26(b). Defendant Sompo's opposition is also predicated upon Mr. Goldman's non-compliance with Local Rule 26(b). But unlike Defendant McV's motion, Defendant Sompo advanced additional grounds in support of its opposition. Specifically, it argued that it has complied with all its discovery obligations thus far and that notwithstanding the completion of Mr. Goldman's physical and mental examination, it should still benefit from the stay of discovery proceedings. Mr. Goldman has not replied and the time to do so has elapsed.

Based on a review of Mr. Goldman's motion at Docket No. 197, he has not complied with Local Rule 26's certification requirement. Accordingly, the Court will **DENY** the request to compel discovery. But as things stand, the Court must ensure this case moves forward. So, it will take

this opportunity to address several outstanding matters. For starters, while Mr. Goldman has represented that the report concerning his physical and mental examination was submitted, the record shows otherwise. On February 19, 2026, the Court reminded the parties that Dr. José A. Franceschini's report was due on February 27, 2026. Docket No. 194. Shortly thereafter, Defendant McV moved for an extension of time, until March 3, 2026, to submit the same. Docket No. 195. While that request was granted, Docket No. 196, the report was never filed. Therefore, the same must be submitted on or before **August 5, 2026**. Importantly, the report must be submitted using a selected parties viewing restriction.

Lastly, the Court understands this is a 2024 case that must move toward a resolution. To that end, a Status and Scheduling Conference will be set by separate order. During the same, the Court will address the stay of discovery proceedings and Dr. Franceschini's report. All Defendants, including Defendant Sompo, must attend the Status and Scheduling Conference.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of July 2026.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE